UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR,       )<br>      PLAINTIFF,           )<br>                                     )<br>VS.                                )<br>                                     )<br>DANSLAV SLAVENSKOJ,                               )<br>HARVARD EXTENSION SCHOOL/                     )<br>HARVARD UNIVERSITY, ROBERT                   )<br>H. NEUGEBOREN, MICHAEL                          )<br>SHINAGEL, HUNTINGTON                              )<br>LAMBERT, SHIRLEY R. GREENE,                    )<br>MARGARET C. ANDREWS, ASHLEY               )<br>R. POLLACK, PHILIP HARDING,                      )<br>KRISHAN ARORA, KEN VEDAA,                      )<br>JENNIFER WEBB, JOHN AND JANE                 )<br>DOE, AND AFFILIATED COMPANIES             )<br>OF EXTENSIONSTUDENT.COM,                     )<br>      DEFENDANTS.                                              ) | Docket No. 1:16-cv-10105-DJC |

## MOTION TO REMAND OF THE DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE (MISNAMED IN THE AMENDED COMPLAINT AS "HARVARD EXTENSION SCHOOL/HARVARD UNIVERSITY"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS

The Defendants President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (collectively, the "Harvard Defendants"), pursuant to 28 U.S.C. §§ 1334(c)(1), 1447(c), and 1452(b), move that the Court remand this Action to the Massachusetts Superior Court for Suffolk County.

In support, the Harvard Defendants state that Plaintiff cannot remove pursuant to 28 U.S.C. § 1441, as that section permits removal only by defendants, not by a plaintiff. Further, the Plaintiff's attempt to remove pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452, is

untimely as his Notice of Removal was not filed within ninety (90) days of the initiation of the Plaintiff's bankruptcy case. Even were removal timely, the Court should exercise its powers of equitable remand pursuant to 28 U.S.C. § 1452(b) and/or discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1), and remand this matter to the Massachusetts Superior Court.

In further support, the Harvard Defendants respectfully refer the Court to their supporting Memorandum of Law, filed herewith.

WHEREFORE, Defendants President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews respectfully request that this Honorable Court:

A. Find that removal was untimely, and remand this action to Massachusetts Superior Court for Suffolk County;

B. Equitably remand this action to the Massachusetts Superior Court pursuant to 28 U.S.C. § 1452(b);

C. Abstain from exercising jurisdiction over this matter pursuant to 28 U.S.C. § 1334(c)(1), and remand this action to the Massachusetts Superior Court; and

D. Grant such further relief as it deems just.

**Respectfully submitted,**

**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS,**

**By their Attorneys,**

**/s/ William P. Mekrut**
**John P. Coakley, BBO# 558685**
**William P. Mekrut, BBO# 654350**
**Stephen D. Coppolo, BBO#670342**
**MURPHY & RILEY, P.C.**
**101 Summer Street**
**Boston, MA  02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**wmekrut@murphyriley.com**
**scoppolo@murphyriley.com**

**DATED: February 19, 2016**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

Andre Bisasor, *pro se*
3000 Presidents Way #3413
Dedham, MA  02026

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

                                                           /s/ William P. Mekrut
                                                           William P. Mekrut, BBO# 654350

DATED:  February 19, 2016

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

      I, William P. Mekrut, Esq., certify that I attempted in good faith to obtain the assent or concurrence of all counsel of record and *pro se* parties to the relief requested in this motion. I e-mailed all counsel and *pro se* parties on February 18, 2016, and advised them of my clients' intent to move to remand, requested to know if they assented or would not oppose the motion, and advised that if they wished to discuss this matter, they should call me or my colleague Attorney Stephen Coppolo. Defendant Ken Vedaa (*pro se*) e-mailed me and advised that he assented to the request for remand. Defendant Danslav Slavenskoj (*pro se*) e-mailed me and indicated that he did not oppose the request for remand. Attorney Joseph Dever, counsel for Defendants Krishnan Arora and Ashley R. Pollack, conferred with my co-counsel Attorney Coppolo, and stated that he would not be able to take a position until reviewing the motion. Plaintiff Andre Bisasor (*pro se*) e-mailed me and indicated that he intended to oppose this motion, and we were unable to further discuss to narrow the issues prior to the filing of this motion.

                                                                        /s/ William P. Mekrut
                                                                        William P. Mekrut, BBO# 654350

DATED: February 19, 2016