# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR,  )  <br>    PLAINTIFF,  )  <br>  )  <br>VS.  )  <br>  )  <br>DANSLAV SLAVENSKOJ,  )  <br>HARVARD EXTENSION SCHOOL/  )  <br>HARVARD UNIVERSITY, ROBERT  )  <br>H. NEUGEBOREN, MICHAEL  )  <br>SHINAGEL, HUNTINGTON  )  <br>LAMBERT, SHIRLEY R. GREENE,  )  <br>MARGARET C. ANDREWS, ASHLEY  )  <br>R. POLLACK, PHILIP HARDING,  )  <br>KRISHAN ARORA, KEN VEDAA,  )  <br>JENNIFER WEBB, JOHN AND JANE  )  <br>DOE, AND AFFILIATED COMPANIES  )  <br>OF EXTENSIONSTUDENT.COM,  )  <br>    DEFENDANTS.  ) | Docket No. 1:16-cv-10105-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO REMAND OF THE DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE (MISNAMED IN THE AMENDED COMPLAINT AS "HARVARD EXTENSION SCHOOL/HARVARD UNIVERSITY"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS**

This matter should be remanded because the Notice of Removal was filed (1) beyond the permissible timeframe, and (2) for the purpose of forum shopping and delay, in a transparent effort to forestall the hearing on the Harvard Defendants' unopposed Motion to Dismiss. The Harvard Defendants[1] respectfully request that this matter be remanded back the Massachusetts Superior Court, Suffolk County, where it was commenced on November 18, 2014, pursuant to 28 U.S.C. § 1447(c).

---

[1] President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren ("Neugeboren"), Michael Shinagel ("Shinagel"), Huntington Lambert ("Lambert"), Shirley R. Greene ("Greene"), and Margaret C. Andrews ("Andrews") are collectively referred to herein as the "Harvard Defendants".

I.  **BACKGROUND**

   A.  **Plaintiff's Amended Complaint.**

Plaintiff commenced this action alleging a variety of state common law and statutory torts, as well as state and federal civil rights claims, on November 18, 2014, in the Superior Court of Massachusetts, Suffolk County, C.A. No. 2014-03606. **Exhibit A** (State Ct. Docket). Plaintiff sought and obtained three extensions to complete service of process. Id. Plaintiff filed an Amended Complaint on or around June 18, 2015 naming twelve defendants, including Harvard, former students of the Harvard Extension School ("HES"), and former and current faculty/administrators at HES. See **Exhibit B** (Am. Compl.). Plaintiff obtained service on the Harvard Defendants on or around June 19, 2015. **Exhibit A**. Plaintiff also sued unknown "John and Jane Doe" and "Affiliated Companies of ExtensionStudent.Com" as defendants.[2]

The Amended Complaint (**Exhibit B**) is a sprawling, sixty-two page, 366 paragraph (some with lengthy subsections), and seventeen count[3] tome. It begins with a single-spaced narrative "introduction" section over two pages in length. The Amended Complaint is needlessly verbose, prolix, and confusing, and its allegations are conclusory, non-specific, and argumentative. The Amended Complaint further contains sweeping, provocative diatribes that

---

[2] Plaintiff's Notice of Removal does not contain the names of all named Defendants in the State Court Action. The Complete roster of Defendants is as follows: President & Fellows of Harvard College (misnamed Harvard Extension School/Harvard University in the Amended Complaint), Danslav Slavenskoj, Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, Margaret C. Andrews, Ashley R. Pollack, Philip Harding, Krishan Arora, Ken Vedaa, Jennifer Webb, John and Jane Doe, and Affiliated Companies of ExtensionStudent.Com. See **Exhibit B** (caption of Amended Complaint).

[3] The seventeen counts, as they are titled in the Amended Complaint, are: Defamation (Count I);Discrimination, Harassment, Hostile Environment Based on Religion (Count II); Race Discrimination in Violation of Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1982) and Title VII (Count III); Violation of 20 U.S.C. § 1681 (Title IX) (Count IV); Retaliation (Count V); Breach of Implied Contract (Count IX) [sic]; Breach of Implied Covenant of Good Faith and Fair Dealing (Count VII); Violation of Massachusetts General Laws Chapter 93A Unfair and Deceptive Practices (Count VIII); Unjust Enrichment (Count IX); Violation of Massachusetts Civil Rights Act (Count X); Civil Conspiracy (Count XI); Violation of FERPA and Invasion of Privacy (Breach of Contract & Defamation (Count XII); Interference with Contractual & Advantageous Relations (Count XIII); Irreparable Injury (Count XIV); National Origin Discrimination (Count XV); Bullying/Cyberbullying, Cyberharrassment and/or Cyberstalking Violations (Count XVI); and Intentional Infliction of Emotional Distress (Count XVII).

are unconnected to any specific alleged action or event which involves the Plaintiff. See, e.g., **Exhibit A** (Am. Compl.) ¶¶ 32-42.[4] It is nearly impossible to determine exactly what conduct the Plaintiff alleges the Harvard Defendants took part in, and how that conduct is alleged to have been tortious or otherwise wrongful.[5]

As to its substantive allegations, the Amended Complaint alleges that the Plaintiff was a student at HES from 2006 through 2012. **Exhibit B** (Am. Compl.) ¶ 18(a), (b). He alleges that he was the target of defamatory statements made in April 2011 and thereafter by then-current and former HES students (not Harvard personnel) on an internet webpage that was not owned or controlled by Harvard. Rather, the website at issue, extensionstudent.com, was allegedly owned and allegedly largely operated by former HES student, Defendant Danslav Slavenskoj ("Slavenskoj"). See id. at p. 2, para. 3; id. ¶¶ 44(a)-(c), 72, 94. The Plaintiff alleges that Slavenskoj and former HES student and co-defendant, Ken Vedaa ("Vedaa"), published the allegedly defamatory and discriminatory statements on the web page. See, e.g., id. ¶¶ 44, 60, 62, 123(d), (e), 124. The remainder of the allegations involving the Harvard Defendants surround vague claims that members of the HES administration failed to adequately support the Plaintiff during his tenure as President of the Harvard Extension Student Association, when compared to unnamed past "non-Black student government leaders" and/or "white counterparts." See, e.g., id. ¶¶ 214(a)-(c), (g), (h)-(j), 217.

---

[4] Examples of such digressions include discussions of the arrest of Harvard Professor Henry Louis Gates; the events in Ferguson, Missouri; President Barack Obama; and the "Black Lives Matter" movement. See id.
[5] Most of the allegations are made in a rotisserie fashion against all "defendants," failing to identify which defendant (or combination of defendants) is alleged to have acted or failed to act to form the basis for the claim. In many of the counts, no individual defendants are even specifically identified, thus leaving the defendants guessing as to which party the allegation is directed.

### B. Harvard Defendants' Motion to Dismiss.

On July 9, 2015, the Harvard Defendants served the Plaintiff with a motion to dismiss all counts of the Amended Complaint against them pursuant to Mass. R. Civ. P. 12(b)(6), 8(a), (e), and (10)(b).[6] See **Exhibit C** (Mot. to Dismiss & Mem. in Supp.). The Motion seeks dismissal based on, among other grounds, the undisputed fact that Harvard did not own, operate, or control extensionstudent.com and the Plaintiff's larger failure to plead any specific, non-conclusory allegations against the Harvard Defendants sufficient to make out a plausible claim for relief against any of them. The Motion also addresses the inapplicability or non-existence of several of the Counts pled against the Harvard Defendants, as well as the fact that several statutes cited (particularly FERPA) do not create a private right of action. See id. Despite requesting and receiving more than an additional month in which to oppose this Motion to Dismiss, the Plaintiff ultimately did not serve or file any Opposition. See **Exhibit A** (State Ct. Docket), Order dated July 28, 2015 (granting extension); id., Docket # 44 (Harvard Defendants' Motion to Dismiss filed "without opposition" on Sept. 1, 2015).

### C. The Plaintiff's Bankruptcy Filing, Bankruptcy Appeal(s), and Conversion to Chapter 7.

On August 27, 2015, the Plaintiff filed a *pro se* petition for bankruptcy under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the District of Massachusetts, Docket No. 15-13369 (hereinafter, the "Bankruptcy Action"). **Exhibit D** (Bankr. Docket Sheet), ECF # 1. After the Plaintiff filed a Suggestion of Bankruptcy in the State Court Action on September 2, 2015, the Superior Court (Gordon, J.) halted further proceedings. **Exhibit A** (State Ct. Docket), Order dated Sept. 4, 2015.

---

[6] Pursuant to Superior Court Rule 9A(b)(2), the Plaintiff had ten days to serve an opposition to this motion.

In the bankruptcy, Plaintiff sought to avoid eviction from an apartment in Dedham, Massachusetts for which Plaintiff owed approximately $32,000 in back rent. See generally **Exhibit E** (Obj. to Debtor's Certif. Pursuant to 11 U.S.C. 362(l)(1)(A)), ¶¶ 1-10 (explaining course of eviction proceedings against Plaintiff in Dedham District Court, including temporary stay of eviction entered by the Massachusetts Court of Appeals, which terminated *on the same date* the Plaintiff filed for bankruptcy). Motion practice over the eviction ensued in the Bankruptcy Court. Upon review of the bankruptcy docket, the Bankruptcy Court apparently ultimately permitted the property manager to proceed with eviction, though the Plaintiff has taken two appeals from the Bankruptcy Court's rulings, which are currently pending.[7] On January 6, 2016, the Plaintiff voluntarily converted his bankruptcy petition from one under Chapter 13 to one under Chapter 7 of the Bankruptcy Code. See Not. of Conversion, attached hereto as **Exhibit F**.

### D. **Plaintiff's Eleventh Hour Removal of the State Court Action to Federal Court Essentially One Full Business Day Prior to the Hearing on the Harvard Defendants' Unopposed Motion to Dismiss.**

Though the Superior Court initially stayed all proceedings in the State Court Action, the Court reversed this position on or about November 9, 2015 upon Motion of the Harvard Defendants. See **Exhibit A** (State Ct. Docket), Order. The primary ground for Harvard's motion was that the automatic stay provision, 11 U.S.C. § 362(a)(1), only applies to pre-petition actions brought *against* the debtor, not those brought *by the debtor*. The November 9, 2015 Order also set a hearing date for January 26, 2016 at 2:00 p.m. for the Harvard Defendants' unopposed Motion to Dismiss. **Exhibit A** (State Ct. Docket), order dated Nov. 9, 2016. On the afternoon of Friday, January 22, 2016, essentially one full business day before the Tuesday,

---

[7] These appeals are pending in this Court before Judge Sorokin, under Docket Nos. 1:15-cv-13813-LTS and 1:15-cv-13964-LTS.

January 26, 2016 hearing on the Harvard Defendants' unopposed Motion to Dismiss, the Plaintiff filed his Notice of Removal of the State Court Action to this Court. See **Exhibit G** (Not. of Removal). The Harvard Defendants now move to remand.

## II. ARGUMENT

Remand is warranted because Plaintiff may not remove per 28 U.S.C. §1441 and removal per 28 U.S.C. § 1452 is untimely, because the Notice of Removal was filed nearly five months after the Plaintiff filed for Chapter 13 bankruptcy protection on August 27, 2015. Separately, the Court should abstain from accepting jurisdiction per 28 U.S.C. § 1334(c) or remand to Massachusetts Superior Court on equitable grounds per 28 U.S.C. § 1452(b) because this matter was removed solely out of forum shopping and for purposes of delay on the eve of a hearing on an unopposed motion to dismiss. Thus, removal is highly prejudicial to the non-debtor Harvard Defendants, who now face delay of the adjudication of the claims against them. Moreover, the issues in dispute at bar are without any legal or factual connection to the Bankruptcy Action.

### A. **Legal Standard.**

The burden of demonstrating the appropriateness of removal lies squarely upon the removing party. "Removal statutes are to be strictly construed against removal and doubts resolved in favor of remand. Moreover, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal is proper." T&K Asphalt Servs., Inc. v. DDRC Gateway, LLC, 976 F. Supp. 2d 38, 42 (D. Mass. 2013) (citations and internal quotation marks omitted). Plaintiff cannot meet this burden.

### B. **A Plaintiff May Not Remove an Action to this Court Under 28 U.S.C. § 1441.**

Both the statutory text and First Circuit case law make clear that a plaintiff cannot remove an action to the U.S. District Court pursuant to 28 U.S.C. § 1441. Section 1441(a) states

that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As this Court has recognized, "the intent of Congress [is] that it be a defendant's prerogative (not plaintiff's) to remove a case from state court to federal court under 28 U.S.C. § 1441." Pasquantonio v. Poley, 834 F. Supp. 2d 33, 37 (D. Mass. 2011) (citing Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 14 (1st Cir. 1990)).

> C. **Removal is Untimely under 28 U.S.C. § 1452 Because it Occurred More Than Ninety (90) Days After the Filing of His Chapter 13 Bankruptcy Petition on August 27, 2015.**

Removal of the State Court Action to this Court cannot stand under 28 U.S.C. § 1452 ("Removal of claims related to bankruptcy cases") because the Plaintiff's Notice of Removal is untimely. Removal under § 1452 is only timely if it meets the time limitations contained in Fed. R. Bankr. P. 9027. See Haber v. Massey, 904 F. Supp. 2d 136, 140 (D. Mass. 2012); New Eng. Wood Pellet, LLC v. New Eng. Pellet, LLC, 419 B.R. 133, 140 (D.N.H. 2009); Euro-Am. Steel Co., Inc. v. United Ins. Agency, Case No. 05-05297 (GAC), Adv. No. 06-00060, 2006 Bankr. LEXIS 4993, at *6 (Bankr. D.P.R. Aug. 18, 2006).

Rule 9027 of the Federal Rules of Bankruptcy Procedure provides that removal of a prepetition action is timely if it occurs within the *latest* of three possible dates:

> (2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

7

The only one of these dates which applies at bar is the first one given, *i.e.* "90 days after the order for relief in the case under the Code." The third possible date, provided in subsection (a)(2)(C), does not apply on its face because the Plaintiff's bankruptcy is not and has never been a petition under Chapter 11.

The second potential date, provided in subsection (a)(2)(B), "30 days after entry of an order terminating a stay, *if the claim or cause of action in a civil action has been stayed under §362 of the Code*" (emphasis added), does not apply because the automatic stay provision never applied to the State Court Action. 11 U.S.C. § 362(a)(1) explicitly stays only those actions brought *against* a debtor, not those actions brought *by the debtor*. Id.; In re WHET, Inc., 33 B.R. 443, 443-444 (Bankr. D. Mass. 1983). Accordingly, if the automatic stay never applied to a claim at all, then the time period provided in Rule 9027(a)(2)(B) can have no application – otherwise the second clause of this subsection "if the claim or cause of action in a civil action has been stayed under §362 of the Code" would be mere surplusage. Accordingly, courts which have considered whether subsection (a)(2)(B) has any application if the automatic stay never applied to a removed claim have determined that it does not. See In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (automatic stay did not apply because debtor was plaintiff in the pending nonbankruptcy litigation); In re Potter, Docket. No. 11-05-14071 MS, Adv. No. 06-1138 M, 2007 Bankr. LEXIS 3903 (Bankr. D.N.M. June 6, 2007) (citing and quoting 10 Collier on Bankruptcy P 9027.05[1] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. Rev. 2006)).

Thus the sole applicable time period to determine whether removal was timely is provided in Rule 9027(a)(2)(A), within "90 days after the order for relief in the case under the Code." Pursuant to 11 U.S.C. § 301(b), "[t]he commencement of a voluntary case under [any]

8

chapter of this title [the Bankruptcy Code] constitutes an order for relief under such chapter." Because the Plaintiff filed his Chapter 13 bankruptcy petition on August 27, 2015, see **Exhibit D** (Bankr. Docket) and did not file his Notice of Removal until more than ninety (90) days later on January 22, 2015, see **Exhibit G** (Not. of Removal), removal is untimely under 28 U.S.C. § 1452 and Fed. Rank. Bankr. P. 9027(a)(2), and the case must be remanded.

The Plaintiff claims – without citation to any legal authority – that because he converted his bankruptcy from Chapter 13 to Chapter 7 on January 7, 2016, that the 90-day removal period should begin on January 7, 2016 rather than the August 27, 2015, date of his initial filing. This argument fails because although the conversion statute, 11 U.S.C. § 348, provides that a conversion of a bankruptcy case from one chapter to another constitutes an "order for relief," it also explicitly states that conversion *does not alter the timing of when the initial order of notice issued*. Section 348(a) of the Code states that:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.*

11 U.S.C. § 348(a) (emphasis added). Subsections (b) and (c) of § 348 cite numerous explicit provisions of the Bankruptcy Code which are excepted from this general rule,[8] but there is no reference to Fed. R. Bankr. P. 9027(a)(2) or removal under 28 U.S.C. § 1452. Thus the plain

---

[8] These subsections provide:

> (b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1201(a), 1221, 1228(a), 1301(a), and 1305(a) of this title [the Bankruptcy Code], "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case to such chapter.
>
> (c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1208, or 1307 of this title, as if the conversion order were the order for relief.

11 U.S.C. § 348(b), (c).

language of § 348(a) contradicts the Plaintiff's unsupported claim that the date of conversion resets the 90-day time period for removal. The 90 day period in this matter therefore begins from the date of the first petition for bankruptcy, not the date of conversion. See also In re Zisholtz, 226 B.R. 824, 826 n.1 (Bankr. E.D. Pa. 1998) (noting for purpose of timeliness under 9027(a)(2)(A) that "the date of the initial order for relief of January 13, 1998, was unchanged by a conversion"); In re Evans, Docket No. 08-71204-CMS-07, Adv. No. 08-70044, 2009 Bankr. LEXIS 1054, *20 (Bankr. N.D. Ala. Mar. 27, 2009) ("The court believes that the petition date constitutes the 'order for relief' for purposes of determining whether a Notice of Removal is timely [rather than conversion date].").

The Plaintiff filed his Notice of Removal on January 22, 2016, which is more than ninety (90) days after he initiated his Chapter 13 bankruptcy case on August 27, 2015. Accordingly, the Plaintiff's removal of the State Court action to this Court is untimely under Fed. R. Civ. P. 9027(a)(2) and 28 U.S.C. § 1452. This action must be remanded to the Massachusetts Superior Court.

### D. Even if the Removal Were Timely (it is not), this Court Should Remand on Equitable Grounds.

Even though removal was untimely and this matter should be remanded for that reason alone, this matter should separately and independently be remanded on equitable grounds either based on abstention per 28 U.S.C. § 1334(c) or "equitable" remand per 28 U.S.C. § 1452(b) (or both). Where the matter was removed for the purposes of delay (i.e. forum shopping or gamesmanship), either abstention or equitable remand is appropriate. Moreover, the substance of the State Court Action is entirely remote from any issue or consideration in the Bankruptcy Action.

The Bankruptcy removal statute, 28 U.S.C. § 1452, provides in pertinent part that:

> (a) A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [the federal court jurisdictional provision for bankruptcy petitions and related matters].

28 U.S.C. § 1452(a). Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The Notice of Removal claims that jurisdiction exists under § 1334(b). See **Exhibit B** (Not. of Removal) at pp. 3-4, ¶ 4(a), (b).

Section 1452(b) permits remand on equitable grounds:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b). Section 1334 contains a so-called "discretionary abstention" provision, which provides for abstention as follows:

> (c) (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
>     ….
>
> (d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title….

28 U.S.C. § 1334(c), (d).

Given their similarities in language and purpose, courts interpret the appropriateness of remand on equitable grounds or per abstention under these provisions using nearly identical

11

factors and considerations. See, e.g., In re Oakwood Acceptance Corp., 308 B.R. 81, 87 (Bankr. D.N.M. 2004) ("The standards used to determine whether equitable remand is warranted under § 1452(b) are virtually identical to those used to determine whether discretionary abstention is merited under § 1334(c)(1).").

Courts in the First Circuit consider the following factors in determining whether to equitably remand a removed action to state court under § 1452(b):

> (1) the effect of the action on the administration of the bankruptcy estate;
> (2) the extent to which issues of state law predominate;
> (3) the difficulty of applicable state law;
> (4) comity;
> (5) the relatedness or remoteness of the action to the bankruptcy case;
> (6) the existence of a right to a jury trial; and
> (7) *prejudice to the party involuntarily removed from state court*.

In re Santa Clara County Care Consortium, 223 B.R. 40, 46 (B.A.P. 1st Cir. Mass. 1998) (emphasis added).

With respect to the discretionary abstention provision, 28 U.S.C. § 1334(c)(1), the First Circuit has highlighted three factors for consideration in determining whether a federal court should abstain from exercising its jurisdiction over a removed case: "the extent to which state law issues predominate over bankruptcy issues; the presence of a related proceeding commenced in state court or other nonbankruptcy court; and *the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties*." In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 69 (1st Cir. 2002) (emphasis added and internal quotation marks and citations omitted). Other courts, including the U.S. Bankruptcy Court for the District of Massachusetts, rely upon a broader but similar set of factors in determining whether abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over

bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) *the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties*, (11) the existence of a right to a jury trial, and (12) *the presence in the proceeding of nondebtor parties*.

In re Gold, 247 B.R. 574, 580 (Bankr. D. Mass. 2000) (citing cases where these factors have been applied) (emphasis added). "Courts are instructed to 'apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.'" In re Fustolo, Docket No. 13-12692-JNF, Adv. No. 15-1015, 2015 Bankr. LEXIS 939, at *29 (Bankr. D. Mass. Mar. 24, 2015) (quoting Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)).[9]

As the emphasized language indicates, the governing standards for both the equitable remand and discretionary abstention provisions disfavor the federal court retaining jurisdiction where the removal was the result of forum shopping or gamesmanship, and where there are non-debtor parties present in the action who are involuntarily brought into federal court and prejudiced by the removal. Assuming for argument's sake only but not conceding that the State Court Action could meet the requirements of "related to" jurisdiction pursuant to 28 U.S.C. §1334(b), these particular considerations, and the abstention and remand criteria as a whole, strongly support that the Court should refuse to exercise jurisdiction over the State Court Action

---

[9] While some of the equitable remand and abstention factors speak to issues more germane to Bankruptcy Court proceedings, this Court can remand this matter back to State Court without referring it to Bankruptcy Court. See, e.g., Haber v. Massey, 904 F. Supp. 2d 136, 139 (D. Mass. 2012); T&K Asphalt Servs., Inc. v. DDRC Gateway, LLC, 976 F. Supp. 2d 38, 41 (D. Mass. 2013); Mass. v. New Eng. Pellet, LLC, 409 B.R. 255 (D. Mass. 2009); Cambridge Place Inv. Mgmt. v. Morgan Stanley & Co., Docket No. 10-11376-NMG, 2010 U.S. Dist. LEXIS 142954 (D. Mass. Dec. 28, 2010), recommendation adopted by 813 F. Supp. 2d 242 (D. Mass. 2011). Referral to Bankruptcy Court would only exacerbate the prejudice in the form of delay already suffered by the Harvard Defendants due to the improper removal to this Court.

and/or should expeditiously remand this matter on equitable grounds to the Massachusetts Superior Court.

### 1. Forum shopping: Abstention factor (11).

There is no plausible reason why the Plaintiff would seek to remove the State Court Action from Superior Court more than fourteen months after its initiation, almost five months after the filing of his Chapter 13 bankruptcy petition, and on the eve of the hearing for the Harvard Defendants' unopposed Motion to Dismiss, *other* than to avoid the hearing.

Such significant delay prior to removal and such strategic maneuvering are precisely the type of scenario that federal courts find constitute forum shopping and warrant abstention from accepting jurisdiction. As the U.S. District Court for the Southern District of New York noted while ordering remand in Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 60 (S.D.N.Y. 2011), "the removal petition[] produce[s] an unmistakable impression of forum-shopping on the part of the [debtor], which appeared to remove the cases to avoid the state court forum that it had originally chosen *shortly before the state court judge was about to issue a decision.*" (Emphasis added). So it is here, and remand is equally warranted. See also In re Stabler, 418 B.R. 764, 770 (B.A.P. 8th Cir. 2009) (abstention warranted in case of "apparent and egregious" forum shopping where debtors/plaintiffs litigated their case for nineteen months in state court, and removed only after receiving adverse ruling in state court); Mann v. Waste Mgmt. of Ohio, Inc., 253 B.R. 211, 215 (N.D. Ohio 2000) (abstention appropriate where, after twelve months of litigation in state court, state court plaintiff/nondebtor sought to remove matter to federal court when he became dissatisfied with state court judge's rulings).[10] It appears that Plaintiff removed this matter to

---

[10] Similar considerations have been found to warrant abstention by bankruptcy courts outside the context of removal. See In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61 (1st Cir. 2002) (affirming district court's decision to abstain from reopening closed bankruptcy to decide contempt petition which would be duplicative with tax proceedings that had been litigated in Land Court for three years); In re Halas, 226 B.R. 618, 623 (Bankr. N.D. Ill.

14

Federal Court for strategic advantage and to avoid a decision on the Harvard Defendants' Motion to Dismiss. This warrants abstention. This equally supports equitable remand.

> **2. The Remoteness of the Removed Claims to the Bankruptcy Action, the Effect of Retention on the Administration of the Debtor's Estate, and Comity with the State Courts – Equitable Remand factors (1), (2), (4), and (5); Abstention factors (1), (2), (6) and (7).**

These factors significantly weigh in favor of remand and abstention as there are no bankruptcy issues at stake in the State Court Action, and none of the counts of the Amended Complaint bear any resemblance to the factual or legal disputes before the Bankruptcy Court. The State Court Action is a hybrid action featuring state common law torts, a claim under the state consumer protection act (M.G.L. c. 93A), and civil rights claims which sound in both state and federal law – in other words, it is entirely a creature of non-bankruptcy law. None of the legal issues have any connection with the Bankruptcy Code in general, or the Plaintiff's Bankruptcy Action in particular.

The predominant issue in dispute in the Bankruptcy Action (and the subsequent appeals) appears to have been the Plaintiff's impending eviction from an apartment in Dedham on which he owed roughly $32,000 in back rent. The case at bar involves *alleged* defamation and discrimination in relation to the Plaintiff's attendance at HES. Remanding the case to the Superior Court will not have any notable effect on the administration of the bankruptcy estate, the priority order of creditors, or the avoidance of any prepetition transfers of funds or property

---

1998) (debtor's attempt to reopen bankruptcy to prosecute violation of automatic stay was forum shopping requiring abstention where debtor previously litigated same claim in state court and had received unfavorable outcome), rev'd and remanded on other grounds, 239 B.R. 784 (N.D. Ill. 1999); In re 500 West Broadway, L.P., Docket No. 10-03532-A11, Adv. No. 10-90152-A11, 2010 Bankr. LEXIS 3454 (Bankr. S.D. Cal. Sept. 28, 2010) (finding "[t]his case involves obvious forum shopping" supporting abstention where debtor knew of claim against city for years but brought claim in bankruptcy court immediately after filing for bankruptcy in order to avoid city administrative procedure).

by the Plaintiff.[11] Moreover, the Harvard Defendants respectfully submit that the Plaintiff has an extremely small likelihood of succeeding in his claims asserted against the Harvard Defendants. In that connection, Plaintiff has not filed an opposition to the Motion to Dismiss.

In light of the disconnect between the State Court Action and the factual and legal issues in question in the Bankruptcy Action, abstention and remand are warranted.

### 3. Presence in the State Court Action of Non-Debtor Parties and Prejudice to Non-Removing Parties – Equitable Remand factor (7); Abstention factor (12).

These factors also weigh heavily in favor of remand. The Plaintiff has sued *twelve* identified non-debtor defendants, who are either former students or current or former administrators/faculty of HES (setting aside John and Jane Doe and "affiliated companies" of ExtensionStudent.com). The gravamen of the Plaintiff's claims against the Harvard Defendants appears to amount to interpersonal disputes. The Harvard Defendants have been prejudiced by having the disposition of highly questionable claims against them (again) delayed due to the Plaintiff's inappropriate use of the removal mechanism, essentially one full business day prior to a hearing on their unopposed Motion to Dismiss. Other defendants have motions to dismiss pending as well, the disposition of which is necessarily delayed in light of this removal.

Lastly, the delay in adjudication of the State Court Action also takes a particular and personal toll on the individual defendants sued by Mr. Bisasor, given the highly inflammatory nature of the allegations made against them by the Plaintiff. The removal only heightens the toll placed on these individuals as it threatens to prolong adjudication of the claims against them.

---

[11] The Plaintiff correctly recognizes that all of his claims are "non-core" bankruptcy claims. See **Exhibit G** (Not. of Removal); In re Sanjari, Case No. 05-50205-JBR, Adv. No. 06-4051, 2006 Bankr. LEXIS 783 (Bankr. D. Mass. May 4, 2006) (finding civil rights and constitutional claims by debtor were "personal injury torts" and non-core claims); In re Mason, 514 B.R. 852, 860 (Bankr. E.D. Ky. 2014) (same); In re Charles River Press Litho., Inc., 381 B.R. 421, 431 (Bankr. D. Mass. 2008) (prepetition breach of contract claim is not a core proceeding); In re C.R. Stone Concrete Contrs. Inc., Docket No. 05-11119-WCH, Adv. No. 05-1307, 2013 Bankr. LEXIS 5692, *42 n.123 (Bankr. D. Mass. Oct. 15, 2013) ("[A] claim for civil conspiracy is not a core proceeding …."); In re Arnold, 407 B.R. 849, 853 (Bankr. M.D.N.C. 2009) (defamation is non-core "personal injury tort").

These factors call for remand.

### 4. Abstention and Remand Factors as a Whole.

Taken as a whole, the abstention factors relied upon by the First Circuit and the broader set of factors utilized by other courts weigh *decisively* in favor of the Court abstaining from accepting jurisdiction of this matter and remanding this case to the Superior Court. The blatant forum shopping involved in the eleventh hour removal to avoid the hearing on the Harvard Defendants' unopposed Motion to Dismiss, the presence of twelve non-debtor defendants facing delayed disposition of their claims, and the total lack of any matter factually or legally connected to the Plaintiff's ongoing bankruptcy, all call for remand to the superior court.

## III. CONCLUSION

For the foregoing reasons, the Harvard Defendants respectfully request that the Court remand this matter to the Massachusetts Superior Court, Suffolk County.

**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS, By their Attorneys,**

**/s/ William P. Mekrut**
**John P. Coakley, BBO# 558685**
**William P. Mekrut, BBO# 654350**
**Stephen D. Coppolo, BBO#670342**
**MURPHY & RILEY, P.C.**
**101 Summer Street**
**Boston, MA 02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**wmekrut@murphyriley.com**
**scoppolo@murphyriley.com**

**DATED: February 19, 2016**

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

Andre Bisasor, *pro se*
3000 Presidents Way #3413
Dedham, MA  02026

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

                                                /s/ William P. Mekrut
                                                William P. Mekrut, BBO# 654350

DATED:   February 19, 2016