**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDRE BISASOR,<br>    PLAINTIFF,<br><br>VS.<br><br>DANSLAV SLAVENSKOJ,<br>HARVARD EXTENSION SCHOOL/<br>HARVARD UNIVERSITY, ROBERT<br>H. NEUGEBOREN, MICHAEL<br>SHINAGEL, HUNTINGTON<br>LAMBERT, SHIRLEY R. GREENE,<br>MARGARET C. ANDREWS, ASHLEY<br>R. POLLACK, PHILIP HARDING,<br>KRISHAN ARORA, KEN VEDAA,<br>JENNIFER WEBB, JOHN AND JANE<br>DOE, AND AFFILIATED COMPANIES<br>OF EXTENSIONSTUDENT.COM,<br>    DEFENDANTS. | Docket No. 1:16-cv-10105-DJC |

**OPPOSITION BY DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS TO PLAINTIFF'S EMERGENCY MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO EXTEND TIME TO OBJECT TO MOTION TO REMAND AND <u>FOR SANCTIONS</u>**

Defendants President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (collectively, the "Harvard Defendants"), hereby OPPOSE Plaintiff Andre Bisasor's Emergency Motion to Stay Proceedings or in the Alternative to Extend Time to Object to Motion to Remand and for Sanctions [ECF # 15] (the "Plaintiff's Motion"). As grounds, the Harvard Defendants' state as follows:

Plaintiff's response to the Harvard Defendants' Motion for Remand [ECF # 5] is to seek further delay in the proceedings, and to avoid the merits of the Motion for Remand and of the

Harvard Defendants' pending Motion to Dismiss the suit that Plaintiff filed approximately sixteen months ago. The Plaintiff's Motion should be denied because the arguments raised do not warrant a stay or further delay in these proceedings, and they certainly do not warrant sanctions. They also provide no reason why this matter should not be remanded back to the Suffolk Superior Court, as requested in the Motion to Remand.

**I.   Whether the Bankruptcy Trustee will abandon or pursue the Plaintiff's prepetition claims has no bearing on the issue of remand and thus has no bearing on whether a stay is warranted.**

Although the Bankruptcy Trustee may have the right to decide whether to pursue or abandon Plaintiff's prepetition claims against the Harvard Defendants, see 11 U.S.C. §§ 541(a)(1), 554; see also Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 86-87 (1st Cir. 2011), that has no bearing on whether removal to this Court is procedurally permissible or whether the Court should abstain from accepting jurisdiction and/or equitably remand pursuant to 28 U.S.C. §§ 1452(b) and 1334(c)(1).  See generally Harvard Defs.' Mem. in Supp. of Mot. to Remand [ECF # 6] at pp. 10-17 (discussing abstention and equitable remand factors).  As part of his bankruptcy filing, the Plaintiff would have needed to identify this action in his Statement of Financial Affairs, thus notifying the Chapter 7 Trustee of the Plaintiff's prepetition suit filed in Superior Court against the Harvard Defendants.  The Trustee's decision to either pursue or abandon these prepetition claims is not altered by the forum in which they are adjudicated–i.e. whether the prepetition claim is pending in Suffolk Superior Court, where the Plaintiff filed it on November 18, 2014, or in this Court.  The Trustee may decide to pursue or abandon the matter regardless of whether it is pending in Superior Court or this Court, and the Plaintiff's discussion of the role of the Trustee provides no basis to deny remand to the Superior Court.

II. **Plaintiff should not be permitted an additional six months to oppose the Motion for Remand.**

Plaintiff seeks the extraordinary extension of an additional six months to oppose the Harvard Defendants' Motion for Remand based on his ongoing litigation in the bankruptcy court and his unspecified "work engagements."  See Pl.'s Mot. at pp. 5-6, 10, 12 ¶¶ 30-32, 46-49, 60(a), (b).   The assertion that the Plaintiff has other professional and litigation responsibilities which are, by his estimation, more pressing does not justify granting an extension of any length prior to ruling on the Motion to Remand, and especially not an extension of six months.  Plaintiff filed this suit on November 18, 2014, describing events that date back to 2011.  He obtained service of process on the Harvard Defendants on June 19, 2015, following several extensions of the service deadline.  He has not filed an Opposition to the Harvard Defendants' Motion to Dismiss which was served upon him on July 9, 2015.  The timing of removal, a little more than one full business day prior to the January 26, 2016 hearing on the Harvard Defendants' Motion to Dismiss, has caused added delay.  And now the Plaintiff requests an additional six months of delay.  The Harvard Defendants are prejudiced by the Plaintiff's perpetual attempts to prevent the claims against them from being heard on the merits. The Harvard Defendants should not be required to wait for the adjudication of the claims because the Plaintiff believes that he has more important things to do, be they other litigation matters or his professional obligations.  If Plaintiff is not prepared to prosecute his suit, he may dismiss it; he may not maintain it in suspended animation in perpetuity.

III. **Plaintiff's request for sanctions should be denied.**

Sanctions are completely unwarranted in this matter.  Prior to filing the Motion for Remand, Plaintiff informed counsel that he would be opposing the Motion for Remand in response to an e-mail sent by counsel for the Harvard Defendants.  See Pl.'s Mot., Ex. B ("Please

note that I intend to oppose your motion."). The main utility of Local Rule 7.1 had at that point been accomplished, and further discussion was unlikely to bear fruit given the binary nature of the relief requested (i.e. remand or no remand).

The case cited by Plaintiff in support of his request for sanctions is entirely different factually and procedurally from the matter at bar. See Converse, Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166 (D. Mass. 2004) (finding an "attempt to blindside," where, after litigation had been closed and "dormant" for more than two years, plaintiff's counsel gave twenty-nine minutes notice to opponent before filing a motion for contempt and "emergency" motion for hearing, with detailed legal memoranda, and where Court found discussion between counsel could have narrowed the issues in dispute). As another judge of this Court recently explained in denying a motion for sanctions when a defendant entirely *failed* to confer pursuant to L.R. 7.1 prior to filing a motion to dismiss:

> A district court … possesses great leeway in the application and enforcement of its local rules. Sanctions are unwarranted where conferral between the parties likely would not have resolved or narrowed the issues *and plaintiff, in any event, would have opposed the motion*.

Padmanabhan v. Healey, C.A. No. 15-13297-NMG, 2016 U.S. Dist. LEXIS 12204, at *12 (D. Mass. Feb. 2, 2016) (internal quotation marks and citations omitted; emphasis added); accord Khorsandian v. JP Morgan Chase Bank, N.A., C.A. No. 13-11692-NMG, 2013 U.S. Dist. LEXIS 183205, at *6 (D. Mass. Jan. 13, 2013). Such is the case here.

Ironically, the Plaintiff did not confer with counsel for Harvard Defendants pursuant to Local Rule 7.1 prior to filing his Motion, which is not simply an opposition to the Harvard Defendants' Motion to Remand, but also seeks additional relief in the form of a stay and sanctions. See, e.g., Martinez v. Hubbard, 09-11431-DPW, 2016 U.S. Dist. LEXIS 35372, at *15-18 (D. Mass. Mar. 18, 2016) (awarding sanctions *against* party that filed motion for

4

sanctions without first conferring pursuant to L.R. 7.1).  Sanctions are not warranted against either Plaintiff or the Harvard Defendants in this instance.  Generally, however, court rules do apply to both represented and *pro se* parties alike.  FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. Mass. 1994); United States v. Levine, C.A. 11-12284-TSH, 2012 U.S. Dist. LEXIS 61268 (D. Mass. May 1, 2012).

IV. **The Automatic Stay does not apply to Plaintiff's prepetition claims, and thus provides no basis for a stay or further delay.**

As noted in the Harvard Defendants' Motion for Remand, the Bankruptcy Code's automatic stay does not apply to the instant action.  It is black letter law that the automatic stay provision, 11 U.S.C. § 362(a)(1), does not apply to prepetition actions filed *by* the debtor.  See Pinpoint IT Servs., LLC v. Atlas IT Exp., LLC, 491 B.R. 192, 195 (B.A.P. 1st Cir. 2013) ("The automatic stay has absolutely no effect on the debtors' ability to bring suit against other parties." (quotation omitted)).[1]  This is the result of the "unambiguous" language in § 362(a)(1), see Carley Cap. Group, 889 F.2d at 1127, and stems from the underlying policy behind the Bankruptcy Code to prevent a race among creditors to diminish the value of the bankruptcy estate.  See Pinpoint IT Servs., 491 B.R. 192 at 195 ("[T]he debtor may file suit in any forum without leave of the Bankruptcy Court, for the automatic stay is to protect the debtor from creditors not vice versa." (quotation omitted)). Because the stay never applied in the first instance, the Harvard Defendants were not required to seek leave from the Bankruptcy Court for removal of the stay.  See, e.g., In re Farmland Indus., 305 B.R. 490, 495 n.4 (Bankr. W.D. Mo.

---

[1] See also Bateman & Slade, Inc. v. Costello, 1997 Mass. App. Div. 11, 12 (Mass. App. Div. 1997) ("[T]he automatic stay provision only prohibits the commencement or continuation of actions or proceedings against the debtor…. The stay does not apply to actions brought by the debtor which would inure to the benefit of the bankruptcy estate." (quotations and citations omitted)); Carley Cap. Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (Section 362(a)(1) is "unambiguous" and "by its terms only stays proceedings against the debtor"); Brown v. Armstrong, 949 F.2d 1007, 1009-1010 (8th Cir. 1991) ("[T]he Code's automatic stay does not apply to judicial proceedings … that were initiated by the debtor."); Justus v. Financial News Network, 158 B.R. 570, 572 (S.D.N.Y. 1993) (same).

2003) ("[N]o need exists for the Court to grant relief from the automatic stay," where automatic stay did not apply to claim); <u>In re Twin City Hosp.</u>, Case No. 10-64360, 2011 Bankr. LEXIS 2534, at *4-5 (Bankr. N.D. Ohio June 29, 2011) ("[T]he court finds that the automatic stay under section 362(a)(1) does not apply to Codefendants. To the extent that the motion seeks relief from stay against them, the relief sought is unnecessary.").[2]

V. **Plaintiff's allegation of judge-shopping is wrong in every particular.**

The Plaintiff, in his Motion to Stay, alleges that Harvard engaged in judge-shopping in the Superior Court. In furtherance of this specious claim, the Plaintiff asserts that, after a motion to lift the bankruptcy stay had been denied by a Justice of the Superior Court, the Harvard Defendants waited for the case to be transferred to a new judge and then re-filed the same motion. The Plaintiff's version of these events is inaccurate. Pro se co-defendant Danslav Slavenskoj—<u>not Harvard</u>—filed an "Emergency Opposition to Plaintiff's Suggestion of Bankruptcy" on or around September 11, 2015. This paper was filed directly with the Court on an "emergency" basis and was styled as an "opposition." It was not served pursuant to the usual Superior Court Rule 9A procedure for motion practice. The Superior Court treated the Emergency Opposition as a "Request for Reconsideration," and denied that request. <u>See</u> Pl.'s Mot., Ex. D.

The Harvard Defendant served their Motion to Lift the Stay on all parties on September 14, 2015, ten days after the order entered regarding the "stay," and filed it within the permitted timeframe in accordance with Superior Court Rule 9A(b)(2). Harvard's motion, therefore, was procedurally (as well as substantively) distinct from the emergency opposition filed by Mr. Slavenskoj. The Harvard Defendants were required to wait ten days, plus an additional three

---

[2] The Harvard Defendants' also respectfully disagree that any discussion of pleadings filed in the bankruptcy action were incorrect, but in any event the pleadings filed and the bankruptcy court docket speak for themselves.

days for mailing, before filing the motion according to Superior Court Rule 9A(b)(2).  Thus, the fact that the motion was docketed on October 1 is simply a function of those rules and the Harvard-Defendants' compliance with same.  The Harvard Defendants filed a single Motion on the issue.  No judge-shopping was involved.   The Harvard Defendants had a right to be heard on the subject.   Finally, the Plaintiff's allegations of judge-shopping ignores that plain fact that, as discussed above, the automatic stay is not applicable to claims that he is asserting as a plaintiff.  The Plaintiff's primary complaint appears to be that a represented party stepped into the void and confusion created by the Plaintiff and a pro se defendant and provided the Superior Court with a clear statement of the issue and applicable law.  The Superior Court, presented with a crisply-articulated statement of issue at hand, made the proper decision.

## VI.   Conclusion.

WHEREFORE, for the foregoing reasons, the Harvard Defendants respectfully request that all relief requested in the Plaintiff's Motion be DENIED, and further that this matter be remanded back to the Suffolk Superior Court, as requested in the Harvard Defendants' Motion to Remand [ECF # 5].

**Respectfully submitted,**
**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS,**

**By their Attorneys,**

**/s/ William P. Mekrut**
**John P. Coakley, BBO# 558685**
**William P. Mekrut, BBO# 654350**
**Stephen D. Coppolo, BBO#670342**
**MURPHY & RILEY, P.C.**
**101 Summer Street**
**Boston, MA  02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**wmekrut@murphyriley.com**
**scoppolo@murphyriley.com**

**DATED: March 23, 2016**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, upon information and belief, the Court's ECF system will serve an electronic copy of the foregoing upon the following counsel of record:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

/s/ William P. Mekrut
William P. Mekrut, BBO# 654350

DATED:   March 23, 2016