UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 16-CV-10105

ANDRE BISASOR
PLAINTIFF,

V.

DANSLAV SLAVENSKOJ,
HARVARD EXTESION SCHOOL/
HARVARD UIVERSITY,
ROBERT H. NEUGEBOREN,
MICHAEL SHINAGEL,
HUNTINGTON LAMBERT,
SHIRLEY R. GREEENE,
MARGARET C. ANDREWS,
ASHLEY R. POLLOCK,
PHILIP HARDING,
KRISHA ARORA,
KEN VEDAA,
JENNIFER WEBB,
JOHN AND JANE DOE,
DEFENDANTS

## MOTION FOR STAY PENDING APPEAL

1. [NB: I don't have counsel representing me on this case and I am not a lawyer. I am de facto operating pro se at this juncture, and so it is my understanding that all my statements and requests should be construed liberally and interpreted in a light most favorable. Also, as a result of my being untrained in the law, some of my statements may be inartfully stated or stated with imprecision. Therefore, it is my understanding that the court is required by law to assist me in filling in any gaps or applying the law correctly where my attempt to do so may fall short of the correct language that would have or should have been used by a trained lawyer.]

2. I, Andre Bisasor, the Plaintiff in the above named case, have provided a Notice of Appeal to the United States Court of Appeals for the Federal Circuit (First Circuit) from the order [ECF #19] by Judge Denise J. Casper denying Plaintiff's Motion to Stay, and denying Plaintiff's motion

for sanctions against the "Defendants" (Harvard Defendants as well as Defendants Pollock, Arora and Harding), and denying Plaintiff's request in the alternative for an extension of time to file an opposition to Defendants' motion to remand, which was entered in this action on March 31, 2016.

3. I hereby request that this Honorable Court, pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), (C), grant an order staying it's order on March 31, 2016 (ECF No. 19) and granting a stay putting on hold any decision by this Court related to the motion to remand, pending appeal to the United States Court of Appeals for the First Circuit.

4. If the Court is not inclined to grant the motion for a stay pending appeal, I hereby move for a temporary administrative stay of the Court's Order, pending resolution by the Court of Appeals of a stay motion to that court under FRAP 8(a)(2). Such an administrative stay would allow both this Court and the Court of Appeals to consider a stay pending appeal on a non-emergency basis, with full briefing.

5. If this Court enters a temporary administrative stay but denies a stay pending appeal, I will promptly inform this Court of any Court of Appeals decision regarding a stay pending appeal.

6. If this Court denies my request for a stay pending an appeal, I respectfully request time and opportunity to seek an emergency stay from the Court of Appeals.

7. According to Rule 8a, "a party must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal."

8. Grounds are as follows:

    a. If this court rules on the motion to remand without first allowing the first circuit court to rule on this matter, it will deprive me of the right to appeal. This is likely to be an irreparable harm to me.

    b. Any decision by this court is subject to appeal (except for a few exceptions) and the decision by this court to deny my motion to stay, to extend time and for sanctions are all appealable according to the federal rules of civil procedure.

    c. Because the decision on a motion to remand by a federal judge is not appealable, then if this court rules on this motion before allowing the appeals court to weigh in, it would cause irreparable harm to me as the plaintiff. In the interest of fundamental fairness and justice, it seems that the correct outcome would be for this court to stay its hand regarding making a decision on the motion to remand given the final non-appealable nature of that decision. Given that the court is aware that I am exercising my right to appeal the order on March 31, 2016, then it would be unfair for this court to ignore my attempt to appeal its March 31 order by proceeding to rule on the motion to remand now without allowing the appeals court to determine if this court made an error in denying the motion to stay and in the alternative denying the motion to extend time.

9. In denying the above motions, I believe this court made the following errors:

    a. I believe this court made an error because it ignored the fact that I am no longer the real party in interest.

        i. It is my understanding that I lack the power to prosecute this case on my own because the trustee (in a chapter 7 bankruptcy case) is now the real party in interest who is ultimately the one who is in control of this case. The trustee is the one who is vested with the authority to make substantive arguments before the court to move the case forward.

        ii. Since the cause of action is property of the Debtor's bankruptcy estate, the bankruptcy trustee is the sole representative of the estate and the only party with authority to continue with the action. 11 U.S.C. §323. The case trustee will decide whether to continue as plaintiff in the civil action. The trustee has to

        inquire as to whether the potential recovery would make a "meaningful distribution" to the Debtor's creditors.

    iii. The court never clarified my question to the court about my lack of clarity regarding my standing in this case. If my standing as a pro se litigant is in question, then how can I proceed on any sure footing in this case (outside of administrative attempts to preserve the status quo). This issue appears to me to be a complicated or novel issue of law and the first circuit court should be given an opportunity to clarify this legitimate question of law.

b. I believe this court also made an error regarding the issue of the motion for sanctions.

    i. This is particularly true because the attorney for Defendants Arora, Pollock and Harding, for example, never even consulted me at all before filing its motion to remand. This court simply ignored that fact and made no consideration of this eventhough the counsel of record for the Defendants in this case are all seasoned attorneys and know the rules better than I do.

    ii. Given this court's ruling regarding the sanctions and on that opposing counsel apparently all of them did nothing wrong, I am left with some confusion as to whether the local rule 7 needs to be adhered to or not at this stage of the case. The Harvard lawyers have argued that the local rule 7 can be ignored when the decision at issue is "binary" in nature. This suggests that if a party is submitting any motion with a binary nature issue, then that party can simply ignore local rule 7. I am thus totally confused by the court's ruling and I myself remain unclear on when and where I myself need to abide by local rule 7.

c. I believe this court also made an error in denying my request in the alternative for an extension of time to respond to the motion to remand, as follows:

i. Because I am pro se, I have an immediate need to work, which I explained to this court. I am not a law office and I am not a lawyer. It would be a harm to me to have to choose between my case and damaging my ability to work or to attend to my professional obligations. It is unduly burdensome to not allow a pro se litigant time needed to clear immediate work obligations.

ii. Pursuant to the Federal Rules of Procedure, the Court has authority to extend the time within which certain papers may be filed, under certain circumstances. Specifically: "the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."

iii. The Court has always recognized the need to provide special accommodation to parties who proceed in litigation without benefit of counsel. I do not have counsel because I have not been able to find counsel who I can afford. Litigants who are unable to afford counsel stand at a major disadvantage in this justice system. The "Harvards" of the world can sink millions of dollars into top law firms who live, eat and breathe litigation defense. But a pro se litigant without resources is left to fight by him/herself against monumental odds of overcoming all of the legal expertise and maneuvers of top-trained lawyers and law firms.

iv. In the instant case, I have to proceed pro se because I cannot afford counsel on a case like this. I also am put in the precarious position of having to coordinate with a chapter 7 trustee on moving the case forward. All of these things have created even further disadvantages, which is compounded by the inequality of resources, access and knowledge.

v. The Defendants in this case would like nothing better than for me to be crushed under the weight of this matter, so that the court does not have to deal with my putting my best foot and my best arguments forward. They want the advantage in forcing me to fight with one hand tied behind my back. Rather than allow me the opportunity to have a full and fair chance to fight on equal footing, they instead are trying to shift the ground so that I am at a disadvantage.

vi. I need to be allowed adequate consideration regarding my schedule so as not to deprive me of the right to have my legitimate arguments heard properly. Without counsel and without my being the real party in interest, it is already very difficult to have my position heard properly.

vii. Harvard asserts that its defendants are "hurt" or it makes them "look bad" by having my claims remain in court via stay or via an extension of time to reply to the motion to remand. Firstly, this presumptuously assumes that all of my claims will be dismissed. Secondly, it takes an untenable position that is tantamount to "whining" because a pro se student has mustered the courage and fortitude to hold the Defendants accountable in a court of law.

viii. Yet what Harvard has not told you is that Harvard forced the matter into court when they could have simply sat down with me to try to resolve the matter through informal resolution. I have been asking for my concerns to be heard for years but these same Harvard administrators have turned a blind eye and a deaf ear, thinking that they can hide behind their lawyers and thus ignore the little guy. After much attempt at discussion and to try to bring reason to the equation, even going as far as to escalate the matter up to the Board, Dean Huntington Lambert finally agreed to meet with me in order to try to settle. However, on advice of the lawyers, they advised him to cancel the settlement discussion with

me because they did not want him admitting to things that could be used in court, according to Dean Lambert's secretary. Thus due to the intervention of the lawyers, Harvard thus never even gave it a chance to simply have a discussion to resolve the matter with a concerned student, which I was open to and had been simply asking for. Harvard can't have it both ways. It can't say that these claims are "hurting" them by the fact of their mere existence, when in fact they first agreed to discuss settlement and then reneged and canceled that meeting to discuss settlement because the lawyers told them it was not legally advisable to do so for fear of admitting liability. The lawyers apparently caused the defendants to change their mind about even having a settlement discussion, which it appeared that Dean Lambert at least wanted to do, after much prodding by me, after years of being rebuffed and only after I escalated the matter to the Board.

ix. Please keep in mind that these are wealthy men/women who are in tremendous positions of power, authority and influence. They are paid hundreds of thousands of dollars to be in their positions. It is bit "whiny" to complain that a pro se student's attempt to hold them accountable in a court of law is so "psychologically unbearable" and so causing them so much "depression" that they cannot bear one more minute of this matter remaining in court or to allow for an extension of time to allow a trustee to decide his involvement or to allow me a chance to clear some pressing work and professional obligations. This is ridiculous when you think about it. Moreover, if they were really concerned about further delay, they would not have brought a motion to remand because if granted, it would actually cause more delay than if the matter simply were allowed to go forward in federal court. It is clear their objective is to forum shop

and/or to deny me the ability and opportunity to sort through a complicated set of circumstances that involves a bankruptcy, and the switching of the real party in interest and a schedule conflict at the current period of time.

x. Bear in mind that some of these same defendants were sued by another student/employee at Harvard's Division of Continuing Education for similar wrong-doings and they still continue to engage in similar conduct. [See ***Battenfield et al v Harvard University et al*** - case#: 9181CV05089].

xi. I, as a pro se litigant, am not only standing up for my rights but for the rights of all those other students and members of the Harvard community who face similar issues as I have. I am the one who is standing up for Harvard's values and I am the one who is holding rogue administrators accountable to the values that Harvard as an institution claims to stand for. Since they forced me to go to a court of law by ignoring and rebuffing my attempts at peaceful resolution, then they should not whine and complain about their "hurt feelings" and "being depressed" because of "how things look" by my filing this complaint and by the fact that it is given proper chance to proceed in the legal system. This is a topsy-turvy argument where the wealthy oppressors try to make themselves out to be the victim and to make the lone powerless and resource-less victim out to be the oppressor. When a pro se litigant goes into court to hold wealthy corporations accountable for wrongdoing, they are to be seen and treated as heroes of the legal system, not as interlopers who are up to no good. This is the bias against those in the 99% who are sick and tired of the ruling wealthy class exploiting them (and the system) in order to protect the wealthy and the big corporations/institutions from accountability. As more than one current

presidential candidate has put it, the "game is rigged for the rich and wealthy and the powerful corporations".

xii. If a lawyer had a conflicting work obligation with other cases, the court would normally grant an extension of time, giving him/her the benefit of the doubt. I simply asked for similar consideration and that my pro se status not be held against me. Because I am my own lawyer, then similar consideration should be given to my schedule and availability as well. I even offered to show proof of my work obligations under seal or in camera but the court chose not to countenance such offer of proof. [Keep in mind that some of the defendants have sought to interfere with my professional obligations in the past and by disclosing openly who my work engagements are with, I stand to suffer similar attempts at interference which would cause me further harm.]

xiii. My request for an extension of time is justified by the circumstances and is necessary to a fair adjudication; and thus good cause exists for the requested extension.

xiv. Therefore, there is both a legal, factual, and equitable basis for granting a stay and/or enlarging the Plaintiff's time to respond to the Motion to Remand.

xv. Defendants filed an 18-page motion to remand. It takes time to rifle through all of the volumes of text and points made by defendants and to prepare a proper educated response and certainly it takes time to coordinate with the trustee to determine how the trustee wants to proceed.

xvi. The period prescribed for preparation of my opposition to the motion to remand includes substantial and long-existing conflicting work obligations on my part. I am not able to complete the necessary work on the opposition within the time

allotted because of other unavoidable, work-related conflicting commitments during the relevant time period.

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper.

Respectfully submitted,
*Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: April 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following on April 29, 2016.

*/s/ Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

William Mekrut

Murphy & Riley P.C.

101 Summer Street

Boston, MA 02110


Joseph P. Dever, Esquire

Riley & Dever, P.C.

Lynnfield Woods Office Park

210 Broadway, Suite 101

Lynnfield, MA 01940-2351


Ken Vedaa, pro se

16970 Highland Cir

Paeonian Springs, VA 20129


Danslav Slavenskoj, pro se

2 Greenough Ave., #8

Boston, MA 02130


Dated: April 29, 2016