UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 16-CV-10105

| | |
|---|---|
| ANDRE BISASOR<br>PLAINTIFF, | )<br>)<br>) |
| V. | )<br>) |
| DANSLAV SLAVENSKOJ,<br>HARVARD EXTESION SCHOOL/<br>HARVARD UIVERSITY,<br>ROBERT H. NEUGEBOREN,<br>MICHAEL SHINAGEL,<br>HUNTINGTON LAMBERT,<br>SHIRLEY R. GREEENE,<br>MARGARET C. ANDREWS,<br>ASHLEY R. POLLOCK,<br>PHILIP HARDING,<br>KRISHA ARORA,<br>KEN VEDAA,<br>JENNIFER WEBB,<br>JOHN AND JANE DOE,<br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [SUPPLEMENTAL OR AMENDED] MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT WITH EXHIBITS

### PREFACE

1. [NB: I don't have counsel representing me on this case and I am not a lawyer. I am de facto

    operating pro se at this juncture, and so it is my understanding that all my statements and

    requests should be construed liberally and interpreted in a light most favorable. Also, as a result

    of my being untrained in the law, some of my statements may be in-artfully stated or stated

    with imprecision. Therefore, it is my understanding that the court is required by law to assist

    me in filling in any gaps or applying the law correctly where my attempt to do so may fall short

    of the correct language that would have or should have been used by a trained lawyer. Also, I

hereby request that this court read my pleadings liberally, and then advise me of any defects (if any) and allow the opportunity to cure.

2. It is also my understanding that the pleadings of pro se litigants should be held to less stringent standards than those of lawyers and a judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish.  Courts have typically granted leniency in its policy towards pro se cases. These modifications have reflected the court's notion that pro se leniency is rooted in a sense of fairness. Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Jenkins v. McKeithen, (1959); Picking v. Pennsylvania R. Co.; Maty v. Grasselli Chemical Co. (1938); Conley v. Gibson; Puckett v. Cox (1972) (6th Cir.)]

3. [NB: I am not sure whether to name this document a supplement or an amendment so I named it both. It also includes missing exhibits that I intended to attach to the first motion. I pray that this Court grants a liberal construction to my efforts to correct, clarify and supplement my previous paper submitted. I also hereby incorporate all of my previous pleadings and papers submitted to this Court herein by reference. I also request, if permitted or feasible, that this Court view this submission as a kind of "motion for reconsideration" in deciding whether to grant this stay pending appeal.]

## INTRODUCTION & MOTION FOR STAY PENDING APPEAL

4. I, Andre Bisasor, the Plaintiff in the above named case, have provided a Notice of Appeal to the United States Court of Appeals for the Federal Circuit (First Circuit) from the order [ECF #19] by Judge Denise J. Casper denying Plaintiff's Motion to Stay, and denying Plaintiff's motion for sanctions against the "Defendants" (Harvard Defendants as well as Defendants Pollock, Arora and Harding), and denying Plaintiff's request in the alternative for an extension of time

to file an opposition to Defendants' motion to remand, which was entered in this action on March 31, 2016. **[See attached Exhibit 1- Notice of Appeal to US Court of Appeals.]**

5. I hereby request that this Honorable Court, pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), (C), grant an order staying its order on March 31, 2016 (ECF No. 19) and granting a stay and thus putting on hold any decision by this Court related to the motion to remand, pending appeal to the United States Court of Appeals for the First Circuit.

6. If this Court is not inclined to grant the motion for a stay pending appeal, I hereby move for a temporary administrative stay of the Court's Order, pending resolution by the Court of Appeals of a stay motion to that court under FRAP 8(a)(2). Such an administrative stay would allow both this Court and the Court of Appeals to consider a stay pending appeal on a non-emergency basis, with full briefing.

7. If this Court enters a temporary administrative stay but denies a stay pending appeal, I will promptly inform this Court of any Court of Appeals decision regarding a stay pending appeal.

8. If this Court denies my request for a stay pending an appeal, I respectfully request time and opportunity to seek an emergency stay from the Court of Appeals since according to Rule 8a, "a party must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal."

## MEMORANDUM IN SUPPORT

9.  Grounds are as follows:

    a.  If this Court rules on the motion to remand without first allowing the first circuit court to rule on this matter, it will deprive me of the right to appeal. This will be an irreparable harm to me if the motion to remand is allowed.

    b.  Any decision by this Court is subject to appeal (except for a few exceptions) and the decision by this Court to deny my motion to stay, to extend time and for sanctions are all appealable according to the federal rules of civil procedure.

    c.  Because the decision on a motion to remand by a federal judge is not appealable, then if this Court rules on this motion before allowing the appeals court to weigh in, it would cause irreparable harm to me as the plaintiff. In the interest of fundamental fairness and justice, it seems that the correct outcome would be for this Court to stay its hand regarding making a decision on the motion to remand given the final non-appealable nature of that decision. Given that the Court is aware that I am exercising my right to appeal the order on March 31, 2016, then it would be unfair for this Court to ignore my attempt to appeal its March 31st order by proceeding to rule on the motion to remand now without allowing the appeals court to determine if this Court made an error in denying the motion to stay and in the alternative denying the motion to extend time.

    d.  A due process analysis that recognizes a protected interest in self-representation should balance against the risk of an erroneous deprivation of that interest and the necessity of additional safeguards to protect it. Recognizing this protected interest in representing oneself is essential to assuring and preserving access to the courts and the resolution of disputes on their merits.

## ERRORS OF LAW

10. In denying the above motions, I believe this Court made the following errors:

   a. **Motion to Stay**: I believe this court made an error because it ignored the fact that I am no longer the real party in interest.

      i. It is my understanding that I lack the power to prosecute this case on my own because the trustee (in a chapter 7 bankruptcy case) is now the real party in interest who is ultimately the one who is in control of this case. The trustee is the one who is vested with the authority to make substantive arguments before the court to move the case forward. **[See Exhibit 2 – Notice of Appointment of Chapter 7 Trustee.]**

      ii. Since this cause of action is property of the Debtor's bankruptcy estate, the bankruptcy trustee is the sole representative of the estate and the only party with authority to continue with the action (See 11 U.S.C. §323).  The chapter 7 case trustee will decide whether to continue as plaintiff in the civil action but the trustee needs time to inquire as to whether the potential recovery would make a "meaningful distribution" to the Debtor's creditors.

      iii. One of the benefits of filing for bankruptcy is that it suspends piecemeal litigation involving the debtor and its assets in potentially several different courts and centralizes litigation in a single coordinated forum. To that end, the debtor is permitted to "remove," or transfer, litigation pending in state courts to the federal or bankruptcy court. Removal requires only that the litigant file a notice of removal with the state court in which an action involving the debtor is pending within a statutorily prescribed period.

iv.  A Plaintiff can remove a case to federal court if the plaintiff has filed

bankruptcy. The bankruptcy creates jurisdiction over the plaintiff's state court

case. (See "28 U.S. Code § 1452 - Removal of claims related to bankruptcy

cases", which states:  "(a) A party may remove any claim or cause of action in a

civil action other than a proceeding before the United States Tax Court or a civil

action by a governmental unit to enforce such governmental unit's police or

regulatory power, to the district court for the district where such civil action is

pending, if such district court has jurisdiction of such claim or cause of action

under section 1334 of this title."). Thus, any party may remove and not just the

defendant and there is no rule of unanimity in removal.

v.  State court cases that are 'related to' bankruptcy proceedings are removable to

Federal Court. The bankruptcy removal statute, 28 U.S.C. § 1452(a), permits

removal where Federal bankruptcy jurisdiction exists under 28 U.S.C. § 1334.

Bankruptcy jurisdiction encompasses a far broader category of cases than just

those considered to be 'core' bankruptcy cases. See 28 U.S.C. § 157(b)(1) (non-

exhaustive list of core cases). Under 28 U.S.C. § 1334(b), Federal bankruptcy

jurisdiction also lies in cases 'related to' a bankruptcy proceeding. A case falls

within 'related to' jurisdiction where its outcome 'could conceivably have [an]

effect on the estate being administered in bankruptcy.' [See In re Pacor, Inc.,

743 F.2d 984, 994 (3d Cir. 1984); and Things Remembered, Inc. v. Petrarca, 516

U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461(1995)].

vi.  Accordingly, the jurisdiction granted to bankruptcy courts is very broad. Such

jurisdiction covers any matters that are "related to" the bankruptcy case, which

includes any matters that could "conceivably" have any effect on the bankruptcy

6

estate (See also In re Wood, 825 F. 2d 90 (5th Cir. 1987)). Therefore, any

litigation matter that could have an effect on the bankruptcy case is subject to

removal under 28 U.S.C. § 1452. Therefore, given the nature of the claims

raised in the instance case and given the potential for recovery, it is without

dispute that this case is "related to" my bankruptcy case.

vii.   Furthermore, this jurisdiction still exists for cases categorized as "non-core" i.e.

those that could exist outside of bankruptcy, but that nevertheless have some

effect on the bankruptcy. (See Wood, 825 F.2d at 97). Because these non-core

claims may augment a bankruptcy estate, non-core matters are "related to" the

bankruptcy and therefore are referred to as "related to" proceedings. (See Mirant

Corp. v. The Southern Co., 337 B.R. 107, 115-16 (N.D. Tex. 2006)).

viii.  My removal of the instant case to the federal court was well within the statutory

guideline for removal. According to case "F & M Marquette National Bank,

Appellant, v. Keith R. Richards, Appellee, 780 F.2d 24 (8th Cir. 1985)", the date

starts counting as of the conversion date (i.e. when a case is converted to a

Chapter 7 case). I filed the chapter 7 case on January 6, 2016 and I had 90 days

from that date to enact removal, which I did on January 22, 2016. **[See Exhibit**

**3- Notice of Removal].** Also, my statement of facts in my notice of removal is

sufficient to confer jurisdiction upon the bankruptcy court.

ix.    This Court never clarified my question to the court about my lack of clarity

regarding my standing in this case. If my standing as a pro se litigant to move

forward this case on my own is in question, then how can I proceed on any sure

footing in this case (outside of my administrative attempts to preserve the status

quo). It is my understanding that the trustee has to abandon this case back to me

7

in order for me to take substantive control over the prosecution of the case, which creates the logical basis for a stay or at least an extension time to allow the trustee time to decide whether to abandon or pursue the case. This issue appears to me to be a complicated or novel issue of law and the first circuit court of appeals should be given an opportunity to clarify this legitimate question of law.

x.   Therefore, I believe that there was an abuse of discretion that entails a legitimate question for appellate review that could be reversed by the First Circuit.

b.   **Motion for Sanctions:** I believe this Court also made an error regarding the issue of the motion for sanctions.

i.   This is particularly true for Joseph Dever, the attorney for Defendants Arora, Pollock and Harding since, for example, he never even consulted me or attempted to consult me at all before filing its motion to remand. This Court simply ignored that fact and made no consideration of this even though the counsel of record for the Defendants in this case are seasoned attorneys and know the rules better than I do. Moreover, my understanding of the rules is that motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action. Please note also that Joseph Dever did not oppose my motion to stay, extend time and for sanctions. At the very least, the sanctions should have been allowed against Joseph Dever.

ii.   The Harvard defendants also deliberately sought to skirt the requirements of local rule 7 which is shown by the chronology of events that I laid out in my

8

prior motion for sanctions. Harvard is a big institution and their lawyers, who
are paid big bucks to know the law, tried to manipulate the rules and play games
in failing to properly confer with me before filing its motion to remand.

iii. More importantly, both the Harvard lawyers and the lawyers for Pollock, Arora
and Harding should have attempted to confer not with me but with the chapter 7
case trustee since they both know that a chapter 7 filing was made and that a
chapter 7 trustee was appointed to the case as the real party in interest.

iv. By refusing to confer with me or the trustee, the lawyers for Pollock, Arora and
Harding, flagrantly and deliberately violated local rule 7. It seems correct that
they should be held accountable for this and this is part of what I'm appealing
because there is no reason why they should not have tried to confer with me
and/or the trustee.

v. By refusing to properly confer with me and by not conferring at all with the
chapter 7 trustee, the Harvard lawyers deliberately violated local rule 7. The
Harvard lawyers should have known that that trustee is the real party in interest
in a chapter 7 case and should have taken steps to at least determine where the
trustee stands in relation to the prosecution of the case. Again, Harvard and its
lawyers would like to make a rush to get this out of federal court and to avoid
conferring with the trustee because it knows that the trustee is more likely to
pursue the case if it is within the federal court. From a practical standpoint, it is
the worst nightmare for Harvard defendants for a chapter 7 trustee to take up the
prosecution of my case and hold them accountable with the full backing and
resources of the federal trustee office and this is likely part of the reason why
they don't want this case to remain in federal court. Otherwise, it makes no

9

sense to move to remand back to state if Harvard wants to avoid delay because

the process of remand back to the state court will add significantly more delay to

this case than if it was allowed to go forward in the federal court as is.

vi.  [NB: Given this court's ruling regarding the sanctions and given the court's

seeming indication that both of defendants' counsel apparently did nothing

wrong in not conferring with me, I am left with some confusion as to whether

the local rule 7 needs to be adhered to or not at this stage of the case. The

Harvard lawyers have argued that the local rule 7 can be ignored when the

decision at issue is "binary" in nature. This suggests that if a party is submitting

any motion with a "binary" issue, then that party can simply ignore local rule 7.

I am thus totally confused by the court's ruling and I myself remain unclear on

when and where I myself need to abide by local rule 7. It appears that this Court

has in effect suspended the need to adhere to local rule 7 at this stage given the

binary nature of the issues before the court. Consequently, I in good faith also

seek the assistance of court of appeals in clarifying this issue so that I can know

what a truly binary issue motion is and whether it allows for ignoring strict

adherence to local rule 7 as Harvard has argued.]

vii.  Moreover, my request for sanctions included a request that the defendants start

the process over and to consult with me properly (which is a modest request)

and/or that the motion to remand be denied on that basis. If the appeals court

determines that the sanctions are warranted because both defendants' counsel

(William Mekrut and the Harvard legal team as well as Joseph Dever and the

legal team for defendants Pollock, Arora and Harding) conduct was deliberate

and egregious, then that can directly impact the outcome of the issue related to

10

the motion to remand being denied or kicked back to be redone. Hence the overhang of pending sanctions against the defendants can complicate the outcome of the motion to remand, especially if the sanctions incorporate a preclusion order.

    viii.   Thus, this issue allows for an appeal from an order that "affects a substantial right".

    ix.   Therefore, I believe that there was an abuse of discretion that entails a legitimate question for appellate review that could be reversed by the First Circuit.

c.  **Motion (in the alternative) for Extension of Time**: I believe this court also made an error in denying my request in the alternative for an extension of time to respond to the motion to remand, as follows:

    i.   Because I am pro se, and due to the nature of my profession as a small business owner/consultant, I have an immediate need to work and to clear some pressing work obligations especially after a bankruptcy filing and after a long period of being sucked into an intense landlord-tenant dispute over my home, which I explained to this Court. I am not a law office and I am not a lawyer and thus it takes me quadruple the amount of time to figure out the what, how and why of the law as it applies to my case or to any motions made by opposing counsel. I essentially have to do the equivalent of going to law school overnight in doing a self-directed crash course in law. This requires an inordinate amount of time to even barely or minimally get caught up and is a tremendous burden on me as a pro se litigant, who has to manage family, making a living and prosecuting a bankruptcy and prosecuting this case. Given the extenuating circumstances of my current situation, it would be a harm to me to have to choose between my

case and damaging my ability to work or to attend to my immediate/pressing

professional obligations that happen to be piled up at the current time. It is

unduly burdensome to not allow a pro se litigant time needed to clear such

immediate and pressing work obligations on a temporary basis. Once I have

cleared these pressing obligations, I will then be able to have some breathing

room to fully move this case forward if in fact the trustee abandons the case

back to me. This is not an indefinite period of time but a discrete/finite period of

time.  This is exactly the reason why Superior Court Judge Robert Gordon

granted me a stay pending outcome of my bankruptcy case. He had the

compassion and the understanding to discern the unfairness involved in forcing

a pro se minority student/litigant who was driven into bankruptcy (i.e. who was

defamed and harmed by defendants in his business/profession) and who clearly

has limited resources to prosecute a multi-party complex civil

rights/discrimination and defamation case while at the same deal with getting

through a bankruptcy while dealing with landlord-tenant dispute affecting his

home and also having to make a living. Judge Robert Gordon saw the humanity

in the situation as an extenuating circumstances and applied the automatic stay

to the instant case until my bankruptcy case was completed. This is what I have

been asking this Court to do and what I will be asking the Court of Appeals to

do i.e. to look at the humanity in the situation as Judge Robert Gordon did and

weight the totality of the circumstances and equities involved to be in my favor.

ii. Pursuant to the Federal Rules of Procedure, the Court has authority to extend the

time within which certain papers may be filed, under certain circumstances.

Specifically: "the court for cause shown may at any time in its discretion with or

without motion or notice order the period enlarged if the request therefore is
made before the expiration of the period originally prescribed or as extended by
a previous order."

iii.  The Court has always recognized the need to provide special accommodation to
parties who proceed in litigation without benefit of counsel. I do not have
counsel because I have not been able to find counsel who I can afford at this
time. Litigants who are unable to afford counsel stand at a major disadvantage in
this justice system yet citizens should be able to avail themselves of the legal
system even though they might lack resources necessary to retain counsel. The
"Harvards" of the world can sink millions of dollars into top law firms who live,
eat and breathe litigation defense. But a pro se litigant without resources is left
to fight by him/herself against monumental odds of overcoming all of the legal
expertise and maneuvers of top-trained lawyers and law firms.

iv.  In the instant case, I have to proceed pro se because I cannot afford counsel on a
case like this at this time. I also am put in the precarious position of having to
coordinate with a chapter 7 trustee on moving this case forward. All of these
things have created even further disadvantages, which is compounded by the
inequality of resources, access and knowledge.

v.  It is ironic that the conduct of the defendants has caused a negative impact on
my business and profession over the past few years and has also contributed to
the financial strain that made it more inevitable that I would have to file
bankruptcy but then these same defendants that have caused me much financial
harm now turn around and want to castigate me for needing time to climb out of
a bankruptcy situation. They have contributed to a cycle that has had deleterious

13

ramifications and repercussions and now they callously have no conscience in allowing a moment to improve my financial situation as intended by the bankruptcy code.

vi. The Defendants in this case would like nothing better than for me to be crushed under the weight of this matter, so that this court does not have to deal with my putting my best foot and my best arguments forward. They want the advantage in forcing me to fight with one hand tied behind my back (i.e. in that I obviously cannot attend to conflicting and pressing work/professional obligations while at the same research the law as a pro se litigant overnight to counteract the skill and expertise of a top Boston law firm representing a giant corporation such as Harvard with unlimited money). Rather than allow me the opportunity to have a full and fair chance to fight on equal footing by not opposing a stay or extension of time (which Judge Robert Gordon in state superior court saw fit to do), they instead are trying to shift the ground so that I am at a disadvantage with multiple conflicting obligations and multi-litigation crushing down on me at the same time. No mere human can survive such a stacked deck and if Harvard had nothing to hide or if they are confident that they did nothing wrong, they should not be afraid to allow a little leeway to coordinate with the trustee and for me to clear some immediate and pressing work obligations so that I can put the appropriate time and attention to properly addressing this matter and this case.

vii. I need to be allowed adequate consideration regarding my schedule so as not to deprive me of the right to have my legitimate arguments heard properly. Without counsel and without my being the real party in interest, it is already very difficult to have my position heard properly.

viii.  If a lawyer had a conflicting work obligation with other cases, the court would normally grant an extension of time, giving him/her the benefit of the doubt. I simply asked for similar consideration and that my pro se status not be held against me. Because I am my own lawyer, then similar consideration should be given to my schedule and availability as well. I even offered to show proof of my work obligations under seal or in camera but the court chose not to countenance such offer of proof. [Keep in mind that some of the defendants have sought to interfere with my professional obligations in the past and by disclosing openly who my work engagements are with, I stand to suffer similar attempts at interference which would cause me further harm.]. By refusing to countenance such offer of proof, this Court ignored my right to due process and this constitutes a due process violation.

ix.  Harvard asserts that its defendants are "hurt" or it makes them "look bad" by having my claims remain in court via stay or via an extension of time to reply to the motion to remand. Firstly, this presumptuously assumes that all of my claims will be dismissed, which is not guaranteed since there is a very high hurdle for dismissal of a pro se case. Secondly, Harvard holds an untenable position that is tantamount to "whining" by Harvard defendants i.e. in response to the fact that a pro se student has mustered the courage and fortitude to hold the Defendants accountable in a court of law.

x.  Yet what the Harvard defendants have not told you is that they (and their lawyers) forced the matter into court when they could have simply sat down with me to try to resolve the matter through informal resolution.  I have been asking for my concerns to be heard for years but these same few rogue Harvard

15

administrators have turned a blind eye and a deaf ear, thinking that they can hide

behind lawyers and thus ignore the little guy.  **[See Exhibit 4 – Excerpts from**

**Emails Showing Attempts to Get My Concerns Addressed Internally at**

**Harvard for a Long Period of Time.]**

xi.  Additionally, after much attempt at discussion and to try to bring reason to the

equation, even going as far as to escalate the matter up to the Board, Dean

Huntington Lambert finally agreed to meet with me in order to try to settle.

However, on advice of his lawyers, they advised him to cancel the settlement

discussion meeting with me because, on information and belief, they did not

want him admitting to things that could be used in court, according to Dean

Lambert's secretary. Thus due to the intervention of their lawyers, Harvard thus

never even gave it a chance to simply have a discussion to resolve the matter

with a concerned student, which I was open to and had been simply asking for.

Harvard can't have it both ways. It can't say that these claims are "hurting"

them by the fact of their mere existence, when in fact they first agreed to discuss

settlement and then reneged and canceled that meeting to discuss settlement

because the lawyers told them it was not legally advisable to do so for fear of

admitting liability. The lawyers apparently caused the defendants to change their

mind about having a settlement discussion, notwithstanding that it appeared that

Dean Lambert wanted to do at some point, after much prodding by me, after

years of being rebuffed and only after I escalated the matter to the Board. **[See**

**Exhibit 5: Emails Relating to Settlement Meeting with Harvard Dean**

**Lambert.]**

xii. Harvard also has not told you that one of the reasons that the state court case was delayed (in addition to an automatic stay imposed by Judge Gordon) is because in the very early stages, Dean Lambert led me to believe that he wanted to settle or resolve the matter and, in April 2015, instructed his secretary to setup a meeting with me to resolve the matter (NB: but the meeting date proposed was not until months later because Dean Lambert had to travel and his schedule did not permit him meeting with me until June or July 2015). As a result, the state superior court allowed a continuance to allow for this settlement meeting to take place but yet when time came for the meeting, Dean Lambert canceled the meeting on the advice of his lawyers as I have previously explained.

xiii. Please keep in mind that Harvard is one of the richest corporations on the planet and these Harvard defendants are relatively wealthy men/women themselves who are in tremendous positions of power, authority and influence. They are paid in excess of hundreds of thousands of dollars to be in their positions and to bear responsibility for the decisions they make on behalf of the institution (and they have their big lawyers that the Harvard corporation is paying for to defend them through indemnification or otherwise). It is a bit "whiny" to complain that a pro se student's attempt to hold them accountable in a court of law is so "psychologically unbearable" and so causing them so much "depression" that they cannot bear one more minute of this matter remaining in court or to allow for an extension of time to allow a trustee to decide his involvement or to allow me a chance to clear some pressing work and professional obligations. This is ridiculous when you think about it. In fact, I am the one who has experienced emotional harm from the acts of the defendants over a period of years and they

17

did nothing to address the matter but continued either with active intent or deliberate indifference in their wrong-doings.

xiv. Moreover, if they were really concerned about further delay, they would not have brought a motion to remand to state court because, if granted, it would actually cause more delay than if the matter simply were allowed to go forward in federal court. It is clear their objective is to forum shop and/or to deny me the ability and opportunity to sort through a complicated set of circumstances that involves a bankruptcy, and the switching of the real party in interest and a schedule conflict at the current period of time.

xv. Bear in mind that some of these same defendants were sued by another student/employee at Harvard's Division of Continuing Education for similar wrong-doings and they still continue to engage in similar conduct. **[See Exhibit 6 - Harvard Crimson News Article - referencing the *Battenfield et al v Harvard University et al* case in the Massachusetts Suffolk Superior Court (case#: 9181CV05089]**. Please note that recently Harvard has also come under scrutiny by the Department of Education and other entities for failures in the handling of complaints of sexual harassment and assault as well as retaliation, several of which have also resulted in lawsuits against the university. **[See Exhibit 6 - Harvard Crimson News Articles]**.

xvi. I, as a pro se student/litigant, am not only standing up for my rights but for the rights of all those other students and members of the Harvard community who have faced, currently face, or will face similar issues as I have. I am the one who is standing up for Harvard's professed values and I am the one who is holding certain rogue administrators accountable to the values that Harvard as an

18

institution claims to stand for. **[See Exhibit 7 - Harvard Statement of Values]**. Since they forced me to go to a court of law through their continual ignoring and rebuffing of my attempts at discussion and peaceful resolution of my concerns, then they should not whine and complain about their "hurt feelings" and "being depressed" because of "how things look" by my filing this complaint and by the fact that it is given proper chance to proceed in the legal system. This is a topsy-turvy argument where wealthy oppressors try to make themselves out to be the victim and to make the lone, powerless and resource-less victim out to be the oppressor. When a pro se litigant goes into court to hold wealthy corporations accountable for wrongdoing, they are to be seen and treated as heroes of the legal system, not as interlopers who are up to no good. [NB: "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws." Elmore v. McCammon (1986) 640 F. Supp. 905.]

xvii.  Harvard lawyers (representing the 1%) are attempting to perpetrate a bias against those in the 99% but the 99% are sick and tired of the ruling wealthy class exploiting them (and the system) in order to protect themselves and their big corporations/institutions from accountability. As more than one current presidential candidate has put it, the "game is rigged for the rich and wealthy and the powerful corporations".

xviii.  It is not difficult to see that my request for a stay and/or an extension of time is justified by the circumstances and is necessary to a fair adjudication; and thus good cause exists for the requested stay and/or extension.

xix.  Therefore, there is both a legal, factual, and equitable basis for granting a stay and/or enlarging the Plaintiff's time to respond to the Motion to Remand.

xx. The legal team for the Harvard Defendants filed a **166-page** motion to remand including numerous exhibits. **[See attached Exhibit 8 - Screenshot of Harvard's Motion to Remand on the electronic filing system with indication of 166 pages filed by Harvard].** It takes time to rifle through all of the volumes of text and points made by defendants and to prepare a proper educated response and certainly it takes time to coordinate with the trustee to determine how the trustee wants to proceed.

xxi. The period prescribed for preparation of my opposition to the motion to remand includes substantial and long-existing conflicting work obligations on my part. I am not able to complete the necessary work on the opposition within the time allotted because of other unavoidable, work-related conflicting commitments during the relevant time period.

xxii. This court could have at least granted me a couple of months of extension of time if it felt that more time was unsuitable. But this court gave no real consideration of my schedule and availability as it would likely have done if I was a lawyer making a similar request for consideration of substantial and long-existing conflicting work obligations. Again, I believe this is also a due process violation.

xxiii. As a result, I believe this was an abuse of discretion.

## THE STANDARD FOR APPELATE REVIEW

11. The standard for reversal of a judge's decision is based on the "abuse of discretion" standard. The Second Circuit Court of Appeals has explained that a district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of

a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Thus if a judge made a legal error, that's an abuse of discretion according to the Second Circuit. If a judge misapprehended the facts, that is likewise an abuse of discretion. If a judge's order was just plain wrong, then that is grounds for reversal too.

12. [NB: Even though it seems clear that a remand order is not appealable, the appeal courts have reviewed separable and collateral orders that precede the remand order. See, e.g., First Nat'l Bank v. Genien Marine Servs., Inc., 136 F.3d 391 (5th Cir. 1998). In Angelides, the Fifth Circuit considered the separableness from the remand order in conjunction with the collateral order exception, hinging the applicability of one on the other.

## STANDARD FOR A STAY PENDING APPEAL

13. The purpose of a stay is to preserve the status quo pending appellate determination. (See McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir. 1996)). When considering a stay pending appeal, a court must consider the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. (See Baker v. Adams County/Ohio Valley School Bd., 310 F.3d 927, 928 (6th Cir. 2002)). A stay pending appeal does not "require the trial court to change its mind or conclude that its determination on the merits was erroneous" before holding that a stay pending appeal is warranted. (See St. Agnes Hospital v. Riddick, 751 F.Supp. 75, 76 (D.Md. 1990)).

14. This test is flexible and allows a movant to obtain a stay pending appeal by showing "a substantial case on the merits when a serious legal question is involved" and that "the balance of the equities weighs heavily in favor of granting the stay." Ruiz v. Estelle, 650 F.2d 555, 556 (5th Cir. 1981); see also Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) 2 ("The

probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.").

15. Although I respect this Court and its decision, I nevertheless believe that the court of appeals is likely to disagree with this Court's decision.

## I. LIKELIHOOD OF SUCCESS ON APPEAL

16. Movants seeking a stay pending appeal "need not always establish a high probability of success on the merits" but instead must show, at a minimum, the existence of "serious questions going to the merits." (See Grutter v. Bollinger, 247 F.3d 631, 632-33 (6th Cir. 2001) (citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). The issuance of stays pending appeal in the similar cases cited above supports the conclusion that there is at least a serious question going to the merits of my claims.

## II. THREAT OF IRREPRABLE HARM ABSENT A STAY

17. If this court rules on the motion to remand without first allowing the first circuit court to rule on this matter, it will deprive me of the right to appeal. This is likely to be an irreparable harm to me because I will be deprived of having my case heard in the federal court.

    a. Moreover, the federal court is the proper venue for my case given my bankruptcy and the complicating factors related thereto and its impact on my estate. Also, the issue of the automatic stay should properly be decided before the federal court or bankruptcy court especially since the state court gave two conflicting decisions on whether the automatic stay is applicable to my case given the extenuating circumstances of my case and situation.

    b. Furthermore, one of the purposes of the bankruptcy code is the allow the debtor the ability to avoid multi-forum litigation that can stretch and tie up resources that may be needed to be directed towards getting through the bankruptcy in federal court. I have

special extenuating circumstances that militate in favor of the automatic stay applying

to my case and this was articulated by the Honorable Judge Robert Gordon in the

Massachusetts Suffolk Superior Court when he entered an order for a stay pending

discharge from the bankruptcy court or pending further instructions from the

bankruptcy court. The fact that a seasoned state superior court judge saw fit to the apply

the stay to my case shows that my arguments here have merit because it is backed up by

at least one notable state court judge. Even though Judge Gordon's decision was

reversed by his colleague, Judge Peter Lauriat (who cycled in to the session at later time

due to the state courts rotation schedule of judges and after Harvard tried to judge shop

to reverse Judge Gordon's decision), the fact the two state court judges in the same

superior court session issued conflicting decisions on this matter, is evidence that the

matter is ripe for review by the federal or bankruptcy court which has original but non-

exclusive jurisdiction over my case under section 1452.

c. Harvard argues that an automatic stay is not applicable to my case but much of their

argument cites cases related to corporate debtors not individual or pro se debtors who

many times face unique or special circumstances that warrant application of the

automatic stay. For instance, there will be a duplicative and uneconomic effect on my

resources if I have to litigate my bankruptcy case and the instant case in both state and

federal court (i.e. two disparate forums). Something as simple as having access to ECF

filing in federal court has a tremendous impact on a pro se litigant's time and resources

(i.e. travel or mailing costs to file documents with the court), which is not available in

state court. Moreover, there is a lessened possibility of inconsistent results if both cases

are in federal court. NB: there has already been inconsistent results between two state

court judges in superior court regarding the automatic stay or the need for an imposed

stay i.e. showing the heightened chance that a state court may create inconsistent results as it relates to issues that may involve or relate to my bankruptcy case.

d.  Furthermore, Harvard ignores the "immediate adverse economic consequences" standard. Under this standard, a court will expand the automatic stay when absent a stay, there will be an "immediate adverse economic consequence [on] the debtor's estate." (See In Queenie, Ltd. v. Nygard International).

e.  Harvard also ignores another prominent standard, the unusual circumstances standard, which was annunciated in A.H. Robins Company, Inc. v. Piccinin. In that case, the Fourth Circuit held that in order for the automatic stay to apply to a non-debtor, there must be "unusual circumstances." The A.H. Robins court identified an unusual circumstance as one that "arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Based on the "unusual circumstances" arising from those individuals' relationships with the debtor, the Fourth Circuit affirmed the lower court's expansion of the stay because "continuation of litigation in [those] civil actions threatened property of [the debtor's] estate, burdened and impeded [its] reorganization effort, contravened the public interest, and rendered any plan of reorganization futile."

f.  Therefore, some courts have expanded the automatic stay provision to apply beyond the normal limitations. When determining whether to expand the automatic stay, these courts consider if unusual circumstances exist or if there will be immediate adverse economic consequences from the instant case proceeding in the context of a bankruptcy. I have tried to articulate the unusual circumstance of my not being the real party in interest because of the trustee and the immediate adverse economic consequences of

diminishing my already meager resources in having to litigate a complex multi-party case while trying to get through a bankruptcy. It is more orderly and efficient for an individual pro se litigant to get through and complete a bankruptcy first and then resume the instance case litigation.

g. I have not yet had an opportunity to lay out my arguments in more detail for why the automatic stay applies to my case but I hope to do so in my appeal briefing and/or in my opposition to the motion to remand once I get the time and opportunity to do so and once coordination with the trustee on that matter is realized, as previously explained.

18. Because the decision on a motion to remand by a federal judge is not appealable, then if this court rules on the motion to remand before allowing the appeals court to weigh in, it would cause irreparable harm to me as the plaintiff. In the interest of fundamental fairness and justice, it seems that the correct outcome would be for this court to stay its hand regarding making a decision on the motion to remand given the final non-appealable nature of that decision. Given that the court is aware that I am exercising my right to appeal the order on March 31, 2016, then it would be unfair for this court to ignore my attempt to appeal its March 31 order by proceeding to rule on the motion to remand now (particularly if it will be an adverse ruling) without allowing the appeals court to determine if this court made an error in denying the motion to stay and in the alternative denying the motion to extend time.

19. I respectfully submit that I should be allowed to obtain appellate review before any decision on the motion to remand is rendered. The harm I would incur is irreparable because they cannot be undone on appeal.

## III. LACK OF IRREPARABLE HARM TO DEFENDANTS

20. Defendants will not be irreparably harmed by a stay pending appeal. The only harm that the Harvard defendants have pointed to is the indignity and stigmatization of the defendants by the

mere existence of my complaint being allowed to remain in the legal system. But this is not the type of harm that rises to the level of irreparable injury. See Sampson v. Murray, 415 U.S. 61, 90 (1974). It is well settled that reputational damage, in this kind of context, falls far short of being "irreparable injury". (See Sampson, 415 U.S. at 88, 91-92). The harm defendants have alleged in their declarations is precisely the kind of harm "Sampson" says is insufficient.

21. Moreover, as stated previously, the Harvard defendants could have avoided the situation of having me file this complaint and pursue this matter in court. I sent them a 93A demand letter months before serving them with my complaint and they had ample time to address my concerns but instead they did nothing to resolve the matter. They were put on notice that a lawsuit was coming and could be avoided by an attempt to settle and resolve the matter as mandated by the 93A statutes. But again they not only did nothing to resolve the matter but they canceled a meeting with Dean Lambert that was setup to try to resolve the matter. Beyond that, I had been attempting informal resolution for years but was ignored or rebuffed. Now that I filed the complaint in court and the matter is working its way through legal process, they want to whine and complain about the mere existence of the complaint in the legal system.

22. The defendants "cannot rely on [their] own [in]action to create the risk of irreparable injury." Vantico Holdings, S.A. v. Apollo Management, LP, 247 F.Supp.2d 437, 454 (S.D.N.Y. 2003). The courts have also determined that even when it may well be "time-consuming and expensive," that does not mean the harm is irreparable.

23. If the Harvard defendants now want to insist that any delay will cause irreparable harm, then they should explain why they never thought it necessary to dispose of this matter via informal means when they had the chance to do so, why they ignored my 93A demand letter, why they canceled the meeting with me and Dean Lambert (to settle or resolve this matter back in the Spring/Summer of 2015), and why they allowed my concerns to linger within the school

system for several years without taking them seriously or without properly/thoroughly addressing them.

## IV. PUBLIC INTEREST AND HARM TO THE STATE

24. The purpose of a stay pending appeal is merely to preserve the relative positions of the parties until appeal can be determined. A stay is necessary to maintain the balance pending appeal, particularly where the Court's March 31 order (as a separable but collateral order) allows a further decision on the motion to remand to now take place. The public will be harmed if a stay is not allowed because the appeal addresses a key issue that pro se bankruptcy litigants may face from time to time. There is a strong public interest in resolving these questions of law. Moreover, I believe that there is a due process/constitutional issue at stake, which goes to the interest of the public.

25. For all the foregoing reasons, as outlined above, it is only right for the status quo to be maintained during the process of appeal.

WHEREFORE, I hereby humbly request this Honorable Court grant my request for a stay pending appeal and/or other relief that the Court deems just and proper.

Respectfully submitted,

*Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: May 5, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following on May 5, 2016.

Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

William Mekrut

Murphy & Riley P.C.

101 Summer Street

Boston, MA 02110

Joseph P. Dever, Esquire

Riley & Dever, P.C.

Lynnfield Woods Office Park

210 Broadway, Suite 101

Lynnfield, MA 01940-2351

Ken Vedaa, pro se

16970 Highland Cir

Paeonian Springs, VA 20129

Danslav Slavenskoj, pro se

2 Greenough Ave., #8

Boston, MA 02130

Dated: May 5, 2016