**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDRE BISASOR,                )<br>           PLAINTIFF,             )<br>                                          )<br>VS.                                     )<br>                                          )<br>DANSLAV SLAVENSKOJ,      )<br>HARVARD EXTENSION SCHOOL/ )<br>HARVARD UNIVERSITY, ROBERT )<br>H. NEUGEBOREN, MICHAEL    )<br>SHINAGEL, HUNTINGTON       )<br>LAMBERT, SHIRLEY R. GREENE, )<br>MARGARET C. ANDREWS, ASHLEY )<br>R. POLLACK, PHILIP HARDING,   )<br>KRISHAN ARORA, KEN VEDAA,   )<br>JENNIFER WEBB, JOHN AND JANE )<br>DOE, AND AFFILIATED COMPANIES )<br>OF EXTENSIONSTUDENT.COM,    )<br>           DEFENDANTS.            ) | Docket No. 1:16-cv-10105-DJC |

**OPPOSITION BY DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS TO PLAINTIFF'S MOTION TO STAY PENDING APPEAL**

Defendants President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (collectively, the "Harvard Defendants"), hereby OPPOSE Plaintiff Andre Bisasor's Motion to Stay Proceedings Pending Appeal [ECF # 23].

The Court of Appeals has no jurisdiction to hear an appeal on an interlocutory basis in this instance, and the improperly taken appeal provides no legitimate basis for the Plaintiff to renew the request for stay previously denied by the Court. The Plaintiff's Motion to Stay Pending Appeal should be denied.

I.  **PROCEDURAL HISTORY**

Plaintiff removed this seventeen-count action from Suffolk County Superior Court pursuant to 28 U.S.C. § 1452 on January 22, 2016.  Notice of Removal [ECF # 1].  The Harvard Defendants moved to remand on the grounds of untimeliness as well as the Court's powers of equitable remand under 28 U.S.C. § 1452(b) and/or its powers of discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1).  See Mot. to Remand [ECF # 5].  In response, on March 9, 2015, Plaintiff filed an "Emergency Motion to Stay Proceedings or in the Alternative to Extend Time to Object to Motion to Remand and for Sanctions," [ECF # 15] which sought *inter alia* a stay "at least until July 2016."  Id. at 10.  The Harvard Defendants opposed this stay request on the grounds of the already prolonged nature of these proceedings,[1] as well as their desire for an expeditious remand and resolution of the case on its merits.  See Opp. to Mot. for Stay [ECF # 16], at 3.  The Harvard Defendants further pointed out in their opposition that they had not—as Plaintiff alleged—violated Local Rule 7.1, because the Harvard Defendants had sought Plaintiff's assent prior to moving for remand, and the Plaintiff advised he would oppose remand.  See id. at 3-4.

On March 31, 2016, the Court denied the Plaintiff's "Emergency Motion" to the extent he sought a stay of the proceedings in this Court, and denied the request for sanctions against the Harvard Defendants.  The Court, however, *granted* Plaintiff's request for additional time to oppose remand, holding that:

> Plaintiff may have until April 15, 2016 to file an opposition, not to exceed twenty (20) pages, to Defendants' motion to remand, D. 5. *No extensions of this deadline are anticipated*.

---

[1] The Complaint was initially filed in Suffolk Superior Court on November 14, 2014, and at the time Plaintiff filed for removal (January 22, 2016), the Superior Court had not yet ruled upon the Harvard Defendants' unopposed motion to dismiss all counts against them (served on July 9, 2015).  Mr. Bisasor filed the Notice of Remove about one and one-half business days prior to the hearing on the Harvard Defendants' Motion to Dismiss.

Order dated Mar. 31, 2016 [ECF # 19] (emphasis added).  The Plaintiff did not submit an Opposition to the Motion for Remand, nor any other filings, by April 15, 2016.

The Plaintiff instead filed a Notice of Appeal [ECF # 21] on May 2, 2016, purporting to appeal from the Court's denial of his request for a stay and his request for sanctions.  The Plaintiff contemporaneously filed the instant Motion for Stay Pending Appeal [ECF # 23], raising similar arguments (i.e. work commitments, purported need to coordinate with the Chapter 7 bankruptcy trustee) to those the Court had previously rejected.  The Harvard Defendants oppose this Motion.

## II.     ARGUMENT

The Motion for Stay Pending Appeal should be denied as the Court of Appeals lacks jurisdiction to consider an interlocutory appeal of this Court's denial of a motion to stay and for sanctions.  Accordingly, there is no basis to further stay this matter pending the resolution of the improper appeal.[2]

### A.     The First Circuit Lacks Jurisdiction to Hear This Purported Interlocutory Appeal, and the Appeal Should Be Dismissed

Like this Court, the United States Courts of Appeals "are courts of limited jurisdiction," and for an appeal to be justiciable, "each case must come within some articulable grant of jurisdiction."  Britell v. United States, 318 F.3d 70, 72 (1st Cir. 2003).  "Generally speaking, appeals are permitted only from final judgments of the district court.  The final judgment rule minimizes dilatory, piecemeal litigation, and promotes judicial efficiency."  U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 54 (1st Cir. 2009).  Thus—with rare exceptions—a ruling by this Court must fall within a grant of appellate jurisdiction under 28 U.S.C. § 1292(a)(1) in order to be appealed *prior to* entry of final judgment.

---

[2] Note also that the Harvard Defendants plan to file a motion with the Court of Appeals to summarily dismiss the appeal.

3

Section 1292(a)(1) provides an immediate right of appeal for "[i]nterlocutory orders of the district courts of the United States … granting, continuing, modifying, refusing or dissolving *injunctions*, or refusing to dissolve or modify *injunctions*." (Emphasis added). Neither the denial of the Plaintiff's request for a stay, nor of his request for sanctions, constitutes an order granting, continuing, denying, or otherwise relating to, an "injunction."

The Circuit Courts of Appeals define an "injunction" for purposes of 28 U.S.C. § 1292(a)(1) as:

> [A]n order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion. It is to be contrasted with an order by a court that regulates the conduct of the litigation, which is not considered an injunction for the purposes of appellate jurisdiction, even though punishable by contempt.

Frutiger v. Hamilton Cent. School Dist., 928 F.2d 68, 72 (2d Cir. 1991) (quoting Gon v. First State Insurance Co., 871 F.2d 863, 865-66 (9th Cir. 1989)); accord Saudi Basic Indus. Corp. v. Exxon Corp., 364 F.3d 106, 110 (3d Cir. 2004); Chatman v. Spillers, 44 F.3d 923, 924 (11th Cir. Ga. 1995). A stay order meets none of these criteria.

The United States Supreme Court held that a district court's order *refusing* to stay federal litigation due to the pendency of state court litigation between the same parties was *not* an order denying an injunction that is immediately appealable under 28 U.S.C. § 1292(a)(1). Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988).[3] Such an order is simply "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court … [and] is not appealable under § 1292(a)(1)." Id. at 279. Similarly, the First Circuit has advised that:

---

[3] Certain *dicta* in the Gulfstream Aerospace decision addressing the immediately appealability of a lower court order denying a motion to stay and compel arbitration was subsequently invalidated by amendments to the Federal Arbitration Act. See Jack Ingram Motors, Inc. v. Jeffery Ward Primus Auto. Fin. Servs., Inc., 768 So. 2d 362, 365 (Ala. 1999). The main holding of Gulfstream Aerospace survives, however.

> Ordinarily, a decision by a district court to stay litigation before it pending developments in a different action involving the same issues is not appealable. Such a highly discretionary 'stay' decision, is neither 'final' nor equivalent to an 'injunction.' It thus provides no basis for an appeal under either *§ 1291* or *§ 1292(a)*.

<u>Acton Corp. v. Borden, Inc.</u>, 670 F.2d 377, 380 (1st Cir. 1982) (citations omitted). Given that no "injunction" was involved in the Court's March 31, 2016 Electronic Order [ECF # 19], no interlocutory appeal should lie from that Order, and the attempted appeal provides no basis for staying these proceedings.

Similarly, the Court of Appeals lacks jurisdiction to consider an interlocutory appeal on the denial of a motion for sanctions. <u>See, e.g.</u>, <u>Valero Refining, Inc. v. M/T Lauberhorn</u>, 813 F.2d 60, 66 (5th Cir. Tex. 1987) ("We conclude … that we lack jurisdiction to consider this issue because the district court's order denying sanctions is not a final appealable judgment."); <u>God & Country Found. v. Euille</u>, Docket No. No. 03-2354, 2004 U.S. App. LEXIS 1167 (4th Cir. Jan. 27, 2004) (per curiam) (denial of sanctions motion not immediately appealable under 28 U.S.C. § 1292). A denial of a motion for sanctions is not an order granting, continuing, modifying, refusing or dissolving an "injunction," <u>see</u> 28 U.S.C. § 1292(a)(1), as it is not "designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion," but is instead "an order by a court that regulates the conduct of the litigation." <u>Frutiger</u>, 928 F.2d at 72. Thus the denial of the Plaintiff's request for sanctions is not appealable on an interlocutory basis, and likewise provides no justification for the renewed request for a stay.

Accordingly, because there is no basis[4] for jurisdiction for the Plaintiff to appeal the Court's March 31st Order, there is no good reason for this Court to stay further proceedings in this action pending the "outcome" of the attempted appeal.

### B. Fed. R. Civ. P. 62(c), Cited by the Plaintiff, Does Not Apply

The Plaintiff cites Rule 62(c) of the Federal Rules of Civil Procedure as the procedural basis for his request for a stay. This section, however, does not apply. It provides:

> (c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies *an injunction*, the court may suspend, modify, restore, or grant *an injunction* on terms for bond or other terms that secure *the opposing party's rights*.

Fed. R. Civ. P. 62(c) (emphasis added). As discussed above, the Plaintiff is not appealing from an order relating to "an injunction," and thus Rule 62(c) does not apply. Further, the text of this section suggests that it is intended to protect the rights of the party *opposing* the appeal, not the rights of the appealing party. Fed. R. Civ. P. 62(c) thus provides no basis for a stay.

---

[4] The Court's March 31, 2016 Electronic Order [ECF # 19] is further not appealable under the "collateral order doctrine" established under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). This doctrine recognizes that "[c]ertain collateral orders are essentially 'final decisions' and are therefore immediately appealable under 28 U.S.C. § 1291." Cady v. Walsh, 753 F.3d 348, 358 (1st Cir. 2014). To be immediately appealable under this doctrine, "an order must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action [the 'separability requirement'], and [3] be effectively unreviewable on appeal from a final judgment.'" Cady v. Walsh, 753 F.3d 348, 358 (1st Cir. 2014) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)). The substance of the Court's March 31, 2016 Electronic Order does not meet the test's factors. The Plaintiff fails to conclusively determine *any* question – the Court simply refused to grant the Plaintiff a several month stay based on an asserted need to coordinate with the Chapter 7 trustee and the Plaintiff's work schedule (although the Court did grant Plaintiff a two week enlargement of time to oppose the motion for remand, which Plaintiff failed to meet), and refused to sanction the Harvard Defendants for an *alleged/perceived* Rule 7.1 violation. With respect to the second factor, no "important issue" is at stake, as it is undisputed that this Court has full discretion whether to grant or deny stays of matters before it, and the denial of a stay – and a decision on the pending Motion to Remand this matter to the Massachusetts Superior Court – in no way prevents the Plaintiff from conferring with the bankruptcy trustee. Just as in Acton, there is no "no important separable right likely to be lost" based on the denial of stay. Acton Corp., 670 F.2d at 380.

### C. No Basis for Stay Under Fed. R. App. P. 8(a)(1)(A) or the Court's Inherent Authority to Manage its Docket

No stay is required under either the Court's inherent authority to manage its docket or the provisions of Fed. R. App. P. 8(a)(1)(A). Although "federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets *reasonably requires such intervention*," Marquis v. Fed. Deposit Ins. Corp., 965 F.2d 1148, 1154 (1st Cir. 1992) (emphasis added), the Plaintiff offers no such reasonable justification here. Plaintiff's reasons for again requesting a stay are much the same as those the Court already rejected in ruling on the Plaintiff's Emergency Motion for Stay [ECF # 15].

First, the Plaintiff again raises his purported need to coordinate with the Chapter 7 trustee prior to a decision on remand, see Mot. for Stay Pending Appeal [ECF # 23] at 4, ignoring the incontrovertible fact that he as a *pro se* Chapter 7 debtor is free to discuss this litigation with the trustee regardless of whether this matter is pending in federal district court or in state court, and is not precluded from doing so now.

Second, the Plaintiff again requests that the Court take his personal litigation and non-litigation work commitments into account in ruling upon his latest stay request. The Court has previously heard and rejected this argument—except to the extent the Court magnanimously gave the Plaintiff until April 15, 2016 to oppose the Harvard Defendants' Motion to Remand, a deadline which the Plaintiff did not meet. The Plaintiff's attempt to file a non-meritorious appeal does not make this argument any more reasonable.

Third, as detailed above, the First Circuit lacks jurisdiction to consider the Court's March 31, 2016 appeal on an interlocutory basis, and therefore the fact that the Plaintiff has filed a notice of appeal should not lend him any weight in favor of a stay of these proceedings.[5]

There is simply no basis for the Court to exercise its general grant of discretion or invoke Fed. R. App. P. 8(a)(1)(A) to issue a stay of these proceedings.

## III. CONCLUSION

Since Plaintiff filed suit in Massachusetts Superior Court in November 2014, his litigation strategy appears to be a study in delay tactics meant to avoid a decision on the merits. The instant "appeal" is another attempt at delay. And in the course of filing paper after paper seeking delay after delay, Plaintiff has mischaracterized the arguments of the Harvard Defendants and made inaccurate statements and representations about them.[6]

This Court afforded Plaintiff additional time to oppose the Motion for Remand through April 15, 2016. Instead of using that time to file an opposition, Plaintiff has filed an appeal and an eleven page motion seeking a stay pending the appeal, filling those pages with rehashed arguments already denied as well as mischaracterizations of the Harvard Defendants' arguments.[7] Enough is enough. There is no good reason for further delay.

---

[5] The Plaintiff further requests that "[i]f the Court is not inclined to grant the motion for a stay pending appeal, I hereby move for a temporary administrative stay of the Court's Order, pending resolution by the Court of Appeals of a stay motion to that court under FRAP 8(a)(2)." It is not clear how this request is any different in substance than the relief requested in the remainder of the Motion for Stay Pending Appeal, but the Plaintiff regardless provides no reason the Court should consider granting an even more limited stay.

[6] In the interest of space, Harvard will not burden the Court with a point-by-point rebuttal of every inaccurate statement in Plaintiff's most recent filings, as most of them are irrelevant to the issue at hand. See, e.g. Mot. to Stay Pending Appeal [ECF # 23] at 6-8. In some instances, Plaintiff even incorrectly attributes certain statements or positions to the Harvard Defendants using quotation marks, as if he were directly quoting these defendants or the undersigned. Id. Should this matter proceed in this Court, Harvard reserves all rights to address those misstatements not specifically addressed in this Opposition.

[7] Plaintiff has subsequently also filed a twenty-eight page "[Supplemental or Amended] Motion for Stay Pending Appeal and Memorandum in Support With Exhibits." [ECF # 24].

WHEREFORE, for the foregoing reasons, the Harvard Defendants respectfully request that this Honorable Court DENY the Plaintiff's Motion for Stay Pending Appeal [ECF # 23], expeditiously rule upon the Harvard Defendants' unopposed Motion to Remand [ECF # 5], and grant such further relief as it deems just.

**Respectfully submitted,**
**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS,**

**By their Attorneys,**

**/s/ William P. Mekrut**
**John P. Coakley, BBO# 558685**
**William P. Mekrut, BBO# 654350**
**Stephen D. Coppolo, BBO#670342**
**MURPHY & RILEY, P.C.**
**101 Summer Street**
**Boston, MA  02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**wmekrut@murphyriley.com**
**scoppolo@murphyriley.com**

**DATED: May 16, 2016**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, upon information and belief, the Court's ECF system will serve an electronic copy of the foregoing upon the following counsel of record:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

      I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

      /s/ William P. Mekrut
      William P. Mekrut, BBO# 654350

DATED:  May 16, 2016