CASE A: 16-CV-10105          Date: 5/20/16

## LIST OF EXHIBITS (FOR REPLY/REBUTTAL)

1. **EXHIBIT 1 – STATE COURT DOCKET**

2. **EXHIBIT 2– EMAIL SHOWING DATE HARVARD NOTIFIED ME OF THEIR MOTION TO LIFT STAY IN STATE COURT**

3. **EXHIBIT 3 – PROFILE ON JUDGE PETER LAURIAT SHOWING TEACHING AFFILIATION WITH HARVARD**

4. **EXHIBIT 4 - ORDER OF RECUSAL (JUDGE PATTI SARIS)**

5. **EXHIBIT 5 – SCREENSHOT OF STATE COURT DOCKET SHOWING CASE IS CLOSED IN STATE COURT**

6. **EXHIBIT 6 - RULING ON TRUSTEE APPLICATION TO EMPLOY**

7. **EXHIBIT 7 – HARVARD'S MOTION FOR STAY IN ANOTHER DISCRIMINATION LAWSUIT WHEREIN HARVARD MAKES THE ARGUMENTS THAT CONTRADICTS THEIR ARGUMENTS THEY HAVE MADE IN THIS CASE**



8. **EXHIBIT 8 – HARVARD'S COUNSEL EMAILS RELATING TO THEIR MOTION TO REMAND**

9. **EXHIBIT 9 – MOTION TO REMAND BY DEFENDANTS ARORA, HARDING AND POLLOCK**

10. EXHIBIT 10 - SLAVENSKOT'S SPECIAL MOTION TO DISMISS SHOWING APPARENT COUNTER CLAIMS ASSERTED
a.b.

11. EXHIBIT 11 - SLAVENSKOT'S MOTION TO LIFT STAY SIMILAR TO HARVARD'S MOTION TO LIFT STAY
a.b.

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DIST. OF MASS
16 MAY 23   PM 2: 5

# **EXHIBIT 1 – STATE COURT DOCKET**

5/21/2016                                                    Massachusetts Trial Court

## 1484CV03606 Bisasor, Andre vs. Slavenskoj, Danslav et al

| | | | |
|---|---|---|---|
| **Case Type** | Torts | **Case Status** | Closed |
| **Status Date:** | 01/25/2016 | **File Date** | 11/18/2014 |
| **Case Judge:** | | **DCM Track:** | F - Fast Track |
| **Next Event:** | | | |

All Information    Party    Event    Tickler    Docket    **Disposition**

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 11/18/2014 | Complaint | 1 |
| 11/18/2014 | Origin 1, Type B99, Track F. | |
| 12/22/2014 | Civil action cover sheet filed (n/a) | 2 |
| 02/17/2015 | Plaintiff Andre Bisasor's MOTION to extend time for service of process until 60 days filed & ALLOWED on 2/13/15. Plff shall; have 60 days from this date hereof to amend his complate and demonstrate proof of service on the defts. (Robert Gordon, Justice) notices mailed 2/13/15 | 3 |
| 03/13/2015 | Plaintiff's Second MOTION to Extend Time to Serve Process on Defendants: ALLOWED in Part. The time for demonstrating effectated service of process is hereby enlarged to and including May 5, 2015. No further extensions (Gordon, J.) ( filed and entered 3/13/15) notice in hand 3/13/15 | 4 |
| 05/18/2015 | Plaintiff Andre Bisasor's emergency MOTION to to extend time for service of process on deftsf iled on 5/14/15 & ALLOWED on 5/15/15, but with no further extensions. ervice on defts shall be made and returned by or before June 19, 2015, or this action may be dismissed. (Peter Lauriat, Justice) notices mailed 5/15/15 | 5 |
| 06/19/2015 | Amended complaint of plff & jury demand (all issues) (enered 6/18/15) | 6 |
| 06/22/2015 | SERVICE RETURNED (summons): Harvard University & Harvard Extension School (in hand on 6/19/15) | 7 |
| 06/22/2015 | SERVICE RETURNED: Huntington Lambert(Defendant) (in hand on 6/19/15) | 8 |
| 06/22/2015 | SERVICE RETURNED: Robert H Neugeboren(Defendant) in hand on 6/19/15) | 9 |
| 06/22/2015 | SERVICE RETURNED: Michael Shinagel(Defendant) (in hand on 6/19/15) | 10 |
| 06/22/2015 | SERVICE RETURNED: Shirley R Greene (as amended)(Defendant) (in hand on 6/19/15) | 11 |
| 06/22/2015 | SERVICE RETURNED: Margaret C Andrews (as amended)(Defendant) (last & usual place of business on 6/19/15) | 12 |
| 06/22/2015 | SERVICE RETURNED: Danslav Slavenskoj(Defendant) (last & usual place of abode on 6/19/15) | 13 |
| 06/22/2015 | SERVICE RETURNED: Krishan Arora (as amended)(Defendant) (in hand on 6/19/15) | 14 |
| 06/22/2015 | SERVICE RETURNED ( Philip Harding UNSERVED | 15 |
| 07/02/2015 | Daniel Slavenskoj's Motion for an extension of time to file a responsive pleading to plff's complaint (w/o oposition) | 16 |
| 07/03/2015 | Amended Memorandum in support of his motion for an extension of time to file a responsive pleading to Plaintiff's complaint pursuant to Mass.R.Civ.P.6(b) filed by Defendant Danslav Slavenskoj | 17 |
| 07/06/2015 | Motion (P#16) DENIED without prejudice for failure to demonstate compliance with Superior Court Rule 9(a) Robert B. Gordon, Justice) Notices mailed 7/6/2015 | |
| 07/08/2015 | ORDER OF DISMISSAL (SON 1-88) re: Es.com Affiliated Companies, Jane | 18 |

5/21/2016                                      Massachusetts Trial Court

| | Doe, John Doe; service not complete by deadline | |
|---|---|---|
| ✔ 07/09/2015 | Defendant Danslav Slavenskoj's Emergency MOTION for an extension of time to file a responsive pleading to Plaintiff's Complaint Pursuant to Mass. R. Civ. P. 6(b) | 19 |
| 07/09/2015 | Notice of intent to file motion to extend time in which to file a responsive pleading | 20 |
| 07/10/2015 | Motion (P#19) ALLOWED (Robert B. Gordon, Justice). (entered 7/9/15) Notices mailed 7/10/2015 | |
| 07/14/2015 | Notice of intent to file Motion to Dismiss by defts President & Fellows of Harvard College (misnames i the Amended Complaint as "Harvard Extension School/Harvard University") Robert H Neugeboren Michael Shinagel Huntington Lambert Shireley R Greene & Margaret C Andrews | 21 |
| 07/14/2015 | Defendant Ken Veda (as amended)'s Notice of intent to file motion to dismiss | |
| 07/16/2015 | Letter to Judge Gordon Request of Harvard defts for leave to exceed page limits /Memorandum of law in support of Motion to dismiss & ALLOWED (Gordon,J) Notice Sent 7/16/17 | 22 |
| 07/16/2015 | Plaintiff Andre Bisasor's MOTION to Vacate automatic dismissal for John & Jane Doe and for extension of time to serve process on John & Jane Doe | 23 |
| 07/16/2015 | Plaintiff Andre Bisasor's MOTION for default order against Ken Veda (as amended) | 24 |
| 07/16/2015 | Affidavit of compliance by Andre Bisasor without proof of service of complaint re: Ken Veda (as amended) by certified mail no retunr receipt on 6/26/15 | 25 |
| 07/16/2015 | Affidavit of compliance by Andre Bisasor with proof of service of complaint re: Ashley R Pollock (as amended) by certified mail return receipt on 6/26/15 | 26 |
| 07/20/2015 | Plaintiff Andre Bisasor's Emergency MOTION for extension of time to respond to motion to dismiss by Defendants Harvard Extension School/Harvard University (known as President & Fellows of Harvard College), Robert H. Neugeboren; Michael Shinagel; Huntington Lambert; Shirley R. Greene; Margaret C. Andrews | 27 |
| ✔ 07/20/2015 | Plaintiff Andre Bisasor's MOTION for entry of default against Harvard Extension School/Harvard University (known as President & Fellows of Harvard College), Robert H. Neugeboren; Michael Shinagel; Huntington Lambert; Shirely R. Green; Margaret C. Andrews (w/o opposition) | 28 |
| ✔ 07/20/2015 | Motion (P#23) ALLOWED plff shall have 90 days from the date hereof to effect service of process on John and Jane Doe (Robert B. Gordon, Justice) Notices mailed 7/20/2015 (entered 7/12/15) | |
| 07/20/2015 | ORDER of default (P#24) to order against deft Vedaa (Gordon,J) Notice sent 7/20/15 (entered 7/17/15) | |
| 07/23/2015 | Opposition to Plff's motion for entry of default filed by Harvard, Robert H Neugeboren, Huntington Lambert, Michael Shinagel, Harvard Extension School (as amended), Margaret C Andrews (as amended), Shirley R Greene (as amended) | 29 |
| 07/28/2015 | Motion (P#27) ALLOWED. Plff's time to respond to the deft's motion to dismiss is enlarged to 8/23/15. (Robert B. Gordon, Justice) Notices mailed 7/28/2015 (entered 7/22/15) | |
| 07/29/2015 | Letter to Judge Robert B Gordon Request of plff for permission to file a rely memorandum to opposition to plff's Motion for entry of default against defts President & Fellows of Harvard College Robert H Neugboren Michael Shinagel Huntington Lambert Shirley R Greene Margaret C Andrews (hereinafter " Harvard Defts") & DENIED (Gordon,J) Notice Sent 7/29/15 | 30 |
| 07/30/2015 | Case status changed to 'Needs review for answers' at service deadline review | |
| 07/30/2015 | Defendant Ken Vedaa (as amended)'s emergency MOTION to vacate order of default | 31 |
| 08/03/2015 | Motion (P#31) ALLOWED. The previously ordered Default is hereby Vacated (Robert B. Gordon, Justice) Notices mailed | |

| | | |
|---|---|---|
| | vacated (Robert B. Gordon, Justice). (entered 7/31/15) Notices mailed 8/3/2015 | |
| 08/03/2015 | Kenneth Vedaa Jr Motion to Dismiss (w/o opposition) | 32 |
| 08/03/2015 | Affidavit of Kenneth W Vedaa Jr | 33 |
| 08/06/2015 | Response of Plaintiff to emergency motion to vacate default by Defendant Ken Vedaa and Plaintiff's Emergency Request for an extension of time to respond to Defendant Ken Vedaa's motion to dismiss | 34 |
| 08/13/2015 | Motion (P#[34) Plff's Request for additional time to respond to Motion to Dismiss ALLOWED all response due no later than 8/23/15 The parties are further directed to exchange currant contact information litigation with special insuctions that may be required to insure service and are reminded that emergency motions are dismissed absent exigant cicumstances going forward strict compliance with Superior Court Rule 9A will be expected (Gordon,J) Notice sent 8/12/15 (entered 8/12/15) | |
| 08/20/2015 | Emergnecy request to set aside allowance granted to"The Harvard defts" to file a single memorandum (per their Motion to Dismiss) for the six Harvard defts and to prohibit ex parte communications by the Harvard defts with the Judge | 35 |
| 08/21/2015 | Motion (P#35) ) DENIED The allowance of Harvard 's motion to present consolidated memorandum of law conferred no "tactical advantage" of any laws upon the defts This was a miniterial motion and promises to assist the Court in its management of this motion -party litigation Going forward all parties are reminded that ex parte motion will not be entertained in the absence of exceptional circumstances The Court further directs the parties to comply with the August 13, 2015 order regarding the exchange of current contact information (Robert B. Gordon,) ) Notices mailed 8/21/2015 (entered 8/20/15) | |
| 08/25/2015 | PROCEDURAL ORDER: The plaintiff is hereby directed, within five days of his receipt hereof, to confirm in writing that his address on file with the Court continues to be his correct mailing address. Unless the plaintiff provides the Court with notice of a changed address, the Court will presume that all postage-paid mail properly addressed to him at the address on file has been delivered and received by him. The defendants are reminded that certified mail is not required for the transmittal of ordinary pleadings. SO ORDERED. (Robert B. Gordon, Justice) Dated: August 24, 2015 Notice sent 8/24/15 | 36 |
| 08/31/2015 | Court received letter from Plaintiff to Hon Robert Gordon regarding letter of Address & Issues Related to August 25 Procedural Order | 37 |
| 08/31/2015 | Affidavit of compliance with Superior Court Rule 9A regarding Plaintiff 's Opposition to Harvard Defendant's Motion to Dismiss | 38 |
| 08/31/2015 | Defendant Ken Vedaa (as amended)'s MOTION to Dismiss (MRCP 12b) Complaint for lack of personal jurisidiction, and failure to state claim for which relief can be granted (w/o opposition) | 39 |
| 08/31/2015 | Affidavit of Affidavit of compliance with 9A | 40 |
| 09/01/2015 | Plff's opposition to deft Ken Vedaa's Motion to Dismiss | 41 |
| 09/01/2015 | Memorandum: in support of plff's opposition to deft Ken Vedaa's Motion to Dismiss | 42 |
| ✔ 09/01/2015 | Defendant Danslav Slavenskoj's special emergency MOTION to Dismiss (MRCP 12b) Complaint of Andre Bisasor pursuant to MGL c. 231 Sec. 59h (w/o opposition) | 43 |
| 09/01/2015 | MOTION to Dismiss by President & Fellows of Harvard College (Misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), Robert H Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (without opposition) | 44 |
| 09/01/2015 | Plaintiff Andre Bisasor's emergency MOTIONconcerning Plff directly submitting to the Court plff's opposition to deft Ken Vedaa's motiont o dismiss and a request for sanctions against Ken Vedaa | 45 |
| ✔ 09/02/2015 | Suggestion of bankruptcy by Plaintiff, Andre Bisasor | 46 |
| 09/03/2015 | Motion (P#41) The Plff is directed to re-rile his opposition to deft Vedaa's motion to dismiss and to do so in a manner compliant with | |

5/21/2016                    Massachusetts Trial Court

| | | |
|---|---|---|
| | Superior Court Rule 9A (a)(5) ("unless leave of court has been obtained in advance all memoranda of law and opposition thereto shall not exceed 20 pages") The Plff shall have 14 days to make this filing. (Robert B. Gordon, Justice). Notices mailed 9/3/2015 (entered 9/2/15) | |
| 09/03/2015 | Motion (P#37) All parties are advised that there have not been, and will not be, any exparte communications with the undersigned. All parties are further advised that the addresses they have listed with the Court are the addresses that will be used for all mailings both from other parties and the Court. All mail that is properly stamped and addressed correctly shall be presumed to have reached the intended recepient unless returned to sender. The court will not trpically intertain complaint about un-received mail in these circumstances absent demonstrable cause. Finally, the session clerk is not to be looked to as a source for legal advise or a sounding board for airing grievances about other parties or their lawyers. Her take is to manage the administrative functions of the session, and in particul;ar, the scheduling of motions and trials. Please berespectful of her time and position. (Robert B. Gordon, Justice). Notices mailed 9/3/2015 (entered 9/2/15) | |
| 09/04/2015 | Motion (P#43) The plaintiff is directed to reply to defendant Slavenskoj's Special Emergency Motion to Dismiss within 21 days of the date hereof (Robert B. Gordon, Justice) ( entered 9/2/15) . Notices mailed 9/4/2015 | |
| 09/04/2015 | Pleading(P#46) (Suggestion of Bankruptcy) In accordance with the plaintiff's suggestion of Bankruptcy, an by operation of 11 US c. sec 362, the Action is hereby STAYED as to all parties pending discharge of the bankruptcy estate or other order form the Bankrupcy Court (Robert B. Gordon, Justice) (entered 9/3/15) notice sent 9/4/15 | |
| 09/04/2015 | Motion (P#45) NO ACTION TAKED. The case has been stayed by order of the Court of today's date (Robert B. Gordon, Justice). (entered 9/3/15) Notices mailed 9/4/2015 | |
| 09/04/2015 | Motion (P#44) NO ACTION TAKED. The case has been stayed by order of the Court of today's date (Robert B. Gordon, Justice). (entered 9/3/15) Notices mailed 9/4/2015 | |
| 09/04/2015 | Court received letter from Defendant Slavenskoj to Hon. Robert Gordon regarding his motion to Dismiss: NO ACTION TAKEN. The case has been stayed in consideration of the Plaintiff's suggestion of bankruptcy as of today's date (Gordon,J.) (filed and entered 9/3/15) notice sent 9/4/15 | 47 |
| 09/11/2015 | Emergency Opposition to Plaintiff's suggestion of bankruptcy filed by Defendant Danslav Slavenskoj | 48 |
| 09/17/2015 | Emergency Opposition (P#48) Treating this submission as a Request for Reconsideration of the Court's decision to stay the Plaintiff's action pending further direction from the Bankruptcy Court, the request is DENIED. (Robert B. Gordon, Justice). Dated 9/15/15 Notices mailed 9/16/2015 | |
| 10/01/2015 | Defendant Harvard Extension School (as amended), Robert H Neugeboren, Michael Shinagel, Jane Doe's Assented to Motion to<br><br>lift stay | 49 |
| 10/06/2015 | Appearance entered<br>On this date Joseph P Dever, Esq. added for Defendant Philip Harding (as amended) | |
| 11/10/2015 | Endorsement on Motion to lift stay by the defts (#49.0): ALLOWED<br><br>upon review, no opposition having been filed and the law, in any event, being clear,  And the defts' motion to dismiss is set down for 1/26/16 @ 2:00pm. (entered 11/2/15) notices mailed 11/9/15 | |
| 12/11/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On:  12/11/2015 10:21:52 | |
| 12/11/2015 | The following form was generated:<br><br>Notice to Appear<br>Sent On: 12/11/2015 11:12:02 | |
| 01/14/2016 | The following form was generated: | |

5/21/2016                                   Massachusetts Trial Court

| | Notice to Appear<br>Sent On: 01/14/2016 15:37:50 | |
|---|---|---|
| 01/20/2016 | Defendant Krishan Arora (as amended), Philip Harding (as amended), Ashley R Pollock (as amended)'s<br>Motion to dismiss all counts<br>of Plaintiff's Amended Complaint (w/o opposition) | 50 |
| 01/20/2016 | Request for hearing filed | 51 |
| | Applies To: Pollock (as amended), Ashley R (Defendant); Harding (as amended), Philip (Defendant); Arora (as<br>amended), Krishan (Defendant) | |
| 01/22/2016 | Notice of Removal to the United States District Court filed by | 52 |
| | Plaintiff | |
| | Applies To: Bisasor, Andre (Plaintiff) | |
| 01/25/2016 | Event Result:<br>The following event: Rule 12 Hearing scheduled for 01/26/2016 02:00 PM has been resulted as follows:<br>Result: Canceled<br>Reason: Request of Plaintiff | |
| 01/25/2016 | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 01/25/2016 | Case transferred to another court. | |

# EXHIBIT 2– EMAIL SHOWING DATE HARVARD NOTIFIED ME OF THEIR MOTION TO LIFT STAY IN STATE COURT

-----Original Message-----
From: William Mekrut <wmekrut@murphyriley.com>
To: Andre Bisasor <quickquantum@aol.com>
Cc: Stephen D. Coppolo <SCoppolo@murphyriley.com>; John Coakley <jcoakley@murphyriley.com>
Sent: Thu, Sep 17, 2015 5:11 pm
Subject: Bisasor v. Harvard, et al.

Dear Mr. Bisasor, I have attached to this email in PDF a courtesy copy of the Motion to Lift the Stay by the Harvard Defendants, which was served by regular mail on September 14, 2015.

-Bill Mekrut.

**William P. Mekrut**
Murphy & Riley, P.C.
101 Summer Street, 2nd Floor
Boston, MA   02110
Telephone:  617-423-3700
Facsimile:  617-423-1010
www.MurphyRiley.com

#### **** CONFIDENTIALITY NOTICE ****

This e-mail message and any documents accompanying this e-mail transmission contain confidential and/or legally privileged information from the law firm of Murphy & Riley, P.C. The information contained herein is intended only for the use of the individual(s) named on the e-mail message. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this information or the taking of any action in reliance on the contents of this e-mail transmission is strictly prohibited. If you have received this transmission in error, please reply to the sender advising of the error and delete the message and any accompanying documents from your system immediately. Thank you.

# EXHIBIT 3 – PROFILE ON JUDGE PETER LAURIAT SHOWING TEACHING AFFILIATION WITH HARVARD

## Voice of the Judiciary

By Judge Peter M. Lauriat

### Observations From The Bench:

# Eight Ways to Succeed At Trial



Hon. Peter M. Lauriat has been an Associate Justice of the Massachusetts Superior Court since 1989. Prior to joining the Superior Court, Judge Lauriat practiced law for 17 years, specializing in civil and criminal litigation.

Judge Lauriat has taught at Harvard Law School and the National Judicial College, and has written and lectured nationally on litigation and jury trial issues and techniques. He is an editor and contributor to several publications, and is a member of the Massachusetts Supreme Judicial Court's Jury Management Advisory Committee.

One of the occupational hazards of sitting on the bench is being asked frequently about those things lawyers do that most please - or displease - the judge. Each of us has observed, over years of experience, a number of acts or omissions by attorneys who appear before us that please us immensely or drive us to distraction. At the request of the Board of Editors, I herewith present my list of the esteemed and egregious, which are really both sides of the same coin.

*Share with jurors.* Jurors and exhibits are two important components of a jury trial. Yet too many lawyers, who work hard to seat good jurors and get important exhibits into evidence - then fail to share the latter with the former. Successful lawyers will share every admitted document and photograph with their jury - passing them among the jurors, giving them copies, creating notebooks of admitted exhibits for them, using blow ups or displaying the exhibits on a television monitor. Keeping exhibits from the jury until deliberations simply does not work.

*Minimize objections.* Too often, a lawyer will object to questions, answers or other evidence that while objectionable under our rules of evidence, are not harmful to their case. A wise attorney will evaluate the question's effect or impact, and save objections, and the judge's and jury's patience, until a matter arises that is not only important, but could have an impact on the outcome. While this decision must often be made quickly, over time lawyers can learn to make it effectively. The fewer unnecessary interruptions that the jury observes or endures, the better.

*Limit side-bars.* Surprisingly to some attorneys, judges are not fond of side-bars. Needless to say, neither are jurors. A corollary to avoiding unnecessary objections is not wearing a path to the side of the bench. Both judge and jurors appreciate an economical, briskly paced presentation of evidence, interrupted as infrequently as possible. While seeking numerous side-bars may not make or break your case, it may affect the jurors' view of your confidence in your claims or defenses. "What was he or she trying to hide" is a frequent comment from jurors when I ask them after trial about their reactions to side-bars.

*Avoid repetition.* One of the most frequent complaints that jurors, and judges, voice is about questions that are asked repeatedly of a witness, or of several witnesses. For example, asking the sixth expert medical witness what it means to be board certified will cause audible groans among jurors. In those circumstances, I have been tempted to ask if anyone still does not understand the process of board certification. Jurors usually get it the first time, and if they don't, one will usually ask me to ask the witness a similar question (note my subtle plea to allow jurors to ask questions).

*Prepare instructions carefully.* A lawyer will have a much greater chance of securing the use of proposed instructions if they accurately and impartially reflect the law. Instructions that misquote or misstate the law are not only disfavored, but reflect poorly on the lawyer who

# **EXHIBIT 4 - ORDER OF RECUSAL (JUDGE PATTI SARIS)**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY THEIDON,<br>　　　　　　Plaintiff<br><br>v.<br><br>HARVARD UNIVERSITY, ET AL<br>　　　　　　Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 15-10809-PBS<br>)<br>)<br>)<br>) |

**RECUSAL ORDER**
June 18, 2015

SARIS, U.S.D.J.

　　I recuse myself on the ground my husband is a Professor at
Harvard University.


　　　　　　　　　　　　　　/s/ PATTI B. SARIS
　　　　　　　　　　　　　　Chief United States District Judge

# EXHIBIT 5 – SCREENSHOT OF STATE COURT DOCKET SHOWING CASE IS CLOSED IN STATE COURT



# EXHIBIT 6 - RULING ON TRUSTEE APPLICATION TO EMPLOY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

In re:

ANDRE BISASOR,

Chapter 7
No. 15-13369-JNF

Debtor.

### APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY COUNSEL

TO THE HONORABLE HONORABLE JOAN N. FEENEY,
UNITED STATES BANKRUPTCY JUDGE

John J. Aquino, the duly appointed Chapter 7 trustee (the "Trustee") of the estate of Andre

Bisasor, the debtor herein (the "Debtor"), hereby submits this application for authority to retain the

law firm of Anderson Aquino LLP as counsel to the Trustee. In support of this Application, the

Trustee respectfully represents as follows:

      1.      On Aug 27, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief

under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C §101 *et seq.* (the "Bankruptcy

Code").. On January 6, 2016, the Court entered an Order converting the Debtor's Chapter 13 case to

a case under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed Chapter 7

Trustee by the United States Trustee for the District of Massachusetts and continues to serve in that

capacity.

      2.      The Trustee hereby applies for authority to employ the law firm of Anderson Aquino

LLP as his attorneys under a general retainer for services to be rendered regarding the following:

        (a)      To assist, advise and represent the Trustee in the
administration of this case;

        (b)      To assist, advise and represent the Trustee in any
investigation of the acts, conduct, assets, liabilities and financial condition of the
Debtor, and to direct the activities of accountants and other professionals that
are employed by the Trustee;

05/09/2016 Application granted.

# EXHIBIT 7 – HARVARD'S MOTION FOR STAY IN ANOTHER DISCRIMINATION LAWSUIT WHEREIN HARVARD MAKES THE ARGUMENTS THAT CONTRADICTS THEIR ARGUMENTS THEY HAVE MADE IN THIS CASE





HARVARD CRIMSON ARTICLE ON HARVARD'S REQUEST FOR DELAY IN ANOTHER DISCRIMINATION LAWSUIT

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | Leave to File Granted July 21, 2015 (Dkt. 77) |
| Defendant. | |

REPLY MEMORANDUM
IN SUPPORT OF HARVARD'S MOTION TO STAY

In an opposition laden with more invective than analysis, Plaintiff Students for Fair Admissions, Inc. ("SFFA") portrays as radical the common-sense notion that before the parties undertake a year's worth of costly and intrusive discovery, they should wait for the Supreme Court's imminent clarification of the law—a clarification invited by SFFA's own counsel, in a suit backed by its President. In addition to misstating this Court's substantial discretion to manage its docket, SFFA overstates the prejudice its members would purportedly suffer from a temporary stay and sharply understates the relevance of *Fisher II*. By entering a stay pending the Supreme Court's resolution of that case, this Court would not be licensing "the obstructive tactics once employed to continue racial discrimination" during the Civil Rights era (Opp. 16); it would be exercising its discretion in the manner most consistent with fairness, efficiency, and judicial prudence.

I.   **SFFA Misstates The Law Governing Stays**

"It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court

1

dockets reasonably requires such intervention." *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992). Harvard does not dispute that the power to stay litigation requires "'the exercise of judgment, which must weigh competing interests[.]'" *New Balance Athletic Shoe, Inc. v. Converse, Inc.*, No. 14-cv-14715, 2015 WL 685070, at *1 (D. Mass. Feb. 18, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936)).

SFFA errs, however, in suggesting that any potential prejudice to its members (which, as explained below, SFFA significantly overstates) is the *only* factor that should weigh in the Court's discretionary judgment. As SFFA's own cases establish, prejudice to the non-movant is just one factor that bears on the appropriateness of a stay. In *Alves v. Prospect Mortgage, LLC*, No. 13-cv-10985, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013), for example, this Court identified three factors affecting whether to stay litigation pending the outcome of related proceedings: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy" (internal quotation marks omitted). And in *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248 (D. Mass. 1999), the Court identified six factors that courts weigh "in determining whether to grant a stay because of parallel litigation in a foreign forum," of which prejudice to a party is just one. *Id.* at 252-253. Notably, although SFFA cites *Goldhammer* for the proposition that the power to grant a stay should be exercised sparingly, the Court in that case *granted* a stay (*id.* at 253), despite finding that doing so would cause some prejudice to the non-moving parties (*id.* at 255).[1]

SFFA's suggestion that prejudice to the non-movant is at least the preponderant factor relies on the Supreme Court's statement that "the suppliant for a stay must make out a clear case

---

[1]    *See also Consol. Edison Co. of New York v. United States*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998) (identifying "five factors courts consider in deciding whether to grant a stay" pending overseas litigation).

of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. But that statement does not imply that where granting a stay would prejudice the non-movant and denying it would prejudice the movant, the former harm should outweigh the latter. It addresses only the fact that a movant—who bears the burden of justifying the stay—must carry that burden to demonstrate that these competing harms weigh in favor of a stay. Moreover, the Supreme Court clarified that "[c]onsiderations such as these ... are counsels of moderation rather than limitations upon power." *Id.* Here, the balancing of the applicable factors weighs in favor of a delineated stay, and this Court's discretion to manage its docket authorizes it to take that action.[2]

Finally, SFFA argues (at 2) that "a stay 'is rarely appropriate' when the parallel litigation 'will not dispose of the entire case.'" But the case from which SFFA quotes—*Chavous v. D.C. Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001)— says nothing of the sort. It says that "a stay of discovery pending determination of *a motion to dismiss* is rarely appropriate when *the pending motion* will not dispose of the entire case[.]" *Id.* at 3 (internal quotation marks omitted) (emphasis added). On the question that is actually before this Court—whether to stay this case pending related litigation—the First Circuit has said quite the opposite, holding that a district court may stay a given action "pending resolution of another" even if the other action would "'not dispose of all the questions involved,'" as long as it would "narrow the issues in the pending cas[e] and assist in the determination of the questions of law

---

[2]  SFFA also argues (at 3) that "a stay is especially difficult to secure in cases where the plaintiff has 'alleged ... continuing harm and sought ... injunctive or declaratory relief.'" But the language that SFFA quotes from *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), says no such thing; it simply mentions that a prior case declined mandamus to disturb a stay in part because the plaintiff was seeking only damages.

involved.'" *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253).

**II.      SFFA Overstates The Prejudice That A Stay Would Cause**

SFFA also overstates the degree of prejudice that would actually result from a temporary stay pending the resolution of *Fisher II*.[3]  There are two principal problems with SFFA's argument.

*First*, even an eleven-month delay in this litigation (from the current date to the last possible date for resolution of *Fisher II* in June 2016) would not be particularly significant, in light of the fact that (1) more than a quarter-century has elapsed since the Department of Education examined (and exonerated) Harvard's race-conscious admissions practices against essentially the same challenge SFFA now brings; (2) SFFA has taken the position that discovery in this case should extend well into 2016 in any event; and (3) this delay is the direct result of parallel litigation (in three courts at once) brought by SFFA's counsel and backed by its President.

*Second*, at most a small handful of SFFA's purported members[4]—and quite possibly none—would be affected by that delay.  Although SFFA suggests (at 3) that "the 2016-2017 cycle" is "the first admissions cycle in which a judgment in SFFA's favor likely would take effect" absent a stay, that is unlikely.  Summary judgment motions are not due until mid-October

---

[3]      Because this is not a class action, the only prejudice alleged by SFFA that could possibly be relevant to the Court's consideration of a stay is the prejudice that a stay would cause to SFFA's own members.

[4]      Harvard refers to SFFA's purported members as "members" for purposes of this motion, but reserves the right to argue that SFFA lacks standing to pursue this litigation because its purported members lack any genuine membership relationship with the organization, and further reserves the right to argue that the only members whose individual standing can be attributed to SFFA are those who joined prior to the filing of this action.

2016, with briefing through late November 2016.  Even if the Court were to rule quickly on the motions, any judgment in SFFA's favor would be unlikely to issue before Harvard was already well into its regular admissions cycle for 2016-2017.  Thus, the earliest admissions cycle to which any judgment in SFFA's favor could apply would be 2017-2018.

The proposed stay would therefore not affect any of SFFA's rejected-applicant members ███████████████████████████████████████████████████ (*see* Declaration of Felicia H. Ellsworth ("Ellsworth Decl."), Ex. B), as those members would by that point be ineligible to apply for transfer admission.[5]  And it would not affect the ability of all but three of SFFA's future-applicant members to apply for freshman admission.  The only three members who intend to apply for admission in 2017-2018 or subsequent cycles plan to apply in three different years (██████████████████████████, *see* Ellsworth Decl., Ex. B), so a temporary stay of no more than a year could affect at most a single one of them.

Moreover, Harvard would have ample grounds to seek a stay pending appeal of any adverse judgment—and given the typical timeline of proceedings in the First Circuit and the Supreme Court, it is far likelier that the first admissions cycle affected by any decision would be 2019-2020, an admissions cycle in which SFFA has identified no member who plans to apply. See *id.* (identifying future-applicant members who plan to apply in ████████████ ███████████).  Since the ████████ applicant would not be adversely affected by delaying the effect of an adverse judgment from 2019 to 2020, the likeliest scenario is that *not one* of SFFA's members would be harmed by a stay.

---

[5]   *See* Harvard College Admissions & Financial Aid, Transfer Eligibility, https://college.harvard.edu/admissions/application-process/transferring-harvard-college/transfer-eligibility (last visited July 20, 2015).

SFFA thus substantially overstates the likelihood that a stay in this matter would cause any prejudice. Such a stay might well have zero effect on any of SFFA's purported members. At most, a stay could conceivably affect *one* of SFFA's three members who claim that they plan to apply for freshman admission during the ███████████████████████ admissions cycles.

The likelihood of prejudice to a non-movant is, as noted above, just one among the factors that a district court must balance in determining whether to enter a stay. Here, the speculative possibility of an adverse effect on a single hypothetical applicant does not justify allowing eleven months' worth of costly and burdensome discovery, much of which implicates serious individual privacy considerations, to proceed against a non-profit educational institution while—at the behest of SFFA's own counsel—the Supreme Court clarifies the governing law.[6]

## III.   SFFA Understates The Relevance Of *Fisher II*

SFFA seriously understates the connection between this case and *Fisher II*. ████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████. Ellsworth Decl., Ex. A. SFFA's President, who has also been heavily involved in the *Fisher* litigation, has explained publicly that he sees that case and this one as parts of an integrated litigation strategy.[7] Even aside from the fact that *Fisher II* will provide just

---

[6]    SFFA has even less basis to suggest (at 5) that a temporary stay could result in the destruction of evidence.

[7]    *See* Houston Chinese Alliance, *Edward Blum Speaks About The Legal Battle Against Harvard University*, YouTube (Apr. 26, 2015), https://www.youtube.com/watch?v=VVVuhD0KelQ ("When we filed [*Fisher*], we didn't ask the Court to [end the use of race and ethnicity in higher education], because we felt that it would take a couple of cases to develop our theories and find the right set of facts to do it. But if we

the fifth occasion in the past four decades for the Supreme Court to address the permissible consideration of race in university admissions, it strains credulity for SFFA to contend that *Fisher II* bears only marginal relevance to this case.

As Harvard's opening Memorandum explains, the petition for certiorari in *Fisher II* asks the Supreme Court to resolve a number of questions that lie at the very heart of SFFA's theory of this litigation. It asserts, for example, that a university's decision to consider race in admissions must be measured against the reasons that the university expressed at the time of making that decision, as opposed to those that the university asserts in litigation. Petition for Certiorari, *Fisher v. University of Texas at Austin* (U.S. Feb. 10, 2015) (No. 14-981) ("*Fisher II* Pet.") 14-19. It asserts (at 19-25) that a university must measure its attainment of diversity in a quantitative, not qualitative, manner. And it asserts (at 25-29) that a university may consider race only in filling the last few places in a class.

In its opposition, SFFA now claims (at 12) that these issues have all been so clearly settled that *Fisher II* cannot clarify the law. But the Fifth Circuit obviously did not regard them as settled, or SFFA's lawyers would not be asking the Supreme Court for relief. And while SFFA claims that certain of the issues are not even before the Court in *Fisher II*, that assertion is impossible to square with the petition for certiorari.[8] Despite SFFA's effort to paint the grant of

---

win again at the Supreme Court, we think the hurdle that they articulated the first time in 2013, that hurdle will be raised, it will be more fully fleshed out, and at least for the next two or three years while the Harvard lawsuit is being pursued and the UNC lawsuit is being pursued, it will be harder for universities to use race and ethnicity[.]").

[8]      *Compare* Opp. 13 (arguing that *Fisher II* does not "raise the question whether 'a university's decision to consider race in admissions must be measured against the reasons that the university expressed at the time of making that decision') *and id.* ("SFFA alleges that Harvard is using race neither as a 'plus' factor in accordance with *Grutter* nor to fill the 'last few places' in the freshman class in accordance with [*Bakke*]. *Fisher II* raises none of these issues." (citations omitted)) *with Fisher II* Pet. 15 (criticizing the Fifth Circuit for having been "'persuaded' by UT's ... post hoc rationalizations for its decision to reintroduce racial

certiorari in *Fisher II* as a drama-less and irrelevant affair, SFFA's own President has stated that he expects the Supreme Court's resolution of *Fisher II* to "flesh[] out" the law governing the consideration of race in admissions and to "continue[] to narrow the use of race."[9]

SFFA accuses Harvard of insufficient specificity in addressing how the Supreme Court's resolution of *Fisher II* will affect discovery in this case. It is, of course, difficult to be precise in addressing the effect of an opinion without knowing its contents. But Harvard *has* identified the issues on which *Fisher II* could well shape the law, and any clarification of the law on those issues surely would affect not only the scope of permissible fact and expert discovery, but also the parties' discovery and litigation strategies, which naturally operate under the Supreme Court's guidance on the governing standards for the use of race in university admissions. As this Court is already aware (*see* SFFA's Motion to Compel, Doc. 64), the parties disagree about whether SFFA is entitled to discovery of the massive scope it seeks. The balance the Court will need to strike on this and other disputes regarding the scope of permissible discovery will undoubtedly be influenced by the contours of the governing law.[10]

---

preferences") *and id.* at 27 ("*Bakke* never contemplated the wholesale use of race in the scoring of all applicants.").

[9]     *See supra* note 7; Tamar Lewin & Richard Pérez-Peña, *Colleges Brace for Uncertainty as Court Reviews Race in Admissions*, N.Y. Times, July 1, 2015, at A14 ("'Like most Americans, I hope this case presents the court the opportunity to end racial classifications in higher education, in total,' said Edward Blum, the president of the Project on Fair Representation, which provided counsel to Ms. Fisher .... 'But if the court just continues to narrow the use of race, we would see that as a great victory, too.'").

[10]     SFFA also derides as "absurd" (Opp. 7) the notion that *Fisher II* might cause Harvard to reexamine its admissions practices, causing this litigation to become moot and wasting the intrusion and expense of a year's worth of discovery. But SFFA's suggestion that this case would *not* be mooted by a change to Harvard's admissions practices depends on the notion that it would fall within the voluntary-cessation exception to mootness. Opp. 7 (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). That exception does not apply where it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" (*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000)), as

\*     \*     \*

For the foregoing reasons and those expressed in Harvard's opening Memorandum, Harvard respectfully requests that the Court enter a temporary stay of this litigation pending the Supreme Court's forthcoming decision in *Fisher II*.[11]

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street

---

would surely be true if the Supreme Court's ruling in *Fisher II* led Harvard to substantially revise, and perhaps abandon altogether, a practice it considers essential to its educational mission.

[11]     SFFA asks (at 16 n.4) that the Court "issue a written explanation" of any decision granting the requested stay, so as "to aid the First Circuit and potentially the Supreme Court in reviewing that decision." Of course, whether or not accompanied by written reasoning, a temporary stay of litigation is not ordinarily appealable. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 10 n.11 (1983) ("[A] stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.'").

# **EXHIBIT 8 – HARVARD'S COUNSEL EMAILS RELATING TO THEIR MOTION TO REMAND**

-----Original Message-----
From: William Mekrut <wmekrut@murphyriley.com>
To: Andre Bisasor <quickquantum@aol.com>
Sent: Tue, Feb 23, 2016 4:59 pm
Subject: RE: Bisasor v. Harvard, et al., USDC MA 16-cv-10105, Suffolk Superior Court, 14-03606

Mr. Bisasor – I will have availability to discuss at various points tomorrow or Thursday afternoon if there are areas you would like to discuss regarding narrowing the issues. If so, please give me a call.
-Bill.

**William P. Mekrut**
Murphy & Riley, P.C.
101 Summer Street, 2nd Floor
Boston, MA  02110
Telephone: 617-423-3700
Facsimile: 617-423-1010
www.MurphyRiley.com

-----Original Message-----
From: William Mekrut <wmekrut@murphyriley.com>
To: Andre Bisasor <quickquantum@aol.com>
Sent: Fri, Feb 19, 2016 5:46 pm
Subject: Bisasor v. Harvard, et al., M&R file 338/33393

Mr. Bisasor, please find a courtesy copy of the motion to remand and the memo in support of the motion to remand filed today. A hard copy is also being mailed to you. I did not include the attachments to this email because of the volume, but they are being sent via regular mail.

Thanks,
 -Bill Mekrut.

**William P. Mekrut**
Murphy & Riley, P.C.
101 Summer Street, 2nd Floor
Boston, MA  02110
Telephone: 617-423-3700
Facsimile: 617-423-1010
www.MurphyRiley.com

**From:** Andre Bisasor [mailto:quickquantum@aol.com]
**Sent:** Friday, February 19, 2016 1:32 PM
**To:** William Mekrut
**Subject:** Re: Bisasor v. Harvard, et al., USDC MA 16-cv-10105, Suffolk Superior Court, 14-03606

Mr. Mekrut:

I just got your message that you left today. Please note that I intend to oppose your motion. However, I would like to speak with you to have a chance to narrow the issues. I am tied up this afternoon but I could talk to you on Monday. Please let me if this is agreeable to you.

Andre Bisasor

# EXHIBIT 9 – MOTION TO REMAND BY DEFENDANTS ARORA, HARDING AND POLLOCK

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DOCKET NO. 1:16-cv-10105-DJC**

| | |
|---|---|
| ANDRE BISASOR, | ) |
|     PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| DANSLAV SLAVENSKOJ, | ) |
| HARVARD EXTENSION SCHOOL/ | ) |
| HARVARD UNIVERSITY, ROBERT | ) |
| H. NEUGEBOREN, MICHAEL | ) |
| SHINAGEL, HUNTINGTON | ) |
| LAMBERT, SHIRLEY R. GREENE, | ) |
| MARGARET C. ANDREWS, ASHLEY | ) |
| R. POLLOCK, PHILIP HARDING, | ) |
| KRISHAN ARORA, KEN VEDAA, | ) |
| JENNIFER WEBB, JOHN AND JANE | ) |
| DOE, AND AFFILIATED COMPANIES | ) |
| OF EXTENSIONSTUDENT.COM, | ) |
|     DEFENDANTS. | ) |
| | ) |

### DEFENDANTS, ASHLEY R. POLLOCK, PHILIP HARDING
### AND KRISHAN ARORA'S MOTION TO REMAND
### PURSUANT TO 28 U.S.C §§ 1334(c)(1), 1447(c), AND 1452(b)

Defendants, Ashley R. Pollock, Philip Harding and Krishan Arora (collectively, Pollock,

Harding and Arora) move that the court remand this action to the Massachusetts Superior Court

for Suffolk County.

As grounds for this motion, Defendants, Pollock, Harding and Arora hereby adopt and

join in the factual background and legal arguments set forth in the Memorandum of Law in

Support of the Motion to Remand the Defendants President and Fellows of Harvard College

(Misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"),

Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret

C. Andrews filed on or about February 19, 2019

WHEREFORE, the defendants Pollock, Harding and Arora respectfully request that this Honorable Court (a) find that removal was untimely and remand this action to the Massachusetts Superior Court for Suffolk County (b) equitably remand this action to the Massachusetts Superior Court pursuant to 28 U.S.C. § 1334(c)(1) and remand this action to the Massachusetts Superior Court  and (d) grant such further relief as it deems just.

Defendants,

PHILIP HARDING, ASHLEY POLLOCK
AND KRISHAN ARORA,

By their attorneys,

/s/ Joseph P. Dever
Joseph P. Dever, (BBO #564237)
Theresa Finn Dever (BBO # 564319)
RILEY & DEVER, P.C.
210 Broadway, Suite 101
Lynnfield, MA 01940-2351
Telephone: 781.581.9880
Facsimile: 781.581.7301
jdever@rileydever.com
tdever@rileydever.com

Dated: February 23, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first class mail, postage prepaid:

John P. Coakley, Esquire
William P. Mekrut, Esquire
Stephen D. Coppolo, Esquire
MURPHY & RILEY, P.C.
101 Summer Street
Boston, MA 02110

Andre Bisasor, *pro se*
3000 Presidents Way #3413
Dedham, MA 02026

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Ken Vedaa, *pro se*
16970 Highland Cir.
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

/s/ Joseph P. Dever
Joseph P. Dever, BBO #564237

Dated: February 23, 2016

**EXHIBIT 10 – DANSLAV SLAVENSKOJ'S SPECIAL MOTION TO DISMISS IN WHICH HE APPEARS TO ASSERT COUNTERCLAIMS**

supra note 1, at 5). Bisasor then began to complain to Slavenskoj and others about this act of speech. See Am. Compl. ¶56, ¶57, ¶135.

Plaintiff alleges that Slavenskoj, in January 2012, made statements that Bisasor was an "enemy of free speech" in connection with Slavenskoj's public campaign for the Stop Online Piracy Act ("SOPA"). See Am. Compl. ¶137. While Bisasor asserts in id. ¶137 that it is "false" that he is "an enemy of free speech", he maliciously describes just such actions taken by Slavenskoj and other defendants in their exercise of free speech and petition as "evil and improper" in id. ¶205.

Bisasor admits that he attempted to interfere with Slavenskoj's right to petition, protest, and campaign as he describes his pleading to various parties to stop Slavenskoj's speech, specifically his interactions with co-defendants affiliated with the President and Fellows of Harvard College. See id. ¶135, ¶155, ¶156, ¶161, ¶191.

Bisasor has repeatedly sought to use avenues available to him to retaliate against Slavenskoj and other parties who participated in protests, demonstrations, criticism, calls for oversight or review, or otherwise or exercised their free speech right to comment on Bisasor's public activities. The Amended Complaint itself is employed in a similar fashion: Bisasor "respectfully prays that this Court... enjoin the defendants from Publishing or causing **any** statement about Mr. Bisasor" [emphasis added] which is *prima facie* evidence of Andre Bisasor's malicious intent of quashing the rights to free speech and petition of Slavenskoj and other defendants in this case.

Slavenskoj asserts that the Plaintiff's claims are based on "petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities" as set forth in *Duracraft Corp. v. Holmes Prods. Corp.*, 691, 691 N.E.2d at 943 (Mass. 1998). The Plaintiff fails to describe factually in his Amended Complaint exactly what Slavenskoj did other than

[continued on following page]

4

engage in such a demonstration of protest by means of his alleged statements described in the Amended Complaint. The Amended Complaint otherwise presents no facts concerning anything Slavenskoj allegedly did whatsoever.

Slavenskoj believes that this lawsuit was brought to prevent him "from exercising [his] political or legal right" and "to punish [him] for doing so". *Duracraft Corp. v. Holmes Products Corp.*, 427 Mass. 156,161, 691 N.E.2d 935, 940 (1998).

For the foregoing reasons, Defendant Slavenskoj respectfully requests that this Special Motion be granted, and further that the court award Slavenskoj any other such relief as the Court deems just and proper.

Dated: August 31, 2015.

DANSLAV SLAVENSKOJ

DANSLAV SLAVENSKOJ
2 Greenough Ave. # 8
Boston, MA 02130
Telephone:     617-514-0908
e-mail:         legal@slavenskoj.com

5

## EXHIBIT 11 – DANSLAV SLAVENSKOJ'S EMERGENCY OPPOSITION TO MY SUGGESTION OF BANKRUPTCY IN WHICH HE MAKES SIMILAR ARGUMENTS TO THAT WHICH HARVARD MADE IN THEIR MOTION TO LIFT STAY

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, SS.                                                        SUPERIOR COURT

| | |
|---|---|
| ANDRE BISASOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARVARD UNIVERSITY EXTENSION ) | Civil Action No. 14-3606C |
| SCHOOL/HARVARD UNIVERSITY; ) | |
| DANSLAV SLAVENSKOJ; ) | |
| ROBERT H. NEUGEBOREN; ) | |
| MICHAEL SHINAGEL; ) | |
| HUNTINGTON LAMBERT; ) | |
| SHIRLEY R. GREENE; ) | |
| MARGARET C. ANDREWS; ) | |
| ASHLEY R. POLLOCK; ) | |
| PHILIP HARDING; ) | |
| KRISHAN ARORA; ) | |
| KEN VEDAA; ) | |
| JENNIFER WEBB; ) | |
| JOHN AND JANE DOE; ) | |
| AFFILIATED COMPANIES OF ) | |
| EXTENSIONSTUDENT.COM; ) | |
| ) | |
| Defendants. ) | |

**DANSLAV SLAVENSKOJ'S <u>EMERGENCY OPPOSITION</u> TO PLAINTIFF'S
SUGGESTION OF BANKRUPTCY**

NOW Comes the Defendant, Danslav Slavenskoj ("Defendant"), and for his Emergency

Opposition to Plaintiff's Suggestion of Bankruptcy, says:



1.       Defendant respectfully requests that this case proceed, as a Suggestion of

Bankruptcy's automatic stay only bars actions against the debtor, Plaintiff Andre Bisasor

("Plaintiff"), and actions brought by the Plaintiff against Defendant should not be affected by the

automatic stay. In re White, 186 B.R. 700 (9th Cir. B.A.P. 1995) ("The trustee or debtor in

possession is not prevented by the automatic stay from prosecuting or appearing in an action

which the debtor has initiated and that is pending at time of bankruptcy."); In re Merrick, 175

1