UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 16-CV-10105

| | |
|---|---|
| ANDRE BISASOR<br>PLAINTIFF, | )<br>)<br>) |
| V. | )<br>) |
| DANSLAV SLAVENSKOJ,<br>DEFENDANTS | )<br>)<br>) |

## MOTION FOR APPLICATION OR RECOGNITION OF THE AUTOMATIC STAY

### I. INTRODUCTION

1. I, Andre Bisasor, the Plaintiff in the above named case, hereby make this motion to explicitly apply the automatic stay to my case or to recognize that the automatic stay applies to my case.

2. This request is being done separately to make clear that I am and have, among other things, been asking for the automatic stay to be applied to my case as was done by Judge Robert Gordon in Suffolk Superior Court.

3. In my other prior motions for stay and stay pending appeal, this point has been intermingled with other bases for a stay. (See, for example, my motions ECF #15 paragraph numbers 7-15, 22, 36; and ECF 24 paragraph numbers 17-19). And I hereby incorporate all of the prior documents and arguments made by me in this court as part of this motion and hereby adopt herein all of factual assertions and legal arguments contained therein.

4. But, in the abundance of caution, I am separating out clearly and explicitly this motion for application/recognition of the automatic stay so that it does not get lost in translation so to speak. Moreover, I am adding new information that firmly show that the automatic stay applies to my case, as outlined in later sections of this motion.

5. In Harvard's opposition motions, they also have sought to address the issue of the automatic stay and so this is additional confirmation that the issue of the automatic stay has been involved in my motions in this court thus far. (See for example Harvard opposition ECF #16 paragraph IV page 5 and 6).

6. Regardless of whether it has been clear or not that I have asserted the application of the automatic stay, I am hereby reserving my right to make it explicit in this motion as well, so that there is no misunderstanding and so that this court can examine this issue squarely placed in front of it through this motion and so that this point is not ignored due to a technicality. I probably should have made it an explicit and separate motion prior to this, rather than attempting to intermingle it within other motions along with other bases for a stay. This is likely the result of my lack of experience and training in law as a pro se plaintiff. Therefore, I ask for liberality and leniency in treating these motions in the appropriate way and assisting me in ensuring that what I am intending to accomplish is not lost because of my lack of legal training.

## II. REASONS WHY THE AUTOMATIC STAY APPLIES OR SHOULD BE APPLIED TO THIS CASE

7. In sum, there are several bases for applying/recognizing the automatic stay:
    a. The immediate adverse economic consequences standard applies to this case causing the automatic stay to be applicable to this case.
    b. The unusual circumstances standard applies to this case causing the automatic stay to be applicable to this case.
    c. The fact that one of the defendants, Danslav Slavenskoj, has effectively asserted counterclaims against me thereby causing the automatic stay to be applicable to this case. [NB: The fact that no Answer has been provided and thus other defendants

2

could still assert counterclaims in their Answer. Unless all of the defendants waive the right to assert counterclaims formally before this court, then there is no protection against them doing so later once we get beyond the Rule 12 Motion to Dismiss stage.]

    d. The fact that Judge Gordon applied the automatic stay in superior court supports my arguments herein.

    e. NB: I never had an opportunity to oppose Harvard's motion to lift the stay because the superior court session C clerk (Beatriz) told me that I did not have to do so because Judge Gordon's ruling would not be changed as he had ruled on the matter twice. But it was later changed when Judge Peter Lauriat rotated in (pursuant to the superior court custom of rotating judges every 3 months) and he overturned Judge Gordon's ruling. I was not even aware of this change/reversal until much later, well after the reversal was made. I further outline the reasons for this in my attached affidavit. **See Exhibit 1 – Plaintiff's Affidavit.** [NB: If I was given the opportunity to oppose Harvard's motion to lift the stay in state court, I would have submitted something with similar arguments and facts contained in this motion].

## III. ONLY FEDERAL COURTS HAVE ULTIMATE AUTHORITY TO REVIEW WHETHER THE AUTOMATIC STAY APPLIES, NOT STATE COURTS

8. The bankruptcy or federal court has exclusive authority to vacate or modify any action by a non-bankruptcy or non-federal court that results from too narrow a construction of the automatic stay and risks being treated as void ab initio. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 573-75 (9th Cir.1992); Gonzales v. Parks, 830 F.2d 1033 (9th Cir.1987).

9. The ultimate determination regarding the applicability of the automatic stay in bankruptcy is within the purview of the federal courts. (See IN RE: Robert GRUNTZ, 1999, 9th Cir. and Gruntz v. Cnty. of Los Angeles (In re Gruntz), 202 F.3d 1074, 1080 (9th Cir. 2000) ).

10. Thus, the rule has long stood that *"[a] state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction is subject to collateral attack in the federal courts.* " Gonzales v. Parks (In re Gonzales), 830 F.2d 1033, 1036 (9th Cir. 1987). The United States Supreme Court explained in Kalb v. Feuerstein, 308 U.S. 433, 438-39 (1940).

11. In Gruntz, 202 F.3d at 1083, the Ninth Circuit stated: *"In sum, by virtue of the power vested in them by Congress, the federal courts have the final authority to determine the scope and applicability of the automatic stay. The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land."*

12. Therefore, the issue of the automatic stay should properly be decided before the federal court or bankruptcy court especially since the state court gave two conflicting decisions on whether the automatic stay is applicable to this case, especially given the extenuating circumstances of my case and situation.

13. In Mokuba N.Y. LLC v. Pitts (In re Pitts), 2009 Bankr. LEXIS 4023 (Bankr. E.D.N.Y. Dec. 8, 2009), Judge Robert E. Grossman has observed that the automatic stay, which is a self-executing injunction issued by the bankruptcy court, is effective upon the filing of the bankruptcy petition and must be obeyed until it is modified or reversed. In addition, he observed that any action taken in violation of the stay, even a judicial proceeding or a judicial order, is void, of no force and effect and not entitled to full faith and credit in federal courts.

14. Judge Grossman recognized that state courts have an inherent right to decide its own jurisdiction but that federal courts have the supreme authority to determine whether an

4

automatic stay applies to a pending prepetition action. Therefore, he determined that bankruptcy/federal courts have the jurisdiction to review state court decisions and make their own determinations as to whether the automatic stay in a debtor's case applies to any portion of a state court action. He found this to be consistent with the bankruptcy or federal court's power to enforce its own injunctions under the Supremacy Clause of the United States Constitution.

15. Therefore, in sum, Mokuba N.Y. LLC v. Pitts (In re Pitts) dictates that state courts have only provisional jurisdictional to decide whether the automatic stay applies to pending prepetition litigation. In this case, the federal court has ultimate authority to decide whether the automatic applies or should apply to the instant case.

## IV. THE AUTOMATIC STAY SHOULD BE APPLIED TO THIS CASE UNDER THE IMMEDIATE ADVERSE ECONOMIC CONSEQUENCES STANDARD AND THE UNUSUAL CIRCUMSTANCES STANDARD

16. One of the purposes of the bankruptcy code is the allow the debtor the ability to avoid multi-forum litigation that can stretch and tie up resources that may be needed to be directed towards getting through the bankruptcy in federal court. I have special extenuating circumstances that militate in favor of the automatic stay applying to my case and this was accounted for by the Honorable Judge Robert Gordon in the Massachusetts Suffolk Superior Court when he entered an order for a stay pending discharge from the bankruptcy court or pending further instructions from the bankruptcy court. The fact that a seasoned state superior court judge saw fit to the apply the stay to my case shows that my arguments here have merit because it is backed up by at least one notable state court judge.

17. Even though Judge Gordon's decision was reversed by his colleague, Judge Peter Lauriat (who cycled in to the session at later time due to the state courts rotation schedule of judges

and after Harvard tried to judge shop to reverse Judge Gordon's decision), the fact that the two state court judges in the same superior court session issued conflicting decisions on this matter, is evidence that the matter is ripe for review by the federal or bankruptcy court which has original but non-exclusive jurisdiction over this case under section 1452.

18. Harvard argues that an automatic stay is not applicable to this case but much of their argument cites cases related to corporate debtors not individual or pro se debtors who many times face unique or special circumstances that warrant application of the automatic stay. For instance, there will be a duplicative and uneconomic effect on my resources if I have to litigate my bankruptcy case and the instant case in both state and federal court (i.e. two disparate forums). Something as simple as having access to ECF filing in federal court has a tremendous impact on a pro se litigant's time and resources (i.e. travel or mailing costs to file documents with the court), which is not available in state court. Moreover, there is a lessened possibility of inconsistent results if both cases are in federal court. NB: there has already been inconsistent results between two state court judges in superior court regarding the automatic stay or the need for an imposed stay i.e. showing the heightened chance that a state court may create inconsistent results as it relates to issues that may involve or relate to my bankruptcy case.

19. Furthermore, Harvard ignores the "immediate adverse economic consequences" standard. Under this standard, a court will expand the automatic stay when absent a stay, there will be an "immediate adverse economic consequence [on] the debtor's estate." (See In Queenie, Ltd. v. Nygard International).

20. Harvard also ignores another prominent standard, the unusual circumstances standard, which was annunciated in A.H. Robins Company, Inc. v. Piccinin. In that case, the Fourth Circuit held that in order for the automatic stay to apply to a non-debtor, there must be "unusual

circumstances." The A.H. Robins court identified an unusual circumstance as one that *"arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."* Based on the "unusual circumstances" arising from those individuals' relationships with the debtor, the Fourth Circuit affirmed the lower court's expansion of the stay because *"continuation of litigation in [those] civil actions threatened property of [the debtor's] estate, burdened and impeded [its] reorganization effort, contravened the public interest, and rendered any plan of reorganization futile."*

21. Therefore, federal courts have expanded the automatic stay provision to apply beyond the normal limitations. When determining whether to expand the automatic stay, these courts consider if unusual circumstances exist or if there will be immediate adverse economic consequences due to the proceeding. I have tried to articulate the unusual circumstance of my not being the real party in interest and the immediate adverse economic consequences of diminishing my already meager resources in having to litigate a complex multi-party case while trying to get through a bankruptcy. It is more orderly and efficient for an individual pro se litigant to get through and complete a bankruptcy first and then resume the instance case litigation.

## V. APPLICATION OF THE AUTOMATIC STAY TO THIS CASE IS CONSISTENT WITH AND PROMOTES THE UNDERLYING PURPOSE OF THE AUTOMATIC STAY PROVISION OF THE BANKRUPTCY CODE

22. The automatic stay provision of section 362 is a key component of federal bankruptcy law. The stay prevents the dissipation or diminution of the bankrupt's assets while rehabilitative

efforts are underway. It affords time for evaluation of the estate's assets and determination of the proper course of action relative thereto.

23. The key principle is whether an extension of the stay promotes the underlying purposes of the automatic stay provision, i.e., debtor/creditor protection. See Matter of S.I. Acquisition, Inc., 817 F.2d 1142 (5th Cir.1987) for the proposition that an act which diminishes the value of a cause of action as an asset of the estate is subject to the automatic stay under § 362(a)(3). See also In re Pro Football Weekly, Inc., 60 B.R. 824 (N.D.Ill.1986). It is clear that the prosecution of this case at this time will diminish the value of the cause of action because I do not have the necessary resources at the present time to ensure the value of it preserved through either retaining proper legal assistance or through learning the law myself overnight. I will also likely make important mistakes or miss deadlines because I am being stretched too thin to focus on getting through my bankruptcy and attending to my obligations thereto as well as making a living and taking care of my family.

24. Congress also stated: "*The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.*" See Notes of the Committee on the Judiciary, H.R.Rep. No. 585, 95th Cong., 1st Sess. 340-341 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97.

25. This action should be stayed by section 362 because my lawsuit is based upon allegations that if proven would benefit all of my creditors, i.e. making more assets available to satisfy my debts. By not staying this action, it also abridges the general policy of giving the debtor

the opportunity to reorganize his finances, as his time/efforts in revamping in bankruptcy would be restricted.

## VI. AUTOMATIC STAY IS ALSO APPLICABLE UNDER SECTION 105 OF THE BANKRUPTCY CODE

26. Beyond the automatic stay provisions of section 362(a)(1) and (3), the bankruptcy/federal court may affirmatively stay proceedings pursuant to its broad discretionary powers embodied in 11 U.S.C. § 105. Section 105 provides that the bankruptcy court "*may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.*" 11 U.S.C. § 105(a). Section 105 does empower the bankruptcy court to stay proceedings against nonbankrupt entities. See Wedgeworth, 706 F.2d at 545; In re Brentano's, 27 B.R. 90, 92 (S.D.N.Y.1983); In re Otero Mills, 25 B.R. 1018, 1020 (D.N.M.1982). One court has in fact stayed a creditor's state court action against a nonbankrupt, alleged alter ego of a bankrupt debtor pursuant to section 105. See In re N-Ren Corp., 64 B.R. 773 (Bankr.S.D.Ohio 1986).

27. Furthermore, beyond the statutory power authorizing stays, a bankruptcy court has "*the inherent power of courts under their general equity powers and in the efficient management of the[ir] dockets to grant a stay.*" Williford, 715 F.2d at 127; See also Austin, 705 F.2d at 5; A.H. Robins, 788 F.2d at 1003.

28. The filing of a petition under the Bankruptcy Code creates an "estate" comprised of virtually all the property in which the debtor has an interest. 11 U.S.C. section 541. Upon the filing of a petition, certain actions and proceedings involving the debtor or the estate, or the property of the debtor or the estate, are automatically stayed pursuant to 11 U.S.C. section 362. The actions and proceedings stayed are described in section 362(a). A close reading of this section reveals that it explicitly stays actions and proceedings *against* the debtor or

*against* property of the debtor or the estate. However, it is silent as to actions which the debtor brings, or has brought, against others. There is nothing in section 362 that specifically prohibits the application of the automatic stay beyond the list outlined in 362(a). This leaves room for the automatic stay to apply to actions that a debtor may bring under certain special circumstances, just as how it has been applied to non-debtors (which already has had significant precedent).

29. The discretionary powers of the Bankruptcy Courts are authorized by section 105 of the Bankruptcy Code, which provides that *"the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"* or if the interests of justice so require.

30. In my case, the stay sought is "necessary or appropriate" to achieve the goals of bankruptcy as my bankruptcy estate will be harmed if the stay is not ordered because I, the Plaintiff-Debtor, lack both time and resources to pursue this action at this juncture, need the intervention and assistance of the trustee (the real party in interest), and because a stay is necessary to protect the estate's interest in this lawsuit.

## VII. COUNTERCLAIMS HAVE BEEN ASSERTED AGAINST ME IN THIS CASE AND THUS THE AUTOMATIC STAY APPLIES

31. There are additional arguments that I would like to tease out regarding why the automatic stay applies such as the fact that: **Defendant Danslav Slavenkoj Filed An Anti-Slapp Motion That Invokes Counterclaims and Thus The Automatic Stay**

32. On August 31, 2015, Mr. Slavenskoj filed a Special Emergency Motion To Dismiss Plaintiff's Complaint Pursuant to Mass. Gen. Laws ch. 231, Section 59H. **(See Exhibit 2 - Special Emergency Motion To Dismiss)**

33. On closer look, this is the Massachusetts anti-Strategic Lawsuits Against Public Participation (SLAPP) statute which allows a petitioner to file a special motion to dismiss a complaint filed against him/her based on his/her "*exercise of rights of petition under the constitution of the United States or of the commonwealth.*"

34. If Mr. Slavenskoj prevails on his motion to dismiss under the Massachusetts anti-SLAPP statute, the court will dismiss the lawsuit against him, and he will be entitled to recover attorneys' fees and court costs. M.G.L. c. 231, § 59H. [See **Exhibit 3 – Massachusetts Anti-SLAPP Statute**]. Furthermore, if he succeeds, he may be able to bring a claim of malicious prosecution against me. By asserting an Anti-Slapp motion, Mr. Slavenskoj has in effect asserted a counterclaim and is seeking a monetary award against me. This is in violation of the automatic stay and entitles me to the protection of the automatic stay for the entire case. Mr. Slavenskoj is the lead defendant in this case and it is critical to determine if he will be in or out of this case first before any aspect of this case can move forward. It is an indispensable part of this case as this motion will decide if this defendant is in the case or out of the case. The matter should be stayed for that reason because if he succeeds on the Anti-Slapp motion, then there is potentially a liability that I am protected from by the automatic stay and we can't determine the rest of this case until we determine if this defendant is in or out of the case. Therefore, the whole thing ought to be stayed. This is solid ground for granting or extending the application of the automatic stay to my case. At the time when the Anti-Slapp motion was filed on August 31, 2015, I was already a debtor in bankruptcy as of August 27, 2015. Therefore, this motion is in violation of the automatic stay. If I were to lose this motion, then the court automatically awards attorneys' fees and there is a colorable claim for attorneys' fees attached. So it is a counter-claim that exists although it has not been resolved.

35. This is likely one of the key reasons why Judge Robert Gordon, in his wisdom, entered an order applying and recognizing the automatic stay to my case on 9/3/15 because he had just received Danslav Slavenskoj's Special Motion To Dismiss/Anti-Slapp Motion on 8/31/15 and Judge Gordon knew that Mr. Slavenskoj had in effect asserted a counterclaim against me (NB: Judge Gordon entered an order of a stay and that no further action be taken regarding Mr. Slavenkoj's Anti-SLAPP motion until discharge in bankruptcy or further order of the bankruptcy court). On this basis alone, it turns out that Judge Robert Gordon was right and Judge Peter Lauriat was wrong. Judge Robert Gordon was more intimately familiar with the proceedings and filings because he presided over the case for the three months when most of the relevant procedural events took place including the suggestion of bankruptcy, the anti-slapp motion, etc. Having only rotated-in after the fact, Judge Peter Lauriat was simply not as intimately aware and apparently missed the import and significance of Danslav Salavenskoj's Anti-Slapp Motion, for example.

36. Here is an excerpt from the state court docket that shows the unfolding of events surrounding the Mr. Slavenskoj's Anti-Slapp motion and Judge Gordon's rulings on the matter:

- 09/01/2015 -|Defendant Danslav Slavenskoj's special emergency MOTION to Dismiss (MRCP 12b) Complaint of Andre Bisasor pursuant to MGL c. 231 Sec. 59h (w/o opposition) [#43]
- 09/02/2015 - Suggestion of bankruptcy by Plaintiff, Andre Bisasor [#46]
- 09/04/2015 - Motion (P#43) The plaintiff is directed to reply to defendant Slavenskoj's Special Emergency Motion to Dismiss within 21 days of the date hereof (Robert B. Gordon, Justice) (entered 9/2/15). Notices mailed 9/4/2015
- 09/04/2015 - Pleading(P#46) (Suggestion of Bankruptcy) - In accordance with the plaintiff's suggestion of Bankruptcy, an by operation of 11 US c. sec 362, the Action is hereby STAYED as to all parties pending discharge of the bankruptcy estate or other order form the Bankrupcy Court (Robert B. Gordon, Justice) (entered 9/3/15) notice sent 9/4/15

12

- 09/04/2015 - Court received letter from Defendant Slavenskoj to Hon. Robert Gordon regarding his motion to Dismiss: NO ACTION TAKEN. The case has been stayed in consideration of the Plaintiff's suggestion of bankruptcy as of today's date (Gordon, J.) (filed and entered 9/3/15) notice sent 9/4/15 [#47]
- 09/11/2015 - Emergency Opposition to Plaintiff's suggestion of bankruptcy filed by Defendant Danslav Slavenskoj [#48]
- 09/17/2015 - Emergency Opposition (P#48) - Treating this submission as a Request for Reconsideration of the Court's decision to stay the Plaintiff's action pending further direction from the Bankruptcy Court, the request is DENIED. (Robert B. Gordon, Justice). Dated 9/15/15 Notices mailed 9/16/2015
- [NB: For full state court docket, see exhibits in my reply memorandum (ECF#29) or my stay pending appeal (ECF#24]

37. It is clear from the state court docket that Judge Gordon took the anti-SLAPP motion into account when he entered the automatic stay on my case. The filing of the anti-SLAPP motion by Mr. Slavenskoj is one of the most compelling arguments for the application of the automatic stay to my case and why this court should enter a stay order and/or why I have the right to appeal to the appeals court and why I am also entitled to a stay pending appeal.

## VIII. CONCLUSION

38. Wherefore I request the following:

    a. That this Court apply the automatic stay under section 362 (or section 105) and/or find that the automatic stay applies.

    b. This Court find as void the determination of Judge Peter Lauriat in state court wherein he reversed the automatic stay applied/ordered by Judge Gordon. i.e. I am asking that this Court declare that the state court order by Judge Peter Lauriat entered postpetition (reversing the stay order by Judge Robert Gordon) be deemed void ab initio as a violation of the automatic stay in my case.

c. This Court finds that Danslav Slavenskoj's Special Motion To Dismiss/Anti-Slapp motion was in violation of the automatic stay.

d. If this court denies this motion, I would like to appeal (and to be allowed an opportunity to appeal before a decision on the motion to remand) as well as I would like to consolidate this appeal with my other pending appeal/stay pending appeal given the inter-linking and inter-relatedness of the issues. If this Court grants this motion, then I would proceed to withdraw my appeal/stay pending appeal as moot.

e. So sequentially speaking, I would ask that the court **1)** first rules on this motion and **2)** then if denied, allow me an opportunity to appeal/consolidate appeals, **3)** then rule on my motion for leave to file a reply/rebuttal [ECF #30], **4)** then finally rule on my motion for stay pending appeal [ECF #24] with my reply/rebuttal [ECF #30] and with this motion incorporated into overall consideration of my stay pending appeal (this is so that all of my arguments and factual assertions can be brought to bear in the final decision regarding my appeals/stay pending appeal). If there is something procedurally incorrect about this sequence or request, then I ask that this court grant me guidance on how to cure any defect in my request so that I can accomplish what it is that I am intending to accomplish procedurally.

f. Because I am pro se, it is my understanding that this court is required by law to assist me in filling in any gaps or applying the law correctly where my attempt to do so may fall short of the correct language that would have or should have been used by a trained lawyer. It is also my understanding that the pleadings of pro se litigants should be held to less stringent standards than those of lawyers, that a judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish, that Courts have typically granted leniency in its policy

towards pro se cases and that pro se pleadings are to be considered without regard to technicality and are not to be held to the same high standards of perfection as lawyers. Jenkins v. McKeithen, (1959); Picking v. Pennsylvania R. Co.; Maty v. Grasselli Chemical Co. (1938); Conley v. Gibson; Puckett v. Cox (1972) (6th Cir.)]. Wherefore, I also ask that this court read my pleadings liberally, and then advise me of any defects (if any) and allow the opportunity to cure.

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper.

Respectfully submitted,

*Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: May 25, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this date, upon information and belief, the Court's ECF system will serve an electronic copy of the foregoing upon the following counsel of record:

William Mekrut

Murphy & Riley P.C.

101 Summer Street

Boston, MA 02110


Joseph P. Dever, Esquire

Riley & Dever, P.C.

Lynnfield Woods Office Park

210 Broadway, Suite 101

Lynnfield, MA 01940-2351


I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties:


Ken Vedaa, pro se

16970 Highland Cir

Paeonian Springs, VA 20129


Danslav Slavenskoj, pro se

2 Greenough Ave., #8

Boston, MA 02130

*[signature]*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: May 25, 2016