16-CV-10105- DJC

**LIST OF EXHIBITS**

FILED
IN CLERK'S OFFICE

'16 MAY 25   PM 4: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. **EXHIBIT 1 – PLAINTIFF'S AFFIDAVIT**

    A. **EXHIBIT 1A – SUGGESTION OF BANKRUPTCY**

    B. **EXHIBIT 1B - COURT ORDER OF CHAPTER 7 CONVERSION**

    C. **EXHIBIT 1C - DOCUMENTED EXAMPLE OF PROBLEMS WITH MAIL SERVICE: LETTER FROM HARVARD TO MY HOME**

2. **EXHIBIT 2– SPECIAL MOTION TO DISMISS (ANTI-SLAPP MOTION) BY DEFENDANT DANSLAV SLAVENSKOJ**

3. **EXHIBIT 3 – MASSACHUSETTS ANTI-SLAPP STATUTE**

**EXHIBIT 1 – PLAINTIFF'S AFFIDAVIT**

UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO: 16-CV-10105

| | |
|---|---|
| ANDRE BISASOR<br>PLAINTIFF, | )<br>)<br>) |
| V. | )<br>) |
| DANSLAV SLAVENSKOJ,<br>DEFENDANTS | )<br>)<br>) |
| | ) |

## PLAINTIFF'S AFFIDAVIT

I, Andre Bisasor, duly sworn, hereby state the following to best of my knowledge, belief and recollection:

1. I am the plaintiff of the above-captioned case.

2. I served process on defendants for this case on June 19, 2015.

3. On August 27, 2015, I filed a chapter 13 case in Bankruptcy Court.

4. As a result, an order of relief was entered and an automatic stay was enacted by operation of law.

5. On September 2, 2015, I subsequently filed a suggestion of bankruptcy in the Suffolk superior court. As I was pro se, I was advised by the superior court session C clerk (Beatriz) that this would result in a stay of proceedings in the Suffolk Superior Court case. **See Exhibit A - Suggestion of Bankruptcy**

6. On September 3, 2015, Judge Robert Gordon entered a stay of all proceedings in the Suffolk Superior Court pending a final disposition or order from the Bankruptcy court.

7. Judge Gordon also stayed action/decision on every individual piece of pending items in the Superior Suffolk Court including a Special Motion To Dismiss/Anti-SLAPP motion filed by lead Defendant Danslav Slavenskoj on August 31, 2015.

8. On September 11, 2015, lead Defendant Danslav Slavenskoj filed a motion to lift the stay as an emergency opposition.

9. On September 17, 2015, Judge Gordon denied the motion to lift the stay and reiterated that the stay is in effect pursuant to his previous order. ["Emergency Opposition (P#48) Treating

this submission as a Request for Reconsideration of the Court's decision to stay the Plaintiff's action pending further direction from the Bankruptcy Court, the request is DENIED. (Robert B. Gordon, Justice). Dated 9/15/15 Notices mailed 9/16/2015"]

10. At the end of September 2015, the superior court rotation schedule was about to cause a change in judges from Judge Robert Gordon to Judge Peter Lauriat.

11. On or about 9/17/15, Harvard notified me by email that they were serving me with a Motion to Lift Stay.

12. Shortly thereafter, I called the Suffolk Superior Court and spoke with the Session C court clerk (Beatriz) and I asked if I needed to respond to Harvard's repeat motion to lift stay. The Session C clerk emphatically told me that Judge Gordon already ruled twice on this matter regarding the stay and she confirmed that the case was stayed and will remain stayed until further order from the bankruptcy court. She told me that I did not need to worry about any more motions from Harvard or about responding to it (or others). The case was stayed and that was final, she said. She at no time called me or notified me that there would be a change to this edict.

13. During this time, I was simultaneously embroiled in the midst of intense litigation regarding a landlord-tenant dispute. This landlord-tenant litigation eventually continued into the bankruptcy court. Eventually, the landlord and I agreed to enter into settlement in the bankruptcy court. As part of that agreement, I agreed to move out of the apartment and to settle claims that I had against the Landlord in amount totaling over $100,000 with $43,000 as a direct cash payment component (to me and my spouse). NB: The settlement documentation has to be finalized/approved by the trustee and the bankruptcy court.

14. While I was in the process of transitioning from my prior residence and seeking to establish new residence, I was not receiving my mail because it was on hold at the post office and the post office made errors including not holding all my mail resulting in a batch of mail missing during that period of time. Also, the apartment made errors with my mail in getting it misplaced or otherwise causing them to be returned. Overall, during the period of November and December 2015, problems occurred with my getting mail. This would have been the same time period in which the court would likely have attempted to notify me. **See Exhibit B – Examples of Problems with Receiving Mail: Letter from Harvard to My Home That Was Returned.** This is proof that mail was being returned from my mailing address during that time period.

15. On or about November 11, 2015, Judge Peter Lauriat suddenly and out of blue (after sitting on Harvard's motion to lift stay for about 6 weeks) decided to reverse Judge Gordon and granted a lifting of the stay that was ordered by Judge Gordon.

16. I was not aware of the order reversing the stay as I was not getting my mail during this time and I did not keep up with checking the Suffolk court docket because the session C clerk told me that I did not have to worry about my Suffolk Superior Court case until my bankruptcy was concluded and that Harvard motion would not be countenanced, as mentioned before. [NB: I can provide further proof of my factual assertions by way of an audio voicemail, etc]. This statement by clerk Beatriz appears to be further substantiated by the fact that Judge Lauriat did not rule on Harvard's motion for 6 weeks i.e. after Harvard filed its repeat motion on October 1, 2015. Then suddenly out of the blue, Judge Lauriat issued a ruling on or about November 11, 2015 about a month and a half later after Harvard filed its motion to lift the stay.

17. Immediately following the holidays, on January 6, 2016, I filed a chapter 7 bankruptcy case in Federal Court, converting from my chapter 13 case (which had been originally filed August 27, 2015). **See Exhibit C - Court Order for Chapter 7 Conversion**

18. By the time I discovered that the stay was lifted in Suffolk Superior Court by Judge Lauriat and that a hearing was scheduled for January 26, 2016, I was already knee-deep into dealing with a withdrawal of my bankruptcy attorney and being left on my own to address several related pending litigation issues in the bankruptcy court, in the bankruptcy appeal court and in federal court. As a non-lawyer, it was very difficult for me to figure out how to essentially practice law much less the intricacies of bankruptcy law and bankruptcy appeal law. I previously had an attorney in my bankruptcy case but he withdrew from my case. He did not want to convert my chapter 13 to a chapter 7 because he was concerned that his fees would be discharged in the process. A conflict of interest resulted and a breakdown in the attorney-client relationship ensued, among other things.

19. After consultation with a federal court clerk and others, I became aware that the Suffolk superior court action could be removed to federal court. Given the confusion in the state court regarding whether a stay should be applied to my case given my bankruptcy, it seemed also appropriate at the time that the matter be removed to federal court and/or to bankruptcy court which has original nonexclusive jurisdiction to determine whether a stay should be applied to my civil case under my special circumstances.

20. Hence, I began to research the relevant statutes and then I proceeded to confirm the correct procedures with the Suffolk Superior court, speaking with several court employees over a period of several days, including eventually Samantha Leeks who is the key personnel responsible for processing removals in the Suffolk Superior Court. This process took a couple of weeks into January 2016, then I contacted the Session C clerk (Beatriz) for my case and advised her that I was going to remove the case by the end of the week of January 18, 2016. This was the week prior to when the hearing was scheduled for the following week on January 26, 2016.

21. Overall, I never had the chance to oppose Harvard's Motion To Lift The Stay prior to the Judge Peter Lauriat ruling in November 2015 as I was given what turned out to be incorrect information from the session C clerk (i.e. perhaps she did not anticipate that Judge Lauriat would reverse Judge Gordon). I did not find out about the reversal by Judge Lauriat until it was too late.  By the time I found out, I had little time to even act quickly to remove the matter to federal court, much less to try to correct Judge Lauriat's ruling in state court.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

Respectfully,

*Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: May 25, 2016

**EXHIBIT 1A – SUGGESTION OF BANKRUPTCY**

**EXHIBIT 1B - COURT ORDER OF CHAPTER 7 CONVERSION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                              )
     Andre Bisasor                 )          Chapter 13
                     )          Case No.: 15-13369
     Debtor,                       )
                     )

/Motion/

## NOTICE OF CONVERSION FROM CHAPTER 13 TO CHAPTER 7

I, Andre Bisasor, hereby give notice of voluntary conversion to chapter 7. This case has not been previously converted from any other chapter.

Respectfully Submitted,
The Debtor,

*Andre Bisasor*
Andre Bisasor
3000 Presidents Way #3413
Dedham, MA 02026
781-492-5675

Dated: January 5, 2016

2016 JAN 5 PM 4 48
US BANKRUPTCY COURT

**EXHIBIT 1C - DOCUMENTED EXAMPLES OF PROBLEMS WITH MAIL
SERVICE: LETTER FROM HARVARD AND LETTER FROM POST OFFICE**

3/18/2016

Outlook.com Print Message

[Personal Identifiers redacted]

## Exhibit C

# Release for Academic Records



From: ███████████████@harvard.edu)

Sent: Thu 11/12/15 1:25 PM

To: ████████████████████

1 attachment

████ Fedex_Tracking.PDF (30.3 KB)



I am writing to follow up on the voicemail I left for you this past Monday. The Office of the General Counsel at Harvard has received the Authorization for the Release of Student Records that you sent to the Harvard University Extension School. Per your request, we mailed two copies of your student records, in separate sealed envelopes, to the address you provided (3000 Presidents Way #3413, Dedham, MA 02026). Federal Express tracking indicated that the package was delivered on October 27, but was then returned to sender on November 6 – please see the attached document. Can you please let me know whether your address has changed so that we can provide you with copies of your records?

Thank you,



Office of the General Counsel

Harvard University
1350 Massachusetts Avenue

The Richard A. and Susan F. Smith Campus Center, Suite 980
Cambridge, MA 02138

**EXHIBIT 2– SPECIAL MOTION TO DISMISS (ANTI-SLAPP MOTION) BY DEFENDANT DANSLAV SLAVENSKOJ**

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, SS.                                                SUPERIOR COURT

---

ANDRE BISASOR,                          )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )
HARVARD UNIVERSITY EXTENSION            )          Civil Action No. 14-3606C
SCHOOL/HARVARD UNIVERSITY;              )
DANSLAV SLAVENSKOJ;                     )
ROBERT H. NEUGEBOREN;                   )
MICHAEL SHINAGEL;                       )
HUNTINGTON LAMBERT;                     )
SHIRLEY R. GREENE;                      )
MARGARET C. ANDREWS;                    )
ASHLEY R. POLLOCK;                      )
PHILIP HARDING;                         )
KRISHAN ARORA;                          )
KEN VEDAA;                              )
JENNIFER WEBB;                          )
JOHN AND JANE DOE;                      )
AFFILIATED COMPANIES OF                 )
EXTENSIONSTUDENT.COM;                   )
                                        )
        Defendants.                     )

---

## DANSLAV SLAVENSKOJ'S SPECIAL EMERGENCY MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO MASS. GEN. LAWS ch. 231, § 59H

NOW Comes the Defendant, Danslav Slavenskoj ("Defendant"), and for his Special Emergency Motion To Dismiss Plaintiff's Complaint Pursuant to Mass. Gen. Laws. ch. 231, §59H, says:

1.      The Plaintiff's claims against Defendant are based solely on Defendant's exercise of his right of petition under the Constitution of the United States or of the Commonwealth.

2.      The Plaintiff's claims are based on "petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities" as set forth in *Duracraft Corp. v. Holmes Prods. Corp.*, 691, 691 N.E.2d at 943 (Mass. 1998).

[continued on following page]

1

3.      This Special Motion is being filed as an Emergency Motion, as per Mass. Gen. Laws ch. 231, § 59H "the court shall advance any such special motion so that it may be heard and determined as expeditiously as possible". The Defendant prays that the Court exercise the discretion as to the time limits allowed to the Court by said law in considering this Special Motion.

WHEREFORE, the Defendant, Danslav Slavenskoj, prays that this Court enter an Order to Dismiss Plaintiff's Complaint Pursuant to Mass. Gen. Laws. ch. 231, §59H.

Dated: August 31, 2015.                                   DANSLAV SLAVENSKOJ

DANSLAV SLAVENSKOJ
2 Greenough Ave. # 8
Boston, MA 02130
Telephone:      617-514-0908
e-mail:          legal@slavenskoj.com

2

**EXHIBIT 3 – MASSACHUSETTS ANTI-SLAPP STATUTE**



## General Laws

Print Page

Massachusetts Laws

Massachusetts Constitution

General Laws

Session Laws

Rules

| PART III | COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES | |
|---|---|---|
| | | PREV   NEXT |
| TITLE II | ACTIONS AND PROCEEDINGS THEREIN | |
| | | PREV   NEXT |
| CHAPTER 231 | PLEADING AND PRACTICE | |
| | | PREV   NEXT |
| Section 59H | Strategic litigation against public participation; special motion to dismiss | |
| | | PREV   NEXT |

Section 59H. In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

The attorney general, on his behalf or on behalf of any government agency or subdivision to which the moving party's acts were directed, may intervene to defend or otherwise support the moving party on such special motion.

All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion.

Said special motion to dismiss may be filed within sixty days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.

If the court grants such special motion to dismiss, the court shall award the moving party  costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law.

As used in this section, the words "a party's exercise of its right of petition" shall mean any