UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR,<br>    PLAINTIFF,<br><br>VS.<br><br>DANSLAV SLAVENSKOJ,<br>HARVARD EXTENSION SCHOOL/<br>HARVARD UNIVERSITY,<br>ROBERT H. NEUGEBOREN,<br>MICHAEL SHINAGEL,<br>HUNTINGTON LAMBERT,<br>SHIRLEY R. GREEN,<br>MARGARET C. ANDREWS,<br>ASHLEY R. POLLOCK,<br>PHILLIP HARDING,<br>KRISHA ARORA,<br>KEN VEDAA,<br>JENNIFER WEBB,<br>JOHN AND JANE DOE,<br>    DEFENDANTS. | Docket No. 1:16-cv-10105-DJC |

**OPPOSITION BY DEFENDANT KEN VEDAA TO PLAINTIFF'S [SUPPLEMENTAL OR AMENDED] MOTION TO STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT WITH EXHIBITS.**

Defendant Ken Vedaa herby OPPOSES Plaintiff Andre Bisasor's multiple request for Stay Pending Appeal. Plaintiff filed a Motion to Stay Proceedings Pending Appeal on the 2nd of May 2016, and then followed without an announced reason filled a document titled "[Supplemental or Amended] Motion for Stay Pending Appeal and Memorandum in Support with Exhibits". Both of these documents appear to make the same arguments.

Defendant Vedaa concurs with the arguments made by Defendants President and Fellows of Harvard College, Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews ["Harvard Defendants"] in both

1

their opposition statements submitted on the 16th of May 2016, and the 20th of May 2016 respectively.

In addition to the arguments put forward by the Harvard Defendants, it has become abundantly clear that the Plaintiff has no interest in this case other than to extend the case itself as far as long as possible, because no dispositive ruling in this case will be of value to the Plaintiff.

On the 13th of July 2015, I submitted a Motion to Dismiss, which *inter alia* asks a simple question. As a non-resident of the Commonwealth of Massachusetts, does the Court have personal jurisdiction over me in this matter? Due to delays put forth by the Plaintiff, I was forced to resubmit the same motion two additional time. By the third submission, the Plaintiff had 100 days to submit an acceptable response to the Court, but had failed to do so. Today we are over 320 days since I mailed the Motion to Dismiss to the State Court, but I have not had an opportunity to have my motion heard by the Court.

In the Plaintiff's recent fillings, he makes it clear that both his bankruptcy and the removal to Federal Court were simply stalling tactics to prolong his efforts at litigation. By filing for bankruptcy after the courts had already approved his eviction for failing to pay rent, the Plaintiff had no financial interest either of the two apartments he occupied, and the court quickly came to this obvious conclusion. Taking out the tens of thousands of unpaid rent out of the equation (which the Plaintiff reports is being disposed of in a settlement in exchange, in part, for his vacating the property for which he was not paying), it appears that 90% of the plaintiff's outstanding debt is from student loans. Given that student loan debt is not dischargeable in bankruptcy, it is unclear how

bankruptcy will benefit the Plaintiff, other than providing him an ongoing opportunity to harass others through the court for an extended period of time.

In addition to the abuse of the bankruptcy process to harass others through the courts, the Plaintiff has continued to selectively apply rules as he sees fit. A notable example of this behavior is that the Plaintiff has opted not to serve copies of the documents he is filling with the court to all parties.

I received no notice from Plaintiff about the removal to Federal Court until such time as I was able to reach the Plaintiff and enquire, the Plaintiff then emailed a copy of the request for removal which I received on the 21st of March 2016, roughly eight weeks after the document was filled. This failure to provide timely service has continued, up to and including Plaintiff's Motion to Say Pending Appeal, which was filed on the 2nd of May 2016, but was not mailed to me until the 12th of May 2016, despite multiple request on my part, and promises from the Plaintiff that the document was "in the mail".

For the more recent "[Supplemental or Amended] Motion for Stay Pending Appeal and Memorandum in Support with Exhibits" which was filled on the 6th of May 2016, it was also not postmarked until the 12th of May 2016, once again, despite promises by the Plaintiff that the documents had been mailed. The copies of these documents received from the Plaintiff were incomplete, as the Plaintiff opted to exclude the "Certification of Service" for both of these documents which would have stated his promise to have served these documents on a specific date, a promise which the Plaintiff failed to live up to.

Even more worrisome, in my request to plaintiff that he provide me copies of all

documents that he files with the Court in relation to his suit against me, he has stated that he will only send me those documents that he feels that I am entitled to. Having no direct access to the docket for the State Court case I have no ability to compare the documents he has filed with the Court in relation to the documents he has opted to provide to me. I know that the Plaintiff has refused to provide me a copy of the original complaint filed in October of 2014, despite multiple request for this document. These actions are in violation of both FRCP Rule 5, and Local Rule 5.

## **CONCLUSION**

The unwillingness of the Plaintiff to commit time to the lawsuit which he has filed should not be awarded by allowing him even further time to come up with some rational for legal action that he should have had before the suit was filled. The plaintiff has had over five years to come up with an argument as to why being called an "embarrassment" on a web forum that few have ever heard of should be an actionable claim. He has not done so yet, and it is unlikely that Plaintiff will be able to devise such an argument even if given another five years.

Both the State and the Federal Courts have been quite generous with the Plaintiff allowing him numerous opportunities to put forth arguments to support his claims, but the Plaintiff has continually failed to do so, instead arguing simply for more time. Despite the generosity received from the Courts, Plaintiff continues to refuse to provide Defendants with access to timely (or in some cases any) access to the materials he is filling with the Courts.

WHEREFORE, Defendant Ken Vedaa respectfully request that the Honorable Court DENY the Plaintiff's Motion for Stay Pending Appeal, due to Plaintiff's failure to provide service of this motion. In addition, Defendant Vedaa request that Plaintiff be compelled to provide true copies of all submissions made to both the State and Federal Courts to all Defendants.

                                            Respectfully Submitted,

                                            Ken Vedaa
                                            Pro Se
                                            16970 Highland Cir
                                            Paeonian Springs, VA 20129
                                            571-246-1471

DATED: 31 May 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I have caused to be served a copy of the foregoing upon the following *pro se* parties and counsel of record by first class mail:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA 01940-2351

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

Danslav Slavenskoj, *pro se*
2 Greenough Ave, #8
Boston, MA 02130

William P. Mekrut, Esquire
101 Summer Street
Boston, MA 02110

Ken Vedaa
Pro Se
16970 Highland Cir
Paeonian Springs, VA 20129
571-246-1471

DATED: 31 May 2016