UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR,  )<br>    PLAINTIFF,  )<br>    )<br>VS.  )<br>    )<br>DANSLAV SLAVENSKOJ,  )<br>HARVARD EXTENSION SCHOOL/  )<br>HARVARD UNIVERSITY, ROBERT  )<br>H. NEUGEBOREN, MICHAEL  )<br>SHINAGEL, HUNTINGTON  )<br>LAMBERT, SHIRLEY R. GREENE,  )<br>MARGARET C. ANDREWS, ASHLEY  )<br>R. POLLACK, PHILIP HARDING,  )<br>KRISHAN ARORA, KEN VEDAA,  )<br>JENNIFER WEBB, JOHN AND JANE  )<br>DOE, AND AFFILIATED COMPANIES  )<br>OF EXTENSIONSTUDENT.COM,  )<br>    DEFENDANTS.  ) | Docket No. 1:16-cv-10105-DJC |

**OPPOSITION BY DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AND TO EXCEED 20 PAGES FOR A REPLY/REBUTTAL**

The Defendants, the President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (collectively, the "Harvard Defendants") hereby OPPOSE Plaintiff's Motion for Leave of Court to File and to Exceed 20 Pages for a Reply/Rebuttal ("Motion for Leave") [ECF # 30].

Plaintiff has already filed two other briefs on this subject, and the Harvard Defendants respectfully submit that the Proposed Reply [ECF # 30-1] adds nothing that will meaningfully inform the Court's decision on the Plaintiff's Motion to Stay Proceedings Pending Appeal [ECF # 23] or subsequent "Supplemental/Amended" Motion on the same topic [ECF # 24].

To the extent anything new is addressed, the arguments are legally specious and of scant relevance to any issue before this Court.

The Plaintiff's attempt to invoke "collateral order doctrine" is devoid of any authority analogous to the procedural posture at bar which would justify invoking the doctrine. As another judge of this Court has explained, "courts have vigilantly preserved the narrow confines of the collateral order doctrine to promote judicial efficiency and to avoid[] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals." Womack v. Saba, 11-40138-TSH, 2012 U.S. Dist. LEXIS 96512, 4-5 (D. Mass. July 12, 2012) (quoting Swanson v. DeSantis, 606 F.3d 829, 833 (6th Cir. 2010)) (internal quotation marks omitted). The "harassment and cost of a succession of appeals" is what could come to pass here. The various other doctrines invoked in favor of the validity of the appeal do not apply.[1]

With respect to the Plaintiff's argument that a notice of appeal divests a district court of its jurisdiction to proceed, see Proposed Reply [ECF # 30-1] at 22, the Plaintiff reads this precedent too broadly. As the First Circuit recently wrote:

> [O]nce an appeal has been taken, a district court ordinarily may not alter *the judgment under review*, without leave of the appellate court.
>
> However, in most respects and *absent a stay*, further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending.

---

[1] These include the Plaintiff's references to Colorado River abstention, Burford abstention, and the so-called "death knell" doctrine that was rejected by the U.S. Supreme Court in Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978) and has not been applied—or referenced—in any court within the First Circuit since. See Proposed Reply [ECF # 30-1] at 15. Lastly, the Fifth Circuit cases cited to apparently illustrate that pre-remand decisions can in some instances be appealed do not assist the Plaintiff to overcome the hurdle of the collateral order doctrine, as they stand merely for the proposition that "a federal appeals court can review a pre-remand decision made by a district court if that decision is 'separable' from the remand order and [is] *independently reviewable through a mechanism such as the collateral order doctrine.*" Dahiya v. Talmidge Int'l, Ltd., 371 F.3d 207, 211 (5th Cir. 2004) (emphasis added).

<u>Contour Design, Inc. v. Chance Mold Steel Co.</u>, 649 F.3d 31, 34 (1st Cir. 2011) (emphasis added and citations omitted).[2]  The fact that an appeal is presently docketed does not prevent this Court from granting the Harvard Defendants' Motion for Remand [ECF # 5].

In sum, the Proposed Reply adds nothing of legal or factual substance to aid the Court's decision on the Motion to Stay Proceedings Pending Appeal.  The Motion for Leave should be denied.

WHEREFORE, the Harvard Defendants respectfully request that this Honorable Court DENY the Plaintiff's Motion for Leave of Court to File and Exceed 20 Pages for a Reply/Rebuttal to Harvard Defendants' Opposition to Plaintiff's Motion to Stay Pending Appeal, and that it grant such further relief as it deems just.

**Respectfully submitted,**
**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS,**
**By their Attorneys,**

**/s/ William P. Mekrut**
**John P. Coakley, BBO# 558685**
**William P. Mekrut, BBO# 654350**
**Stephen D. Coppolo, BBO#670342**
**MURPHY & RILEY, P.C.**
**101 Summer Street**
**Boston, MA  02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**wmekrut@murphyriley.com**
**scoppolo@murphyriley.com**

**DATED: June 6, 2016**

---

[2] Notable here is the fact that even with respect to the precise issue under review, "[t]here are … exceptions to the rule that only one court at a time has jurisdiction, *such as for transparently frivolous appeals*."  <u>Global NAPs, Inc. v. Verizon New Eng., Inc.</u>, 489 F.3d 13, 19 (1st Cir. 2007) (emphasis added).

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, upon information and belief, the Court's ECF system will serve an electronic copy of the foregoing upon the following *pro se* parties and counsel of record:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

      I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

      /s/ William P. Mekrut
      William P. Mekrut, BBO# 654350

DATED:   June 6, 2016