UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE BISASOR,         )<br>    PLAINTIFF,         )<br>                              )<br>VS.                           )<br>                              )<br>DANSLAV SLAVENSKOJ,         )<br>HARVARD EXTENSION SCHOOL/ )<br>HARVARD UNIVERSITY, ROBERT )<br>H. NEUGEBOREN, MICHAEL    )<br>SHINAGEL, HUNTINGTON       )<br>LAMBERT, SHIRLEY R. GREENE, )<br>MARGARET C. ANDREWS, ASHLEY )<br>R. POLLACK, PHILIP HARDING,  )<br>KRISHAN ARORA, KEN VEDAA,  )<br>JENNIFER WEBB, JOHN AND JANE )<br>DOE, AND AFFILIATED COMPANIES )<br>OF EXTENSIONSTUDENT.COM,   )<br>    DEFENDANTS.         ) | Docket No. 1:16-cv-10105-DJC |

**OPPOSITION BY DEFENDANTS PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS TO PLAINTIFF'S MOTION FOR APPLICATION OR RECOGNITION OF THE <u>AUTOMATIC STAY</u>**

The Defendants President & Fellows of Harvard College (misnamed in the amended complaint as "Harvard Extension School/Harvard University") ("Harvard"), Robert H. Neugeboren, Michael Shinagel, Huntington Lambert, Shirley R. Greene, and Margaret C. Andrews (collectively, the "Harvard Defendants") hereby OPPOSE Plaintiff's Motion for Application or Recognition of the Automatic Stay [ECF # 31] (the "Motion").

**A.    The Automatic Stay Does Not Apply to the Plaintiff's Prepetition Claims**

The automatic stay provision in 11 U.S.C. § 362(a) does not apply to prepetition claims brought by the debtor. That proposition has been recognized both in this jurisdiction, see <u>Getty Petro. Mktg., Inc. v. 2211 Realty, LLC</u>, C.A. No. 11-40003-FDS, 2012 U.S. Dist. LEXIS 19346,

at *10 n.4 (D. Mass. Feb. 16, 2012), and apparently every other jurisdiction which has decided the question. See, e.g., Brown v. Armstrong, 949 F.2d 1007, 1009-10 (8th Cir. 1991) ("[A]s the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay does not apply to judicial proceedings … that were initiated by the debtor."); Carley Cap. Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (Section 362(a)(1) is "unambiguous" and "by its terms only stays proceedings against the debtor").

There is no support in the text of § 362(a) for the Plaintiff's argument that the automatic stay should be applied because if he were to prevail, this would theoretically benefit his creditors. See Mot. at 8. As the Bankruptcy Appellate Panel for the First Circuit recently noted in holding that two prepetition claims brought by a debtor were not stayed:

> The automatic stay has absolutely no effect on the debtors' ability to bring suit against other parties. *It is well-established that the statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.*

Pinpoint IT Servs., LLC v. Atlas IT Exp., LLC (In re Atlas IT Exp., LLC), 491 B.R. 192, 195 (B.A.P. 1st Cir. 2013) (internal quotation marks and citations omitted; emphasis added).

Further, while the automatic stay is intended to give the debtor a "breathing spell from his *creditors*," Witkowski v. Knight, 523 B.R. 291, 298 (B.A.P. 1st Cir. 2014) (emphasis added), what the Plaintiff at bar seeks is a breathing spell from prosecuting his own lawsuit against the twelve identified non-debtor defendants.[1] Section 362(a) does *not* forestall non-debtor defendants in a prepetition suit from opposing a debtor's claims against them. As Judge Richard Posner of the Seventh Circuit has cogently written:

> [T]he automatic stay is inapplicable to suits *by* the bankrupt ("debtor," as he is now called). This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," § 362(a)(3), and from the policy

---

[1] This does not count the fictitious defendants named in the caption.

...

>behind the statute …. The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, and the automatic stay is essential to accomplishing this purpose. *There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.*

Martin-Trigona v. Champion Federal Sav. & Loan Ass'n, 892 F.2d 575, 578 (7th Cir. 1989) (Posner, J.) (citation omitted and second emphasis added). Judge Dennis Saylor of this Court adopted Judge Posner's reasoning in likewise holding that "persons whom the debtor has sued are not prevented by the stay from protecting their legal rights." Getty Petro. Mktg., 2012 U.S. Dist. LEXIS 19346, at *10 n.4. All that the Harvard Defendants are seeking to do is to defend themselves and to bring this matter to an expeditious resolution. The Plaintiff cannot rely upon 11 U.S.C. § 362 in seeking to prevent that.

>>B.     There Are No Counterclaims Against the Plaintiff

There are no counterclaims pending against the Plaintiff. The Plaintiff's argument that responsive pleadings to his amended complaint could carry with them counterclaims is speculation which cannot alter the treatment of his prepetition claims under § 362.

The Plaintiff further makes much of *pro se* Defendant Danslav Slavenskoj's special motion to dismiss pursuant to the Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H, see Mot. at 11, which Mr. Slavenskoj filed in the Massachusetts Superior Court prior to Plaintiff's Notice of Removal to this Court. Plaintiff's assertion that this motion is actually a "counterclaim" because it could result in the imposition of attorney's fees and costs is unsupported by law or logic.

Mr. Slavenskoj is entitled to defend himself against the Plaintiff's claims notwithstanding the Plaintiff's bankruptcy. Martin-Trigona, 892 F.2d 578; Getty Petro. Mktg., Inc., 2012 U.S.

3

Dist. LEXIS 19346, at *10 n.4.  Citing Judge Posner's reasoning in <u>Martin-Trigona</u>, the Court in <u>Park National Bank v. University Centre Hotel, Inc.</u> found that:

> [B]ecause a person sued by a debtor is merely protecting their legal rights by opposing the lawsuit, there is no act to take possession of the debtor's property. Any award of fees by a state court would be incident to this protection of rights….
>
> ….. By engaging in post-petition litigation, [debtor] subjected itself to the risk of paying prevailing party fees.

<u>Park Nat'l Bank v. Univ. Cent. Hotel, Inc.</u>, C.A. 1:06-cv-00077-MP-AK, 2007 U.S. Dist. LEXIS 12237, at *11-12 (N.D. Fla. Feb. 22, 2007).  In rejecting a similar argument that a possible award of attorneys fees to the prevailing party necessitated staying prepetition claims initiated by two debtors, another district court noted the lack of "any precedent that even implies that the imposition of attorney fees and costs should be a factor in calculating whether debtor's suits should be stayed during a bankruptcy."  <u>Dorsett-Felicelli, Inc. v. County of Clinton</u>, C.A. No. 1:04-CV-1141 (LEK/RFT), 2009 U.S. Dist. LEXIS 49160, at *11 (N.D.N.Y. June 5, 2009); <u>see also</u> <u>Petrano v. Nationwide Mut. Fire Ins. Co.</u>, C.A. No. 1:12-cv-86-SPM-GRJ, 2013 U.S. Dist. LEXIS 29191, at *7 (N.D. Fla. Mar. 4, 2013) (citing cases and finding that sanctions against debtor in prepetition suit did not violate automatic stay).

Regardless, even were there merit to the Plaintiff's contention that Mr. Slavenskoj's special motion to dismiss constituted a counterclaim against him subject to the automatic stay, the appropriate resolution of the matter would be to stay only that "counterclaim" against the debtor while permitting the remaining claims to proceed.  <u>See</u> <u>Pinpoint IT Servs.</u>, 491 B.R. at 195; <u>see also</u> <u>Austin v. Unarco Indus., Inc.</u>, 705 F.2d 1, 5 (1st Cir. 1983); <u>Getty Petro. Mktg.</u>, 2012 U.S. Dist. LEXIS 19346, at *9.

      **C.**      **Plaintiff's Motion Seeks Delay and is Burdensome.**

Since Harvard moved to dismiss the Complaint in the Superior Court, instead of opposing that motion, Plaintiff removed the matter to this Court and has since filed nine separate motions and briefs totaling 115 pages (227 including exhibits) in this Court, as well as a purported interlocutory appeal to the First Circuit, all while insisting that he requires a stay of these proceedings because he has too many other demands on his time.  The effect is further delay. It is also increasingly burdensome to the Harvard Defendants.   The Harvard Defendants respectfully submit that time and resources would be better spent addressing the merits.

      **D.**      **Conclusion**

WHEREFORE, the Harvard Defendants respectfully request that this Honorable Court DENY the Plaintiff's Motion for Application or Recognition of the Automatic Stay [ECF #31], and grant such further relief as it deems just.

|  |  |
|---|---|
|  | **Respectfully submitted,**<br>**DEFENDANTS, PRESIDENT & FELLOWS OF HARVARD COLLEGE (misnamed in the Amended Complaint as "Harvard Extension School/Harvard University"), ROBERT H. NEUGEBOREN, MICHAEL SHINAGEL, HUNTINGTON LAMBERT, SHIRLEY R. GREENE, AND MARGARET C. ANDREWS, By their Attorneys,** |
|  | /s/ Stephen D. Coppolo<br>**John P. Coakley, BBO# 558685**<br>**William P. Mekrut, BBO# 654350**<br>**Stephen D. Coppolo, BBO#670342**<br>**MURPHY & RILEY, P.C.**<br>**101 Summer Street**<br>**Boston, MA  02110**<br>**(617) 423-3700**<br>jcoakley@murphyriley.com<br>wmekrut@murphyriley.com |
| **DATED: June 9, 2016** | scoppolo@murphyriley.com |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, upon information and belief, the Court's ECF system will serve an electronic copy of the foregoing upon the following *pro se* parties and counsel of record:

Joseph P. Dever, Esquire
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA  01940-2351

Andre Bisasor, *pro se*
19 Drum Hill Road, #233
Chelmsford, MA 01824

     I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following non-ECF registered parties via first-class mail, postage prepaid:

Ken Vedaa, *pro se*
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, *pro se*
2 Greenough Ave., #8
Boston, MA 02130

                                           /s/ Stephen D. Coppolo
                                           Stephen D. Coppolo, BBO# 670342

DATED:   June 9, 2016